**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-02057-N** |
| | § | |
| **AIR SYSTEM COMPONENTS, INC. and** | § | |
| **JOHNSON CONTROLS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**BRIEF IN SUPPORT OF**</u>
<u>**PLAINTIFF'S MOTION TO COMPEL**</u>
<u>**DEFENDANTS' DISCOVERY RESPONSES AND**</u>
<u>**APPEARANCE AT DEPOSITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Jocelyn J. Alvarado, and submits this her Brief in Support of Plaintiff's Motion to Compel Defendants' Discovery Responses and Appearance at Deposition, and would respectfully show the Court as follows:

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | TABLE OF CONTENTS | | 1 |
| II. | TABLE OF AUTHORITIES | | 2 |
| III. | AUTHORITIES | | 5 |
| | Interrogatories and Requests for Production | 5 | |
| | Depositions of Corporate Representatives | 10 | |
| IV. | ARGUMENTS | | 14 |
| | Interrogatories and Requests for Production | 14 | |
| | Depositions of Corporate Representatives | 16 | |
| V. | CONCLUSION | | 17 |

## TABLE OF AUTHORITIES

**CASELAW:**

*Am. Gen. Life Ins. Co. v. Billard*, No. C10–1012, 2010 WL 4367052, at *3–4 (N.D. Iowa Oct. 28, 2010) – 13

*Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) – 7

*Arters v. Univision Radio Broadcasting TX, L.P.*, 2009 WL 1313285, 3:07-CV-0957-D, at *3 (N.D. Tex. May 12, 2009) – 9

*Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015) – 6

*Bracco Diagnostics Inc. v. Amersham Health Inc.*, No. 03–6025 (SRC), 2005 WL 6714281, at *1–2 (D.N.J. Nov. 7, 2005) – 13

*Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432 (5th Cir. 2006) – 11

*Brignac v. Celadon Trucking Servs., Inc.*, No. 2:10–CV–373, 2012 WL 176712, at *2 (W.D. La. Jan. 19, 2012) – 13

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1973) – 6

*Cabot Corp. v. Yamulla Enters., Inc.*, 194 F.R.D. 499, 500 (M.D. Penn. 2000) – 13

*Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38 (S.D.N.Y. 2009) – 13

*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) – 9

*Coughlin v. Lee*, 946 F.2d 1152, 1158-59 (5th Cir. 1991) – 10

*Dennis v. United States*, 2017 WL 4778708, at *5 (N.D. Texas, October 23, 2017) – 9, 12

*Detoy v. City and Cnty. of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000) – 13

*Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977) – 6

*Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004) – 9

*E.E.O.C. v. Freeman*, 288 F.R.D. 92, 99 n.2 (D. Md. 2012) – 13

*Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 8667511, at *1 (E.D. Texas, January 8, 2008) – 14

*F.C.C. v. Mizuho Medy Co. Ltd*, 257 F.R.D. 679, 682 (S.D. Cal. 2009) – 13

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003) – 12

*First Fin. Bank, N.A. v. Bauknecht*, No. 12–CV–1509, 2014 WL 949640, at *3 (C.D. Ill. Mar. 11, 2014) – 13

*Gillum v. ICF Emergency Management Services, L.L.C.*, 2009 WL 2136269, 08-314-C-M2, at *6 (M.D. Louisiana, July 16, 2009) – 10

*Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) – 8, 9

*Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384–85 (5th Cir.1980) – 9

*Khalfani v. Balfour Beatty Communities, LLC*, 2013 WL 12201092, EP-12-CV-422-DCG-RFC, at *4-5 (W.D. Texas, October 2, 2013) – 10

*King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), aff'd, 213 F.3d 646 (11th Cir. 2000), and aff'd, 213 F.3d 647 (11th Cir. 2000) – 13

*Klein v. Federal Insurance Co.*, 2014 WL 3408355, 7:03-CV102-D, 7:09-CV-094-D, at *7 (N.D. Texas, July 14, 2014) – 8

*Lee v. Kansas City So. Rwy. Co.*, 574 F.3d 253, 260-1 (5th Cir.2009) – 10

*Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir.1978) – 9

*Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 365 (N.D. Texas 2013) – 10

*McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016) – 7, 8

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) – 8

*Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A-11-cv-542-LY, 2013 WL 2607589, at
      *3 (W.D. Tex. June 10, 2013) – 7

*Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) – 8

*Mir v. L-3 Communications Integrated Systems, L.P.*, 319 F.R.D. 220, 225 (N.D. Tex. 2016) – 9

*Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67, 68–69 (D.D.C. 1999) – 13

*Paparelli v. Prudential Ins. Co.*, 108 F.R.D. 727, 730 (D. Mass. 1985) – 13

*Philbrick v. eNom, Inc.*, 593 F. Supp. 2d 352, 363 n.16 (D.N.H. 2009) – 13

*Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) – 10

*Resolution Trust [Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 187 (5th Cir. 1993) – 11

*Rich v. Martin Marietta Corporation*, 522 F.2d 333, 343 (10th Cir.1975) – 9

*Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710124, EP-14-CV-166-DB, at *4 (W.D. Texas,
      April 27, 2015) – 14

*Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017) – 6, 8

*S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) – 8

*Talon Transaction Technologies, Inc. v. StoneEagle Servs. Inc.*, No. 3:13-cv-902-P, 2014 WL
      6819846, at *3 (N.D. Tex. Dec. 4, 2014) – 12

*TeKnowledge Corp. v. Akamai Techs., Inc.*, No. C02–5741–SI, 2004 WL 2480707, at *1 (N.D.
      Cal. Aug. 10, 2004) – 13

*Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (N.D. Tex. 1983) – 9

*U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432–33 (D. Nev. 2006) – 13

*Willoughby v. Cribbs*, 2015 WL 12777188, H-13-1091, at *1 (S.D. Texas, February 6, 2015) –
      14

*Wilson v. Martin Co. Hospital Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993) – 10

**RULES:**

*Fed. R. Civ. P. 26(b)(1)* – 6

*Fed. R. Civ. P.* 26(c) – 12

*Fed. R. Civ. P.* 26(c)(1) – 11, 12

*Fed. R. Civ. P.* 26(e)(1)(A) – 8

*Fed. R. Civ. P.* 30(b)(6) – 10, 11, 13

*Fed. R. Civ. P. 30(c)(2)* – 12

*Fed. R. Civ. P. 30(d)(3)(A)* – 13

*Fed. R. Civ. P.* 33(b)(3) – 8

*Fed. R. Civ. P. 33(d)* – 7

*Fed. R. Civ. P. 33(d)(3)* – 12

*Fed. R. Civ. P. 37(d)(2)* – 12


**TREATISES:**

*1 Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary 713 (2015)* – 14

*8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and*
        *Procedure § 2103 (3d ed. 2010)* – 14

*8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure*
        *§ 2174 (3d ed. 2013)* – 7

*8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure*
        *§ 2177 (3d ed. 2010)* – 7

## AUTHORITIES

**Interrogatories and Requests for Production**

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Fed. R. Civ. P. 26(b)(1); accord Booth v. City of Dallas, 312 F.R.D. 427, 433 (N.D. Tex. 2015).* "Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung, 321 F.R.D. 250, 279 (N.D. Tex. 2017).* "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id. at 280*.

"[A]s the Fifth Circuit has observed, '[d]iscovery by interrogatory requires candor in responding.... The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive.' *Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 616-17 (5th Cir. 1977).* The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper. *See Burns v. Thiokol Chem. Corp., 483 F.2d 300, 307-08 (5th Cir. 1973).* Where an interrogatory answer ' "as

a whole disclose[s] a conscientious endeavor to understand the question[ ] and to answer fully [that question]," ' a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp., No. A-11-cv-542-LY, 2013 WL 2607589, at \*3 (W.D. Tex. June 10, 2013) (quoting 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2177 (3d ed. 2010) ).* [An answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. *See 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2174 (3d ed. 2013).*"  *Areizaga v. ADW Corp., 314 F.R.D. 428, 437 (N.D. Tex. 2016).*

"Federal Rule of Civil Procedure 33(d) further provides that, '[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.' *Fed. R. Civ. P. 33(d).* 'Thus, in relying on Rule 33(d) in an interrogatory answer, [an answering party] must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents [at least] as readily as [an answering party] could.' *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co., No. 3:14-cv-2498-B, 2016 WL 2997744, at \*9 (N.D. Tex. May 25, 2016).* This generally requires an

answering party 'to point to specific documents, by name or bates number,' and not pointing the requesting party generally to document productions. *Id. at \*10*."

General, blanket, boilerplate, and unsupported objections to discovery requests are prohibited by the Rules. *Heller v. City of Dallas, 303 F.R.D. 466, 483 (N.D. Tex. 2014.)* "A party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Id. at 485. Samsung Electronics America, Inc. v. Chung, 321 F.R.D. 250, 282 (N.D. Tex. 2017).* Similarly, objections that a discovery request requires a party to "marshal all its evidence" are improper. Rule 33(b)(3) obligates the responding party to "fully" answer the discovery requests, but the party need not provide answers that it does not then have. The responding party is obligated under Rule 33 to respond to the requesting party's discovery requests to the extent it is able to, and to supplement its responses, as required under Rule 26(e)(1)(A). *See Klein v. Federal Insurance Co., 2014 WL 3408355, 7:03-CV102-D, 7:09-CV-094-D, at \*7 (N.D. Texas, July 14, 2014).*

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).* A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005); see also S.E.C. v. Brady, 238 F.R.D. 429, 437 (N.D. Tex. 2006)* ("A party

asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dallas, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Dennis v. United States, 2017 WL 4778708, 3:16-cv-3148-G-BN, at \*4 (N.D. Tex. October 23, 2017).*

A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if it does not, it waives the objection. *See Dolquist v. Heartland Presbytery, 221 F.R.D. 564, 568 (D. Kan. 2004); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D. Kan. 1999). Mir v. L-3 Communications Integrated Systems, L.P., 319 F.R.D. 220, 225 (N.D. Tex. 2016)*

"It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness, and in an [employment discrimination] case the discovery scope is extensive." *Trevino v. Celanese Corp., 701 F.2d 397, 406 (N.D. Tex. 1983), citing Rich v. Martin Marietta Corporation, 522 F.2d 333, 343 (10th Cir.1975).* "A plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim." *Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir.1978); also cited in Arters v. Univision Radio Broadcasting TX, L.P., 2009 WL 1313285, 3:07-CV-0957-D, at \*3 (N.D. Tex. May 12, 2009).*

"A court may order production of personnel files of a discrimination plaintiff's comparators if the information contained therein may be relevant to show that a defendant's reasons for terminating a plaintiff were pretextual." *Jepsen v. Florida Bd. of Regents, 610 F.2d 1379, 1384–85 (5th Cir.1980).* "[I]t is sufficient that the ultimate decisionmaker as to

employees' continued employment is the same individual, even if the employees do not share an immediate supervisor." *Lee v. Kansas City So. Rwy. Co., 574 F.3d 253, 260-1 (5th Cir.2009), as cited in Martin v. Allstate Ins. Co., 292 F.R.D. 361, 365 (N.D. Texas 2013).*  Discoverable personnel records need not be limited either to those employees reporting to the same supervisor as complainant, *c.f. Gillum v. ICF Emergency Management Services, L.L.C., 2009 WL 2136269, 08-314-C-M2, at \*6 (M.D. Louisiana, July 16, 2009)*, nor to the same individuals involved in the adverse employment action against complainant or the same form of discrimination, *c.f. Khalfani v. Balfour Beatty Communities, LLC, 2013 WL 12201092, EP-12-CV-422-DCG-RFC, at \*4-5 (W.D. Texas, October 2, 2013).*  Defendant employers should not be permitted to unilaterally determine what information is necessary to the plaintiff's case, *see Wilson v. Martin Co. Hospital Dist., 149 F.R.D. 553, 555 (W.D. Tex. 1993); Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995)*; instead, in the context of employment discrimination cases, the courts generally construe the discovery rules liberally to provide employees broad access to employers' records, *see Coughlin v. Lee, 946 F.2d 1152, 1158-59 (5th Cir. 1991).*

**Depositions of Corporate Representatives**

"Rule 30(b)(6) is designed 'to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself.' Therefore, the deponent ' "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." ' '[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was

personally involved.' The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 432 (5ᵗʰ Cir. 2006) (internal citations omitted).* " 'Obviously it is not literally possible to take the deposition of a corporation; instead, ... the information sought must be obtained from natural persons who can speak for the corporation.' Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's 'position' on the topic. … When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions.  If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute.  *Id. at 433 (internal citations omitted).*   "If the designated 'agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.' *Resolution Trust [Corp. v. S. Union Co., Inc., 985 F.2d 196, 187 (5th Cir. 1993).]*"  *Id. at 434.*

"As amended effective December 1, 2015, Federal Rule of Civil Procedure 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that

a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other

confidential research, development, or commercial information not be revealed or be revealed

only in a specified way; and (H) requiring that the parties simultaneously file specified

documents or information in sealed envelopes, to be opened as the court directs." *Fed. R. Civ. P.*

*26(c)(1); see also Talon Transaction Technologies, Inc. v. StoneEagle Servs. Inc., No. 3:13-cv-*

*902-P, 2014 WL 6819846, at \*3 (N.D. Tex. Dec. 4, 2014)* (explaining that, " '[w]hen a Rule

30(b)(6) deposition notice references multiple topics, the party named in the deposition notice

must either move for a protective order regarding each topic or designate a person to testify

regarding each topic' "; that "[f]ailing to appear and testify as to designated topics for a Rule

30(b)(6) deposition 'is not excused on the ground that the discovery sought was objectionable,

unless the party failing to act has a pending motion for a protective order under Rule 26(c)' ";

and that "a pending motion for protective order only protects a party from designating a witness

to appear and testify as to the particular topics addressed in the pending motion" (quoting *Ferko*

*v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 218 F.R.D. 125, 142 (E.D. Tex. 2003); Fed. R.*

*Civ. P. 37(d)(2)))*.  *Dennis v. United States, 2017 WL 4778708, at \*5 (N.D. Texas, October 23,*

*2017)*.

Objections during a deposition must be noted on the record. *Fed. R. Civ. P. 30(c)(2)*.

However, "the examination still proceeds; the testimony is taken subject to any objection." *Id.* In

other words, an objection to a question can be raised, but the objection is merely noted on the

record and the deponent must still answer the question. The rule allows counsel to instruct a

deponent to not answer a question only on three grounds: (1) "when necessary to preserve a

privilege;" (2) "to enforce a limitation ordered by the court;" or, (3) to present a motion to

terminate or limit a deposition under Rule 30(d)(3). *Id.* Obtaining relief on a motion to terminate

or limit a deposition, in turn, requires the movant to demonstrate that a deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Fed. R. Civ. P. 30(d)(3)(A).*

"While the Fifth Circuit Court of Appeals has not yet ruled on the issue, courts addressing depositions of corporate representatives designated pursuant to Rule 30(b)(6) have almost uniformly agreed that the scope of a Rule 30(b)(6) deposition is not limited to the topics listed in the Rule 30(b)(6) notice. *See First Fin. Bank, N.A. v. Bauknecht, No. 12–CV–1509, 2014 WL 949640, at *3 (C.D. Ill. Mar. 11, 2014); Brignac v. Celadon Trucking Servs., Inc., No. 2:10–CV–373, 2012 WL 176712, at *2 (W.D. La. Jan. 19, 2012); Am. Gen. Life Ins. Co. v. Billard, No. C10–1012, 2010 WL 4367052, at *3–4 (N.D. Iowa Oct. 28, 2010); Crawford v. Franklin Credit Mgmt. Corp., 261 F.R.D. 34, 38 (S.D.N.Y. 2009); Bracco Diagnostics Inc. v. Amersham Health Inc., No. 03–6025 (SRC), 2005 WL 6714281, at *1–2 (D.N.J. Nov. 7, 2005); TeKnowledge Corp. v. Akamai Techs., Inc., No. C02–5741–SI, 2004 WL 2480707, at *1 (N.D. Cal. Aug. 10, 2004); Cabot Corp. v. Yamulla Enters., Inc., 194 F.R.D. 499, 500 (M.D. Penn. 2000); Detoy v. City and Cnty. of San Francisco, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000); Overseas Private Inv. Corp. v. Mandelbaum, 185 F.R.D. 67, 68–69 (D.D.C. 1999); King v. Pratt & Whitney, a Div. of United Techs. Corp., 161 F.R.D. 475, 476 (S.D. Fla. 1995), aff'd, 213 F.3d 646 (11th Cir. 2000), and aff'd, 213 F.3d 647 (11th Cir. 2000); see also E.E.O.C. v. Freeman, 288 F.R.D. 92, 99 n.2 (D. Md. 2012)* (noting that most courts agree that depositions are not limited by Rule 30(b)(6) ); *Philbrick v. eNom, Inc., 593 F. Supp. 2d 352, 363 n.16 (D.N.H. 2009)* (same); *U.S. E.E.O.C. v. Caesars Entm't, Inc., 237 F.R.D. 428, 432–33 (D. Nev. 2006)* (same); *cf. F.C.C. v. Mizuho Medy Co. Ltd, 257 F.R.D. 679, 682 (S.D. Cal. 2009)* (holding that questioning outside of topics listed in Rule 30(b)(6) notice is not grounds for terminating deposition). *Contra Paparelli v. Prudential*

*Ins. Co.*, 108 F.R.D. 727, 730 (D. Mass. 1985) (holding that scope of deposition is limited to topics in Rule 30(b)(6) notice). Legal practice aides and treatises acknowledge this consensus as well. *See 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103 (3d ed. 2010) [hereinafter Federal Practice and Procedure]; 1 Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary 713 (2015) [hereinafter Gensler].*" *Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710124, EP-14-CV-166-DB, at *4 (W.D. Texas, April 27, 2015); *see also Willoughby v. Cribbs*, 2015 WL 12777188, H-13-1091, at *1 (S.D. Texas, February 6, 2015); *and Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 8667511, at *1 (E.D. Texas, January 8, 2008).

## ARGUMENT

**Interrogatories and Requests for Production**

      Defendants' interrogatory and production responses, even after notice of their deficiencies and amendment of the production, are at best incomplete and at worst deliberately misleading. Defendants have made repeated generic objections of vagueness, overbreadth, and burdensomeness without any apparent effort to specifically support said objections or to delineate between what portions of the requests they found objectionable and those portions of the requests they could or would answer. Defendants have failed to specifically identify the documents purportedly produced in response to various interrogatories as required by the rules. Most troubling of all, the Defendants have attempted to unilaterally limit the scope of their answers to the requests to those materials that they deem "relevant", providing information limited to specific persons of their choice rather than attempting to identify, as requested, individuals with possible fact knowledge and producing records only of those matters which Defendants determined to be comparable to Plaintiff's circumstances.

Based on the incomplete responses that Defendants have made, it appears that they have specifically selected their responses after a manner which misleadingly bolsters their own allegations in the case.  Nevertheless, the materials which the Defendants have produced not only contradict their own objections but illustrate the dangers of allowing the Defendants' truncated discovery responses to stand.  While maintaining that only information related to Plaintiff's specific office and supervisor was relevant (and maintaining that no other employees were in positions comparable to Plaintiff's because Plaintiff was the only employee in her office reporting to her supervisor), Defendants nevertheless produced documents related to the cases of six other employees who were investigated for the same misconduct of falsifying time records which the Defendants have alleged was their basis for terminating Plaintiff (see Exhibit P – Defendants' production items 316-321, 324-354).  Of the six other employees of Defendants identified in this production, none had work positions in any way similar to Plaintiff's, and some were even from other states.  The only similarities between the other disclosed cases and Plaintiff's was that they were all investigated by the same individual, Tesa Bolt, and all ultimately terminated.  It seems as if the Defendants, in contradiction of their own objections regarding what factors supposedly control the information relevant to their responses, have selectively provided information that supports their claims about the basis for Plaintiff's termination, while avoiding any more general disclosure that might reveal inconsistent or disparate practices with other supervisory personnel or employees.

As a further example of the contradictory and potentially misleading nature of Defendants' responses, Plaintiff's counsel received on December 29th a letter from an attorney in the same firm representing Defendants but a different office and not personally involved in this case (see Exhibit Q – Letter dated December 21, 2020).  The letter indicates that there is

currently another disability discrimination case pending against the Defendants in the Alameda County Superior Court in California to which the disclosure of this case might be relevant discovery and inquires whether Plaintiff is willing to authorize the Defendants to disclose information about her case in the proceedings in California.  The letter further indicates that JCI will only disclose the information about Plaintiff's complaint in the other case if they receive affirmative authorization from Plaintiff for them to do so.  Defendants' responses to Plaintiff's discovery requests failed to reveal this other pending litigation, although within the scope of the requests, and the Defendants instead made broad objections without sufficient supporting detail to allow a proper analysis of their claims while unilaterally restricting their responses to matters specifically involving only the five individuals which the Defendants acknowledge as being directly involved in the decision to terminate Plaintiff's employment.  The affirmative authorization requirement also appears to be a process by which the Defendants can avoid disclosing potentially relevant information in these types of cases by hiding it behind unsupported general objections about the privacy of third parties.

**Depositions of Corporate Representatives**

After twice rescheduling at the request of Defendants' counsel, on December 8, 2020, counsel for Plaintiff attempted to depose Tesa Bolt as corporate representative for ASC, followed by Shiela Aten as corporate representative for ASC.  Throughout the deposition, counsel for Defendants repeatedly interrupted, objected, attempted to qualify the deponent's responses, or instructed the witness not to answer on the basis that the question was outside the scope of the designated issues, or that the question addressed multiple noticed issues that Defendants had designated to separate representatives.  Counsel for Defendants also objected that the noticed issues were vague or overbroad, although no Motion to Quash or other indication of deficiency

in the notice had previously been given.  It also became very clear that Shiela Aten had not been prepared adequately, if at all, to testify as to ASC's responses on many of the issues noticed as topics of the deposition, including the ones that Defendants had specifically designated her to testify upon.  When Plaintiff's counsel inquired about the availability of Tesa Bolt to return to address the deficiencies in Shiela Aten's testimonay, Defendants' counsel refused to produce Tesa Bolt for follow up questioning.  Finally, when Plaintiff's counsel attempted to correct Defendants' counsel's improper objections, Defendants' counsel further objected that the matters being inquired about could have been obtained through other discovery methods instead.

Defendants' objections to questions being beyond the scope of the issues in the deposition notice are contrary to the prevailing practice, as explained by the authorities cited above.  Moreover, Defendants artificial division of the noticed issues between different individuals, and then failing to prepare the proffered witnesses even on the issues for which they were designated, appears to be an attempt to obstruct the deposition completely.  The obstructionist tactics of Defendants ultimately made Plaintiff's attempted deposition of ASC's corporate representative, "for all practical purposes, no appearance at all."  *Brazos River Authority, citing Resolution Trust Corp., supra.*

## CONCLUSION

Defendants, despite notice of and attempts by Plaintiff's counsel to get them to correct the deficiencies in their discovery responses, have failed to fully and properly respond to Plaintiff's interrogatories and requests for production.  The Court should order the Defendants to make full answer and production in response to the discovery requests as originally served, without general objections or qualifications.  The Court should further authorize a new deposition of the corporate representative for ASC and order Defendants to produce a corporate representative properly

prepared and authorized to answer all questions presented for which the answers are within the corporate knowledge of ASC.

Respectfully Submitted,

THE MEAZELL FIRM
1400 Gables Court
Plano, Texas 75075
(972) 881-4300
(972) 398-8488 - Fax

By: */s/ Landon H. Thompson*
Landon H. Thompson
24033265
l.thompson@meazellfirm.com
John G. Meazell
00791242
j.meazell@meazellfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that on August 25, October 8, 22, and 28, and December 8, 2020, as described in the accompanying Motion to Compel, I conferred with opposing counsel, and they oppose this Motion.

*/s/ Landon H. Thompson*
Landon H. Thompson

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on December 30, 2020, via electronic service, facsimile, hand delivery, CM/ECF, and/or by certified mail return receipt requested.

*/s/ Landon H. Thompson*
Landon H. Thompson