**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-02057-N** |
| | § | |
| **AIR SYSTEM COMPONENTS, INC. and** | § | |
| **JOHNSON CONTROLS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**APPENDIX TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' DISCOVERY
RESPONSES AND APPEARANCE AT DEPOSITION AND BRIEF IN SUPPORT OF SAME**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Jocelyn J. Alvarado, files this Appendix in Support of her Motion to Compel

Defendants' Discovery Responses and Appearance at Deposition and Brief in Support of Same.

Plaintiff submits the following exhibits which Plaintiff referenced and incorporated, as if set

forth at length, in her Motion to Compel Defendants' Discovery Responses and Appearance at

Deposition and Brief in Support of Same:

Exhibit A:  "Plaintiff's First Request for Admissions, First Set of Interrogatories, and

First Request for Production of Documents," served on Defendants through counsel on May 5, 2020;

Exhibit B:  "Defendants Johnson Controls, Inc.'s Objections and Responses to Plaintiff's

First Request for Production of Documents," served on Plaintiff through counsel on June 23, 2020;

Exhibit C:  "Defendant Johnson Controls, Inc.'s Objections and Answers to Plaintiff's

First Set of Interrogatories," served on Plaintiff through counsel on June 23, 2020;

Exhibit D:  "Defendants Air Systems Components, Inc.'s Objections and Responses to

Plaintiff's First Request for Production of Documents," served on Plaintiff through counsel on June 23,

2020;

**APPENDIX TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT OF SAME**

Exhibit E:  "Defendant Air Systems Components, Inc.'s Objections and Answers to Plaintiff's First Set of Interrogatories," served on Plaintiff through counsel on June 23, 2020;

Exhibit F:  Letter regarding Discovery Response Deficiencies, delivered by Plaintiff's counsel to Defendants' counsel on August 25, 2020;

Exhibit G:  Amended Notice of Deposition – Tesa Bolt, served on Defendants through counsel on November 6, 2020;

Exhibit H:  Amended Notice of Deposition – Corporate Representative for JCI, served on Defendants through counsel on November 6, 2020;

Exhibit I:  Amended Notice of Deposition – Corporate Representative for ASC, served on Defendants through counsel on November 6, 2020;

Exhibit J:  "Defendant Johnson Controls, Inc.'s First Amended Objections and Responses to Plaintiff's First Request for Production of Documents," served on Plaintiff through counsel on November 12, 2020;

Exhibit K:  "Defendant Air Systems Components, Inc.'s First Amended Objections and Responses to Plaintiff's First Request for Production of Documents," served on Plaintiff through counsel on November 12, 2020;

Exhibit L:  "Defendant Johnson Controls, Inc.'s First Amended Objections and Answers to Plaintiff's First Set of Interrogatories," served on Plaintiff through counsel on November 23, 2020;

Exhibit M:  "Defendant Air Systems Components, Inc.'s First Amended Objections and Answers to Plaintiff's First Set of Interrogatories," served on Plaintiff through counsel on November 23, 2020;

Exhibit N:  "Defendants Rule 26(A) Disclosures," served on Plaintiff through counsel on November 23, 2020;

Exhibit O:  Third Amended Notice of Deposition – Corporate Representative for ASC,

served on Defendants through counsel on December 2, 2020;

      Exhibit P:  Defendants Production Items 316-321 and 324-354, served on Plaintiff

through counsel on November 12, 2020;

      Exhibit Q:  Letter regarding Disclosure of Discrimination Complaint Information,

received by Plaintiff's counsel on December 29, 2020.

      Respectfully Submitted,

      THE MEAZELL FIRM
      1400 Gables Court
      Plano, Texas 75075
      (972) 881-4300
      Fax (972) 398-8488

      By: /s/ *Landon H. Thompson*
      John G. Meazell
      State Bar No. 00791242
      j.meazell@meazellfirm.com

      Landon H. Thompson
      State Bar No. 24033265
      l.thompson@meazellfirm.com

      Chris E. Oblon
      State Bar No. 24102296
      c.oblon@meazellfirm.com

      **ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

      This is to certify that on this 30th day of December 2020, a true and correct copy of the

foregoing was served on all counsel of record through the electronic filing system.

      /s/ *Landon H. Thompson*
      Landon H. Thompson

**APPENDIX TO PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT OF SAME**

## IN THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT
## OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-902-L** |
| **vs.** | § | |
| | § | |
| **AIR SYSTEMS COMPONENTS,** | § | |
| **INC., and JOHNSON CONTROLS,** | § | |
| | § | |
| **Defendants** | § | |
| | § | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST SET OF INTERROGATORIES, AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     Defendants, by and through their attorneys of record:

> Andrew T. Turner
> andrew.turner@ogletree.com
> Janet L. Smith
> janet.smith@ogletree.com
> Ogletree, Deakins, Nash,
> Smoak & Stewart, P.C.
> 8117 Preston Road, Suite 500
> Dallas, Texas 75225
> Tel:  (214) 987-3800
> Fax:  (214) 987-3927

### INSTRUCTIONS

A.     Requests for Admissions

You must deliver a written response to said Requests for Admissions to opposing attorney within the time prescribed by the Federal Rules of Civil Procedure (hereafter the "Rules of Civil Procedure"), as appropriate at the time the responses or subsequent supplementation to this discovery are due.

B.     Interrogatories

Answer the attached Interrogatories separately and accurately in writing and under oath. You must deliver an original, sworn and executed response to said Interrogatories to opposing attorney within the time proscribed by the Rules of Civil Procedure.

C.     Production Request

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 1**

# EXHIBIT A

You are reminded that your written response to this Request for Production shall state, with respect to each category of items, that inspection and other requested action will be permitted as requested, except to the extent that you make objections in writing to particular items or categories. Your written responses and/or objections, if any, shall be served on the opposing attorney within the time prescribed by the Rules of Civil Procedure. You are requested to make all documents or items subject to this Request for Production, available for inspection and copying in your offices or your attorney's offices within the time prescribed by the Rules of Civil Procedure. Alternatively, you may produce a copy of such documents to opposing counsel either in hard copy or in electronic form on a portable data device or by electronic transmission in *.pdf or *.tiff format.

If you contend that you may partially or entirely withhold a requested document because of a rule, privilege, immunity, or other reason, for each document partially or entirely withheld provide the following information: identify the document; and state the factual basis on which you claim the privilege or immunity.

The documents produced in response to these Requests shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the categories in the Requests for Production.

This request for production does not seek correspondence between you and your attorneys after receipt of a demand letter from Plaintiff's counsel or service of this lawsuit, whichever occurred first.

## REQUEST FOR SUPPLEMENTATION

This discovery request is continuing. In the event that any information or material comes to your attention, possession, custody or control, or the attention, possession, custody or control of your agents, employees, affiliates, subsidiaries, accountants, partners, officers, directors, or attorneys subsequent to the filing of your response, which material or information is responsive to any interrogatory or request for production, you are required to furnish said additional information, answers, or material to the opposing attorney as soon as possible.

## DEFINITIONS

1.      "Identify" or "name" means the complete identity, to the extent known or ascertainable by you or your attorneys, agents, directors, officers, employees, partners, subsidiaries and affiliates and includes, without limitation, a request for the following information:

      a.      Where the term to be identified is a person, the person's full name, present or last known address and telephone number and present or last known employer;

      b.      Where the term to be identified is a document, its character or title, and the author or signatory;

      c.      Where the item to be identified is a statement, the exact language or nature of the statement and the person who made the statement; and

      d.      Where the information to be identified is a lawsuit, the name of the lawsuit and

Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 2

005

the city and state where it was filed.

2.      As used herein, the term "documents" is used in the broadest sense of that term and includes, in addition to the material specifically designated hereafter, the original and all non-identical copies, whether different from the original by reason of notations made on such copies or otherwise, and all drafts of: letters, telegrams, memoranda, reports of telephone conversations, e-mails, text messages, social media postings, ledgers, journals, invoices, bills, sales orders, call reports, financial and business records, receipts, contracts, reports, studies, calendar entries, diary entries, maps, pamphlets, notes, charts, forms, tabulations, analyses, statistical or informational accumulations, summaries or abstracts, any kind of records of meetings or conversations, firm impressions, sound or mechanical reproductions, rules, regulations, opinions, orders, interpretations, exceptions, position papers, guidelines, publications, instructions, transparencies, handbooks, manuals, operating procedures, appointment calendars, call slips, file jackets, course materials, training materials, minutes, testimony, photographs, videotapes, films, press releases, speeches, surveys, graphs, statistics, tables, printed or typewritten forms (whether of visits, telephone calls, or otherwise), indices, agreements, canceled checks, correspondence, memos, telephone message slips, sketches, notes of conversations, and all other written, printed, typed or other reported matter (including electronic or magnetic recordings), photographs, or other data compilations in which information can be obtained, which are in the possession, custody, or control of you, your attorneys, agents, physicians, directors, officers, partners, affiliates, subsidiaries, servants, or employees.

3.      "Opposing attorney" shall mean John G. Meazell and Landon H. Thompson, John Meazell, P.C., 1400 Gables Court, Plano, Texas 75075.

4.      As used herein, "or" and "and" shall mean and/or.

5.      As used herein, the singular shall include the plural, and the plural the singular, whenever the effect of doing so is to increase the information responsive to the request for information.

6.      "Plaintiff" and "Alvarado" shall mean Jocelyn J. Alvarado, the Plaintiff in this lawsuit.

7.      "Defendant Air System Components, Inc.", "Air System Components", and "ASC" shall mean Air System Components, Inc., the first Defendant in this lawsuit.

8.      "Defendant Johnson Controls" and "Johnson Controls" shall mean Johnson Controls, Inc., the second Defendant in this lawsuit.

9.      "Defendants," "you" and "yours" shall mean either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.

10.     "Your associates" shall mean your employees, agents, servants, partners, representatives, subsidiaries, affiliates, principals, privies, directors, and officers.

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents** - Page 3

006

11.     "This lawsuit" shall mean the lawsuit filed in the United States District Court for the Northern District of Texas, styled Jocelyn J. Alvarado v. Air System Components, Inc., et al., Civil Action No. 3:19-cv-02057-N.

12.     "ADA" or "Americans with Disabilities Act" shall mean the Americans with Disabilities Act, in the form and as effective on the date Plaintiff's employment with Defendants ended.

13.     "TCHRA" or "Texas Commission on Human Rights Act" shall mean the Texas Commission on Human Rights Act, in the form and as effective on the date Plaintiff's employment with Defendants ended.

14.     "FMLA" or "Family and Medical Leave Act" shall mean the Family and Medical Leave Act, in the form and as effective on the date Plaintiff's employment with Defendants ended.

15.     The "incident" shall mean any disciplinary investigations or actions taken against Plaintiff and/or the termination of Plaintiff's employment relationship with Defendants.

16.     The "last X years" or "preceding X years" or "previous X years" shall mean the X years preceding the service of this discovery through the present. Pursuant to the supplementation requirement under the Rules of Procedure, you are hereby requested to update your answers regarding all complaints, lawsuits, settlements, etc., that arise during the pendency of this lawsuit.

17.     "Photographs" shall mean all film(s), negative(s), slide(s), photos, polaroids, movie picture(s), videotapes, movies, pictures, whether developed or not, as well as electronic images taken on telephones, digital cameras, or other recording instruments or media.

18.     "Personnel file" means any file, folder, or collection of documents kept on an employee by Defendant's human resources department, and includes, but is not is not limited to, employment applications, employment reviews, I-9 forms, and any similar documents. "Personnel file" does NOT include medical information or protected health information.

## **REQUESTS FOR ADMISSION**

### **ADA and/or TCHRA**

**ADMISSION NO. 1:**          Admit  that  Alvarado is an individual  covered  by the Americans with Disabilities Act.

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents - Page 4**

007

**ADMISSION NO. 2:**          Admit that Alvarado is an individual covered by the
Texas Labor Code or the Texas Commission on Human Rights Act.

**ADMISSION NO. 3:**          Admit that you employ more than fifteen (15) employees.

**ADMISSION NO. 4:**          Admit that you employ more than one hundred (100)
employees.

**ADMISSION NO. 5:**          Admit that you employ more than two hundred (200)
employees.

**ADMISSION NO. 6:**          Admit that you employ more than five hundred (500)
employees.

**ADMISSION NO. 7:**          Admit that Plaintiff had an actual impairment, a record of
impairment, and/or was regarded as having impairment by Defendants.

**ADMISSION NO. 8:**          Admit that Plaintiff actually had or was regarded by you as
having a disability that substantially limited one or more major life functions.

**ADMISSION NO. 9:**          Admit that Plaintiff was and is a qualified individual for the
job which she held with Defendants.

**ADMISSION NO. 10:**          Admit that Plaintiff was able to and did perform the essential
functions of the job which she held with Defendants.

**ADMISSION NO. 11:**          Admit that Plaintiff requested to engage in the interactive
process with you to determine reasonable accommodations to allow Plaintiff to
perform Plaintiff's job.

**ADMISSION NO. 12:**          Admit that Plaintiff requested one or more reasonable
accommodations, including medical leave to allow for surgery and working remotely
to attend chemotherapy treatments.

**ADMISSION NO. 13:**          Admit that the accommodations requested by Plaintiff were not
an undue burden for Defendants.

**ADMISSION NO. 14:**          Admit that adverse employment action was taken by
Defendants against Plaintiff, including termination of her employment with
Defendants.

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 5**

008

**ADMISSION NO. 15:**          Admit that you did not engage in the interactive process in good faith, and did not offer reasonable accommodations to Plaintiff, before terminating her employment with Defendants.

**ADMISSION NO. 16:**          Admit that Plaintiff was treated less favorably than non-disabled employees, including being terminated for the same alleged infractions for which other non-disabled employees were not terminated.

## FMLA

**ADMISSION NO. 17:**          Admit that Alvarado is an individual covered by the Family and Medical Leave Act.

**ADMISSION NO. 18:**          Admit that you employed fifty (50) or more employees for at least twenty (20) workweeks in the current or preceding calendar year.

**ADMISSION NO. 19:**          Admit that Plaintiff was employed at a work location where at least fifty (50) employees were employed within seventy-five (75) miles of the location.

**ADMISSION NO. 20:**          Admit that at the time Plaintiff's employment relationship with you ended, Plaintiff had been employed by you for more than one year.

**ADMISSION NO. 21:**          Admit that at the time Plaintiff requested medical leave, Plaintiff had been employed by you for more than one year.

**ADMISSION NO. 22:**          Admit that Plaintiff had worked more than 1,250 hours during the 12 months prior to the requested start of leave.

**ADMISSION NO. 23:**          Admit that Plaintiff was not given notice that she was a "key employee" as defined by the Family and Medical Leave Act.

**ADMISSION NO. 24:**          Admit that Plaintiff's medical leave was not foreseeable.

**ADMISSION NO. 25:**          Admit that Plaintiff gave you notice of her need for leave as soon as practicable after learning of the need for leave.

**ADMISSION NO. 26:**          Admit that Plaintiff could have performed the essential functions of her employment position on a limited remote basis while undergoing her chemotherapy treatments.

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents - Page 6**

009

**ADMISSION NO. 27:**     Admit that you did not post at Plaintiff's worksite a notice approved by the Secretary of Labor explaining rights and responsibilities under the FMLA.

**ADMISSION NO. 28:**     Admit you did not include information about employee rights and obligations under the FMLA in the employee handbook, or other written information distributed to Plaintiff.

### **General**

**ADMISSION NO. 29:**     Admit that you have been sued in your correct name.

**ADMISSION NO. 30:**     Admit that you have been sued in your correct capacity.

**ADMISSION NO. 31:**     Admit that Defendants share common policy manuals.

**ADMISSION NO. 32:**     Admit that Defendants share the same payroll programs.

**ADMISSION NO. 33:**     Admit that Defendants share the same insurance programs.

**ADMISSION NO. 34:**     Admit that Defendants share services of managers and personnel.

**ADMISSION NO. 35:**     Admit that Defendants share common personnel or oversight in the Human Resources position.

**ADMISSION NO. 36:**     Admit that Defendants share personnel records.

**ADMISSION NO. 37:**     Admit that ASC is a local subsidiary of Johnson Controls or a wholly-owned subsidiary of Johnson Controls.

**ADMISSION NO. 38:**     Admit that Plaintiff originally began working for Defendants in August 2009 as a Finance Clerk.

**ADMISSION NO. 39:**     Admit that at the time that Plaintiff's employment relationship with you ended, that Plaintiff had been employed by you for more than nine years.

**ADMISSION NO. 40:**     Admit that while Plaintiff was employed by you, Plaintiff performed the duties of her position adequately and acceptably.

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 7**

010

**ADMISSION NO. 41:**        Admit that prior to the current incident, Plaintiff's annual performance reviews had always been positive.

**ADMISSION NO. 42:**        Admit that prior to the allegations for which you claim she was terminated, Plaintiff had never received any negative evaluation or disciplinary action from you.

**ADMISSION NO. 43:**        Admit that other employees charged with the same misconduct that you are alleging was committed by Plaintiff were not terminated for the same misconduct.

**ADMISSION NO. 44:**        Admit that approximately two years prior to the current incident, Plaintiff applied for, was approved for, and took short-term disability and medical leave for back surgery and recovery.

**ADMISSION NO. 45:**        Admit that when Plaintiff previously applied for, was approved for, and took short-term disability and medical leave for back surgery and recovery, Plaintiff was approved for six weeks of leave but returned early and did not take the full leave.

**ADMISSION NO. 46:**        Admit that prior to the current incident, Plaintiff applied for, was approved for, and took short-term disability and medical leave for surgery and recovery related to her cancer diagnosis.

**ADMISSION NO. 47:**        Admit that when Plaintiff applied for, was approved for, and took short-term disability and medical leave for surgery and recovery related to her cancer diagnosis, Plaintiff was approved for six weeks of leave but returned early and did not take the full leave.

**ADMISSION NO. 48:**        Admit that Plaintiff notified you that she would be undergoing chemotherapy following her cancer surgery and applied for FMLA leave or accommodations for said medical treatment.

**ADMISSION NO. 49:**        Admit that Plaintiff's application for additional medical leave for her chemotherapy treatments was approved prior to her return to work from her surgery leave.

**ADMISSION NO. 50:**        Admit that Plaintiff returned to work from her short-term disability medical leave for her cancer surgery on May 6, 2019.

**ADMISSION NO. 51:**        Admit that Plaintiff was still able to perform all of the essential

Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 8

011

functions of her job upon her return to work from her short-term disability medical leave for her cancer surgery on May 6, 2019.

**ADMISSION NO. 52:**      Admit that Defendants fired Plaintiff on May 9, 2019.


## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories. If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

ANSWER:


**INTERROGATORY NO. 2:**      Set forth every reason Defendant(s) terminated Plaintiff's employment.

ANSWER:


**INTERROGATORY NO. 3:** Identify each expert used for consultation who is not expected to be called as a witness at trial (either through live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert identified in your disclosures, under Federal Rule 26(a)(2).

**Note:** If any expert who may testify has <u>reviewed</u> any reports, calculations, or documents generated by a consulting expert or talked to the consulting expert, please identify the consulting expert who generated the reports, calculations, or documents.

ANSWER:


**INTERROGATORY NO. 4:** If you have an insurance policy or contractual indemnity agreement which could or would respond in whole or in part to the claims of any party to this lawsuit, please identify the name of each carrier, the limits of coverage for each carrier, and for each carrier, state whether the carrier has denied or admitted coverage or is defending under a non-waiver or reservation of rights.

ANSWER:


**INTERROGATORY NO. 5:** Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to why Plaintiff was fired, the incident or this lawsuit. This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence. This interrogatory includes a request to identify all persons known to you, your associates or your attorneys who claim to know how, when or why Plaintiff was fired.

ANSWER:

Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 9

012

**INTERROGATORY NO. 6:** If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

ANSWER:


**INTERROGATORY NO. 7:** If you contend that Plaintiff's active Petition or Complaint incorrectly states your name or that you have been sued under an incorrect name or in an incorrect capacity, or that an incorrect corporate entity has been sued, please identify your correct name, your correct capacity, or the correct corporate entity.

ANSWER:

**INTERROGATORY NO. 8:** If you or your associates have ever talked to the Plaintiff or Plaintiff's agents, servants, employees, friends, partners, or anyone in the employ of the Plaintiff regarding the incident or the reasons why Plaintiff was fired, or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by the Plaintiff or anyone acting on Plaintiff's behalf regarding the incident or the reasons for Plaintiff's firing or any other fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

ANSWER:

**INTERROGATORY NO. 9:** Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years by any person, union, or other entity regarding FMLA, disability discrimination, or any unfair labor or employment practices.

ANSWER:

**INTERROGATORY NO. 10:** Identify every lawsuit filed in the last five years against you or your predecessor or successor corporations alleging any cause of action for FMLA, disability discrimination, worker's compensation retaliation, wrongful discharge or unfair labor or employment practices.

ANSWER:

**INTERROGATORY NO.11:** Identify all employees who worked for you in the same office as Plaintiff who were employed by you at any time when Plaintiff was employed by you.

ANSWER:

**INTERROGATORY NO. 12:** For each individual identified in the previous interrogatory, indicate their disability status and whether they have requested or used disability

Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 10

013

accommodations or FMLA leave within the past five years.

ANSWER:

**INTERROGATORY NO. 13:** Describe any negative entries in Plaintiff's personnel file including, but not limited to, all reprimands, warnings, disciplinary actions, probation, complaints, or any type of disciplinary action taken against Plaintiff.

ANSWER:

**INTERROGATORY NO. 14:** Identify all persons involved in the decision to terminate Plaintiff, including any person who was consulted about the decision, as well as any individual who had to sign off on or approve the decision, and for each such person, provide his or her full name, job title, and if not still employed by Defendant, his or her last known home address and telephone number.

ANSWER:

**INTERROGATORY NO. 15:** Identify every person Defendant(s) interviewed, spoke with, talked to, consulted, etc. about the facts giving rise to Plaintiff's termination, and for each such person, provide his or her full name, job title, and if not still employed by Defendant(s), his or her last known home address and telephone number.

ANSWER:

**INTERROGATORY NO. 16:** For every person identified in response to the previous Interrogatory, set forth whether that person declined to terminate, did not approve of the decision to terminate, or refused to sign off on or approve the decision to terminate, any other employee who engaged in the same or similar conduct as Plaintiff, as set forth in your response to Interrogatory No.2, and identify those individual employees who were not terminated.

ANSWER:

**INTERROGATORY NO. 17:** For any person identified in the previous Interrogatory answer as being someone who was not terminated, set forth the reasons the individual's employment was not terminated.

ANSWER:

**INTERROGATORY NO. 18:** Identify any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual identified in your response(s) above as being a person who participated in the decision to fire Plaintiff, and for each such incidence, state the name of the person making the complaint, the name of the person against whom or about whom the complaint was made, and the nature or basis of the complaint. This Interrogatory is specifically limited to the preceding ten years.

ANSWER:

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and**
**First Request for Production of Documents - Page 11**

**INTERROGATORY NO. 19:** For any incidence identified in your response to the previous Interrogatory, identify any subsequently filed lawsuit. This Interrogatory is specifically limited to the preceding ten years.

ANSWER:

**INTERROGATORY NO. 20:**  Please state the number of, and describe with particularity, all written or oral customer complaints of which you are aware concerning Plaintiff's work performance, co-worker interaction, or any other work-related activities or interactions of Plaintiff.

ANSWER:

**INTERROGATORY  NO. 21:**        Which person or entity do you contend employed Plaintiff?

ANSWER:

**INTERROGATORY NO. 22:** If you contend that the Plaintiff has failed to mitigate her damages, please identify all facts, proof or evidence on which you base this contention including any job offers that you claim the Plaintiff received that Plaintiff should have accepted.

ANSWER:

**INTERROGATORY NO. 23:** If you, your attorneys or your associates  have  any knowledge, either directly or indirectly, of any admission against interest or any statement or admission of any kind made by Plaintiff or anyone acting by or on the Plaintiff's behalf regarding the reasons for the termination of Plaintiff's employment with you or any fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

ANSWER:

## DOCUMENTS REQUESTED TO BE PRODUCED

You are hereby requested to produce the following documents and tangible things as defined under the definitions section of this discovery request at the offices of your attorney for inspection and copying by the opposing attorney <u>within the number of days previously specified</u> in this Request for Production of Documents.

In the alternative, you are requested to mail legible photocopies to opposing attorney. Opposing attorney will pay you $.20 for each document copied and mailed to opposing attorney. If the total documents to be copied exceed 500 pages, please contact opposing attorney before making any copies.

**Produce the following documents requested below which are in the actual or constructive possession, custody, or control of you, your officers, directors, employees, accountants, agents, servants, partners, joint venturers, associates, or attorneys:**

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 12**

015

**REQUEST NO. 1:**        Produce all policies, procedures, guidelines, pamphlets, EEO statements or other similar documents which evidence, refer to, or relate to your efforts to comply with ADA rules, regulations, or guidelines.

RESPONSE:

**REQUEST NO. 2:**        Produce all petitions and counterclaims filed in the last 10 years alleging that you terminated, retaliated against or discriminated against any employee complaining of FMLA, age or disability discrimination.

RESPONSE:

**REQUEST NO. 3:**        Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last three years regarding your policies and procedures concerning FMLA, disability discrimination, or the treatment of disabled employees.

RESPONSE:

**REQUEST NO. 4:**        Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons or entities regarding your policies or procedures for requesting medical leave.

RESPONSE:

**REQUEST NO. 5:**        Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies or procedures related to disability discrimination, harassment, or the reporting of such discriminatory practices.

RESPONSE:

**REQUEST NO. 6:**        Produce Plaintiff's entire personnel file.

RESPONSE:

**REQUEST NO. 7:**        For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce any document or any file or folder or collection of documents or e-mails maintained by such person that contains information concerning Plaintiff's position, employment, performance, or discipline, or that discusses, refers to, or relates to Plaintiff's position, employment, or performance. This Request includes any supervisor file, desk file, or other file or folder maintained by any of Plaintiff's direct or indirect supervisors.

RESPONSE:

**REQUEST NO. 8:**        For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents** - Page 13

016

terminate Plaintiff's employment, produce from that person's personnel file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

RESPONSE:

**REQUEST NO. 9:**          For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce from that person's employment file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

RESPONSE:

**REQUEST NO. 10:**          For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce a copy of any written notes, e mails, diaries, etc. that discuss, refer to, or relate to those interviews.

RESPONSE:

**REQUEST NO. 11:**          For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of such person's complete personnel file.

RESPONSE:

**REQUEST NO. 12:**          For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of all documentation regarding the charge or complaint, and any related investigation. This Request is specifically limited to the preceding ten years.

RESPONSE:

**REQUEST NO. 13:**          For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of any documents Defendant submitted to any administrative agency, such as the Equal Employment Opportunity Commission, the Texas Workforce Commission, the Texas Commission on Human Rights, etc. This Request is specifically limited to the preceding ten years.

RESPONSE:

**REQUEST NO. 14:**          Produce a copy of any document that provided a reason or basis for Defendant's decision to terminate Plaintiff's employment.

RESPONSE:

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 14**

**REQUEST NO. 15:** Produce a copy of any document that provided a reason or basis for Defendant's decision to discipline Plaintiff at any point during Plaintiff's employment within the last ten years.

RESPONSE:

**REQUEST NO. 16:** Produce a copy of any email or other written communication between Plaintiff and Defendant (and any of its employees) that discusses, refers to, or mentions Plaintiff's employment performance and/or any of the reasons identified as a basis for terminating Plaintiff's employment.

RESPONSE:

**REQUEST NO. 17:** Produce a copy of any  email or other written communication between any of Defendant's  e mployees that discusses, refers to, or mentions Plaintiff's employment performance, and/or any of the reasons identified as a basis for terminating Plaintiff's employment, and/or any intent or desire to see Plaintiff's employment terminated.

RESPONSE:

**REQUEST NO. 18:** Produce a copy of any policy, procedure, employee handbook, or other document that governed Plaintiff's employment with Defendant at any time during Plaintiff's employment.

RESPONSE:

**REQUEST NO. 19:** Produce a copy of any document showing Plaintiff's entitlement to wages, fringe benefits, health insurance, life insurance, retirement benefits, or other work-related compensation or benefits.

RESPONSE:

**REQUEST NO. 20:** Produce a copy of any organizational chart for the unit, division, or entity that employed Plaintiff.

RESPONSE:

**REQUEST NO. 21:** If you believe or contend there is an agreement between the parties to arbitrate the issues that form the basis of this Lawsuit, produce a copy of all documents related to or referencing such agreement.

RESPONSE:

**REQUEST NO. 22:** With respect to any charges of discrimination, internal or external complaints of discriminatory treatment, or other concerns voiced about unlawful treatment at the hands of any person identified in your Interrogatory responses as having participated in the decision to discipline or discharge Plaintiff, produce a copy of any document you filed with any external administrative agency concerning such complaints, including the Texas Workforce Commission, the Equal Employment Opportunity Commission, and the Texas Commission on Human Rights. This Request is specifically limited to the preceding ten years.

RESPONSE:

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents - Page 15**

018

**REQUEST NO. 23:**        Produce any reviews, performance appraisals, memos, studies or other similar documents generated by any of your employees concerning Plaintiff's complaints that Defendants discriminated against Plaintiff that were created prior to the date this lawsuit was filed.

RESPONSE:

**REQUEST NO. 24:**        Produce all minutes, interoffice correspondence, audio or video recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

RESPONSE:

**REQUEST NO. 25:**        Produce all reviews, performance appraisals, memos, studies or other similar documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you.

RESPONSE:

**REQUEST NO. 26:**        Produce any organizational chart describing or illustrating the authority or relationships among any positions or personnel in any department or company in which Plaintiff worked as it existed in May 2019.

RESPONSE:

**REQUEST NO. 27:**        Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memoranda, which evidence, refer to, or relate to the duties and requirements of Plaintiff's employment position.

RESPONSE:

**REQUEST NO. 28:**        Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of Plaintiff's job performance.

RESPONSE:

**REQUEST NO. 29:**        Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of the job performance of the department or company in which Plaintiff was employed.

RESPONSE:

**REQUEST NO. 30:**          For any person involved in the decision to terminate Plaintiff's

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and**
**First Request for Production of Documents - Page 16**

019

employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce all business calendars and/or appointment books kept by such person during Plaintiff's period of employment with you.

RESPONSE:

**REQUEST NO. 31:**        Produce any employee manual, handbook or other document reflecting the general employment terms, conditions, duties, responsibilities, compensation, or benefits of Plaintiff's employment with you.

RESPONSE:

**REQUEST NO. 32:**        If you claim Plaintiff received your employee handbook, produce all acknowledgments, receipts, memos, or other similar documents indicating that Plaintiff received a copy of what you allege is your employee handbook.

RESPONSE:

**REQUEST NO. 33:**        Produce all policies, procedures, memos, guidelines, standards or other similar documents indicating the document retention policy you had in place from January 1, 2016 through the present.

RESPONSE:

**REQUEST NO. 34:**        If you have entered into a settlement agreement pertaining to this lawsuit with any party to this lawsuit, or any other person or entity, produce that settlement agreement.

RESPONSE:

**REQUEST NO. 35:**  Produce any records relating to any of your documents or files that have been destroyed or disposed of in the last two years through the trial of this action.

RESPONSE:

**REQUEST NO. 36:**        Produce any file indexes, directions or instructions you give to your employees regarding the review, preservation or destruction of any documents.

RESPONSE:

**REQUEST NO. 37:**        Produce all brochures, pamphlets, warnings, instructions, training information or other similar documents that you distribute to your employees, your associates or to subcontractors, persons or entities who work for you or assist you in the workplace.

RESPONSE:

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 17**

020

**REQUEST NO. 38:**        Produce all corporate codes of conduct, legal codes or other similar policies or procedures that you adopted or had in place from January 1, 2016 through the present.

RESPONSE:

**REQUEST NO. 39:**        Produce all audio or video recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.

RESPONSE:

**REQUEST NO. 40:**        Produce your complete policy manual, policy statement, employee handbook, or any other document evidencing, referring to, or relating to your procedures for disciplinary action or termination of employment, including any appeal therefrom, as effective in May 2019.

RESPONSE:

**REQUEST NO. 41:**        Produce your complete policy manual, policy statement, employee handbook, or any other documents that were in effect in May of 2019 that evidence, refer to, or relate to your policy regarding absenteeism, sick leave, sick days, personal days, and missing or leaving work to attend to personal or family medical needs.

RESPONSE:

**REQUEST NO. 42:**        Any and all documents related to any agreements between Defendants and/or Plaintiff and any modifications thereto.

RESPONSE:

**REQUEST NO. 43:**        Any and all notes, memoranda, or correspondence and communications between Plaintiff and Plaintiff's supervisor or Plaintiff and Human Resources in the past five years.

RESPONSE:

**REQUEST NO. 44:**        All billing statements that Defendants' attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

RESPONSE:

**REQUEST NO. 45:**        Produce documents indicating the number of hours that the Defendants' attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of timesheets or bills that reflect the number of hours Defendants' attorneys have worked, whether billed, or not charged to Defendants.

RESPONSE:

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 18**

**REQUEST NO. 46:**        Produce any and all reviews, performance appraisals, memos, studies or other similar documents which indicate that the Plaintiff's position was eliminated or was going to be eliminated due to general department or company downsizing or lay-offs.

RESPONSE:

**REQUEST NO. 47:**        Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Texas Workforce Commission, the TWC Civil Rights Division, the Texas Worker's Compensation Commission, or the EEOC regarding Plaintiff's employment with you or the ending of Plaintiff's employment with you.

RESPONSE:

**REQUEST NO. 48:**        Any and all documents that relate to the Plaintiff's application for employment with you.

RESPONSE:

**REQUEST NO. 49:**        Any and all resumes, analyses, notes, memos or similar documents relating to the Plaintiff's efforts to seek employment from other employers since the ending of Plaintiff's employment with you.

RESPONSE:

**REQUEST NO. 50:**        Produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony.

RESPONSE:

**REQUEST NO. 51:**        Produce the most current resume of every expert used for consultation but not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

RESPONSE:

**REQUEST NO. 52:**        Produce all documents, including all tangible reports, maps, compilations of data or other materials, sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony which concerns any aspect of this lawsuit.

RESPONSE:

**REQUEST NO. 53:**        Produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial through live or deposition

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and**
**First Request for Production of Documents - Page 19**

022

testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices or bills generated by said experts.

<u>RESPONSE:</u>

**<u>REQUEST NO. 54:</u>**          Pursuant to *Lunsford v. Morris,* 746 S.W.2d 471 (1988), produce a copy of your balance sheet for the year Plaintiff was fired.

<u>RESPONSE:</u>

**<u>REQUEST NO. 55:</u>**          Produce any documents referenced or described by category in your Rule 26(a)(l) Initial Disclosures.

<u>RESPONSE:</u>


Respectfully Submitted,

JOHN MEAZELL, P.C.

By:  *<u>/s/ Landon H. Thompson</u>*_____

John G. Meazell
State Bar No. 00791242
1400 Gables Court
Plano, TX 75075
(972) 881-4300 – Telephone
(972) 398-8488 – Facsimile
j.meazell@ljmlawfirm.com

Landon H. Thompson
State Bar No. 24033265
1400 Gables Court
Plano, TX 75075
(972) 881-4300 – Telephone
(972) 398-8488 – Facsimile
l.thompson@ljmlawfirm.com

**ATTORNEYS FOR PLAINTIFF**


**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents - Page 20**

023

## CERTIFICATE OF SERVICE

On May 5, 2020, I hereby certify that I have served all counsel and/or *pro se* parties of record a copy of the foregoing document by mailing it to their counsel of record, or by another manner authorized by Federal rule of Civil Procedure 5(b)(2) as indicated below:

### Via Email and US Mail

Andrew T. Turner
andrew.turner@ogletree.com
Janet L. Smith
janet.smith@ogletree.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Tel:  (214) 987-3800
Fax:  (214) 987-3927

 */s/ Landon H. Thompson*
Landon H. Thompson

**Plaintiff's First Request for Admissions, First Set of Interrogatories, and
First Request for Production of Documents** - Page 21

024

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02057-N |
| | § | |
| AIR SYSTEM COMPONENTS, INC. | § | |
| and JOHNSON CONTROLS, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS JOHNSON CONTROLS, INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO:**   **JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas 75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Johnson Controls, Inc. ("Defendant" or "JCI") hereby serves its Objections and Responses to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Request for Production of Documents to Defendants JCI and Air System Components, Inc. ("ASC") as follows:

**GENERAL OBJECTIONS**

1.      Discovery is continuing, and the responses herein are based upon information presently available to Defendants. Defendants reserve the right to supplement these responses if and to the extent required and permitted under the Federal Rules of Civil Procedure.

2.      Defendant objects to Plaintiff's Definitions and Instructions to the extent they purport to place duties and requirements on Defendant that exceed those required by the Rules in violation of Rule 26(b). Defendant will comply with the Federal Rules of Civil Procedure.

3.      Defendant objects to these Requests, including the Definitions and Instructions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents and information prepared in anticipation of litigation or for trial, and/or documents and information that are or relate to the

**EXHIBIT B**

mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

4.     Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.     To the extent that Plaintiff's Requests seek documents in native format, Defendant objects to this request as unduly burdensome, as seeking information not proportional to the needs of the case, and as imposing obligations on Defendant beyond those permissible under the Federal Rules of Civil Procedure.

Subject to and without waiving or in any way limiting these general objections, Defendant provides the following specific objections and responses to Plaintiff's First Request for Production.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**  Produce all policies, procedures, guidelines, pamphlets, EEO statements or other similar documents which evidence, refer to, or relate to your efforts to comply with ADA rules, regulations, or guidelines.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Request to the extent it is overly broad with respect to temporal scope and subject matter and because it is vague and ambiguous.

**REQUEST NO. 2:**  Produce all petitions and counterclaims filed in the last 10 years alleging that you terminated, retaliated against or discriminated against any employee complaining of FMLA, or disability discrimination.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request as unduly burdensome and overly broad and not properly limited in time or scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 3:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last three years regarding your policies and procedures concerning FMLA, disability discrimination, or the treatment of disabled employees.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Request to the extent it is overly broad with respect to temporal scope and subject matter and because it is vague and ambiguous.

**REQUEST NO. 4:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons or entities regarding your policies or procedures for requesting medical leave.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Request to the extent it is overly broad with respect to temporal scope and subject matter and because it is vague and ambiguous.

**REQUEST NO. 5:**  Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies or procedures related to disability discrimination, harassment, or the reporting of such discriminatory practices.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3 and 4.

**REQUEST NO. 6:**  Produce Plaintiff's entire personnel file.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "personnel file."

**REQUEST NO. 7:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce any document or any file or folder or collection of documents or e-mails maintained by such person that contains information concerning Plaintiff's position, employment, performance, or discipline, or that discusses, refers to, or relates to Plaintiff's position, employment, or performance. This Request includes any supervisor file, desk file, or other file or folder maintained by any of Plaintiff's direct or indirect supervisors.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrases "concerning Plaintiff's position," and "refers to . . . Plaintiff's position." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case.

**REQUEST NO. 8:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce from that person's personnel file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 9:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce from that person's employment file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 10:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce a copy of any written notes, e mails, diaries, etc. that discuss, refer to, or relate to those interviews.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "facts giving rise to." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case.

**REQUEST NO. 11:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of such person's complete personnel file.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because

it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 12:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of all documentation regarding the charge or complaint, and any related investigation. This Request is specifically limited to the preceding ten years

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 13:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of any documents Defendant submitted to any administrative agency, such as the Equal Employment Opportunity Commission, the Texas Workforce Commission, the Texas Commission on Human Rights, etc. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request on the grounds that it is duplicative of Request number 12. Defendant also objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 14:**   Produce a copy of any document that provided a reason or basis for Defendant's decision to terminate Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad and fails to specify a category of documents.

**REQUEST NO. 15:**   Produce a copy of any document that provided a reason or basis for Defendant's decision to discipline Plaintiff at any point during Plaintiff's employment within the last ten years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents.

**REQUEST NO. 16:**   Produce a copy of any email or other written communication between Plaintiff and Defendant (and any of its employees) that discusses, refers to, or mentions Plaintiff's employment performance and/or any of the reasons identified as a basis for terminating Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents.

**REQUEST NO. 17:**  Produce a copy of any email or other written communication between any of Defendant's employees that discusses, refers to, or mentions Plaintiff's employment performance, and/or any of the reasons identified as a basis for terminating Plaintiff's employment, and/or any intent or desire to see Plaintiff's employment terminated.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents.

**REQUEST NO. 18:**  Produce a copy of any policy, procedure, employee handbook, or other document that governed Plaintiff's employment with Defendant at any time during Plaintiff's employment.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, and 5.

**REQUEST NO. 19:**  Produce a copy of any document showing Plaintiff's entitlement to wages, fringe benefits, health insurance, life insurance, retirement benefits, or other work-related compensation or benefits.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "entitlement to . . . work-related compensation or benefits."

**REQUEST NO. 20:**  Produce a copy of any organizational chart for the unit, division, or entity that employed Plaintiff.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and

scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 21:**  If you believe or contend there is an agreement between the parties to arbitrate the issues that form the basis of this Lawsuit, produce a copy of all documents related to or referencing such agreement.

**RESPONSE:**

    None.

**REQUEST NO. 22:**  With respect to any charges of discrimination, internal or external complaints of discriminatory treatment, or other concerns voiced about unlawful treatment at the hands of any person identified in your Interrogatory responses as having participated in the decision to discipline or discharge Plaintiff, produce a copy of any document you filed with any external administrative agency concerning such complaints, including the Texas Workforce Commission, the Equal Employment Opportunity Commission, and the Texas Commission on Human Rights. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

    Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome, overly broad in time and scope and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC,* No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 23:**  Produce any reviews, performance appraisals, memos, studies or other similar documents generated by any of your employees concerning Plaintiff's complaints that Defendants discriminated against Plaintiff that were created prior to the date this lawsuit was filed.

**RESPONSE:**

    Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Request as vague and ambiguous and assuming facts not in evidence. Defendant further objects to this Request as overly broad and not limited to any documents that would have been directly relevant to Plaintiff.

**REQUEST NO. 24:**  Produce all minutes, interoffice correspondence, audio or video recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case.

**REQUEST NO. 25:**  Produce all reviews, performance appraisals, memos, studies or other similar documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests No. 1.

**REQUEST NO. 26:**  Produce any organizational chart describing or illustrating the authority or relationships among any positions or personnel in any department or company in which Plaintiff worked as it existed in May 2019.

**RESPONSE:**

      Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant further objects to this Request as duplicative of Requests No. 20. Defendant also objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 27:**   Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memoranda, which evidence, refer to, or relate to the duties and requirements of Plaintiff's employment position.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant also objects to this Request as duplicative of Requests Nos. 1 and 25.

**REQUEST NO. 28:**   Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of Plaintiff's job performance.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant also objects to this Request as duplicative of Requests Nos. 1, 25, and 27.

**REQUEST NO. 29:**   Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of the job performance of the department or company in which Plaintiff was employed.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as duplicative of Requests Nos. 1, 25, 27, and 28.

**REQUEST NO. 30:**   For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce all business calendars and/or appointment books kept by such person during Plaintiff's period of employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited in regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case.

**REQUEST NO. 31:**  Produce any employee manual, handbook or other document reflecting the general employment terms, conditions, duties, responsibilities, compensation, or benefits of Plaintiff's employment with you.

**RESPONSE:**

    Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, and 18.

**REQUEST NO. 32:**  If you claim Plaintiff received your employee handbook, produce all acknowledgments, receipts, memos, or other similar documents indicating that Plaintiff received a copy of what you allege is your employee handbook.

**RESPONSE:**

    Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "indicating that Plaintiff received a copy."

**REQUEST NO. 33:**  Produce all policies, procedures, memos, guidelines, standards or other similar documents indicating the document retention policy you had in place from January 1, 2016 through the present.

**RESPONSE:**

    Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as vague and ambiguous regarding a "retention policy," as Defendant is unsure to what or whom the alleged retention policy applies. Defendant further objects to this Request as overly broad as to time and scope and not limited to any documents that would have been directly relevant to Plaintiff.

**REQUEST NO. 34:**  If you have entered into a settlement agreement pertaining to this lawsuit with any party to this lawsuit, or any other person or entity, produce that settlement agreement.

**RESPONSE:**

    None.

**REQUEST NO. 35:**  Produce any records relating to any of your documents or files that have been destroyed or disposed of in the last two years through the trial of this action.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as overly broad in scope and time, unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 36:**  Produce any file indexes, directions or instructions you give to your employees regarding the review, preservation or destruction of any documents.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as overly broad in time and unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request to the extent it improperly invades the attorney-client and work-product privileges.

**REQUEST NO. 37:**  Produce all brochures, pamphlets, warnings, instructions, training information or other similar documents that you distribute to your employees, your associates or to subcontractors, persons or entities who work for you or assist you in the workplace.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, and 33.

**REQUEST NO. 38:**   Produce all corporate codes of conduct, legal codes or other similar policies or procedures that you adopted or had in place from January 1, 2016 through the present.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, and 37.

**REQUEST NO. 39:**   Produce all audio or video recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.

**REQUEST NO. 40:**   Produce your complete policy manual, policy statement, employee handbook, or any other document evidencing, referring to, or relating to your procedures for disciplinary action or termination of employment, including any appeal therefrom, as effective in May 2019.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, 37, and 38.

**REQUEST NO. 41:**   Produce your complete policy manual, policy statement, employee handbook, or any other documents that were in effect in May of 2019 that evidence, refer to, or relate to your policy regarding absenteeism, sick leave, sick days, personal days, and missing or leaving work to attend to personal or family medical needs.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of other requests, including Request No. 40.

**REQUEST NO. 42:**  Any and all documents related to any agreements between Defendants and/or Plaintiff and any modifications thereto.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "agreements."

**REQUEST NO. 43:**  Any and all notes, memoranda, or correspondence and communications between Plaintiff and Plaintiff's supervisor or Plaintiff and Human Resources in the past five years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. As written, Defendant would be required to produce documents between Plaintiff and Defendant unrelated to the subject matter of this litigation. Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 44:**  All billing statements that Defendants' attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 45:**  Produce documents indicating the number of hours that the Defendants' attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of timesheets or bills that reflect the number of hours Defendants' attorneys have worked, whether billed, or not charged to Defendants.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 46:**  Produce any and all reviews, performance appraisals, memos, studies or other similar documents which indicate that the Plaintiff's position was eliminated or was going to be eliminated due to general department or company downsizing or lay-offs.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as assuming facts not in evidence.

**REQUEST NO. 47:**  Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Texas Workforce Commission, the TWC Civil Rights Division, the Texas Worker's Compensation Commission, or the EEOC regarding Plaintiff's employment with you or the ending of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.

**REQUEST NO. 48:**  Any and all documents that relate to the Plaintiff's application for employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it duplicative of Request No. 6.

**REQUEST NO. 49:**  Any and all resumes, analyses, notes, memos or similar documents relating to the Plaintiff's efforts to seek employment from other employers since the ending of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant further objects that this Request assumes facts not in evidence.

**REQUEST NO. 50:**  Produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 51:**  Produce the most current resume of every expert used for consultation but not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 52:**  Produce all documents, including all tangible reports, maps, compilations of data or other materials, sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony which concerns any aspect of this lawsuit.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided/

**REQUEST NO. 53:**  Produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices or bills generated by said experts.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has

asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 54:**  Pursuant to *Lunsford v. Morris,* 746 S.W.2d 471 (1988), produce a copy of your balance sheet for the year Plaintiff was fired.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this request on the grounds that it calls for the production of financial information protected by Defendant's right to privacy.

**REQUEST NO. 55:**  Produce any documents referenced or described by category in your Rule 26(a)(l) Initial Disclosures

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:____ */s/ Janet L. Smith*_____
        ANDREW T. TURNER
        Texas State Bar No. 24008968
        andrew.turner@ogletree.com
        JANET L. SMITH
        Texas State Bar No. 24089755
        janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 22, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.


　　*/s/ Janet L. Smith*　　　　　　　　　　　
JANET L. SMITH


43237812.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02057-N |
| | § | |
| AIR SYSTEM COMPONENTS, INC. | § | |
| and JOHNSON CONTROLS, INC., | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT JOHNSON CONTROLS, INC.'S**
**OBJECTIONS AND ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**TO:** **JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas 75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Johnson Controls, Inc. ("Defendant" or "JCI") hereby serves its Objections and Answers to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Set of Interrogatories to Defendants Johnson Controls and Air System Components, Inc. ("AC") as follows:

**GENERAL OBJECTIONS**

1. Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents, and information prepared in anticipation of litigation or for trial, and/or documents and information that is or relates to the mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

2. Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents and information relating to matters not raised by Plaintiff's Original Complaint, on the grounds that such information is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence.

**EXHIBIT C**

3.      Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents or information already or exclusively within the knowledge, possession, or control of Plaintiff, or which is a public record or otherwise readily available to Plaintiff from other sources.

4.      Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.      Defendant objects to Plaintiff's definitions of "Your associates," as "your employees, agents, servants, partners, representatives, subsidiaries, affiliates, principals, privies, directors, and officers" as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to these definitions as vague and ambiguous. Plaintiff previously defined "your" as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc."

6.      Defendant objects to Plaintiff's definition of "incident," as "any disciplinary investigations or actions taken against Plaintiff and/or the termination of Plaintiff's employment relationship with Defendants," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to this definition as vague and ambiguous. Defendant also objects to this definition as assuming facts not in evidence, specifically, that Defendant Johnson Controls, Inc. employed Plaintiff.

7.      Defendant objects to the Interrogatories, including the Definitions, to the extent they expand and/or modify the scope of the Federal Rules of Civil Procedure or seek to impose a duty or obligation beyond that required under such rules.

8.      Defendant objects to the Interrogatories to the extent they seek information regarding third parties who are not parties to this action as violative of the third parties' privacy rights.  Any third party information found to be relevant can only be produced subject to an appropriate protective order.

9.      Defendant is engaged in continuing discovery in this case.  Accordingly, all of the answers contained herein are based upon such information as is presently available to and specifically known to Defendant.  Defendant specifically reserves the right to supplement these answers if and to the extent required or permitted under the Federal Rules of Civil Procedure.

10.     Defendant incorporates by reference each of the foregoing General Objections into the following enumerated Answers and Objections.  Defendant will also state specific objections to the Interrogatories when appropriate.  By setting forth such specific objections, Defendant does not limit or restrict the General Objections set forth above.  To the extent Defendant answers any Interrogatory, such answer does not constitute a waiver of any general or specific objection.

<u>**SPECIFIC OBJECTIONS AND ANSWERS**</u>

**INTERROGATORY NO. 1:**   Please identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories.  If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant also objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Notwithstanding and without waiving said objections, answers to these Interrogatories were prepared by counsel with assistance from Tesa Bolt.

**INTERROGATORY NO. 2:**   Set forth every reason Defendant(s) terminated Plaintiff's employment.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Interrogatory as seeking Defendant to marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions. Notwithstanding and without waiving these objections, documents that contain information that is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production. Moreover, Defendant answers that ASC terminated Plaintiff's employment based on her documented timeclock violations.

**INTERROGATORY NO. 3:**   Identify each expert used for consultation who is not expected to be called as a witness at trial (either through live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert identified in your disclosures, under Federal Rule 26(a)(2).

  **Note:**   If any expert who may testify has <u>reviewed</u> any reports, calculations, or documents generated by a consulting expert or talked to the consulting expert, please identify the consulting expert who generated the reports, calculations, or documents.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant objects on the grounds that this Interrogatory seeks information protected by the attorney/client privilege. Defendant further objects to this Interrogatory on the grounds that it seeks to require Defendant to marshal its evidence and available proof it intends to offer before trial. Defendant reserves the right to supplement its answer to this Interrogatory at a later date.

**INTERROGATORY NO. 4:**  If you have an insurance policy or contractual indemnity agreement which could or would respond in whole or in part to the claims of any party to this lawsuit, please identify the name of each carrier, the limits of coverage for each carrier, and for each carrier, state whether the carrier has denied or admitted coverage or is defending under a non-waiver or reservation of rights.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Notwithstanding and without waiving this objection, Defendant will produce the declarations page of its applicable insurance policy, if any.

**INTERROGATORY NO. 5:**  Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to why Plaintiff was fired, the incident or this lawsuit.  This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence.  This interrogatory includes a request to identify all persons known to you, your associates or your attorneys who claim to know how, when or why Plaintiff was fired.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is overbroad and requests information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks to invade the privacy rights of nonparties. Defendant also objects to this Interrogatory as it is vague and ambiguous as to the term "incident." Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers: Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried.

**INTERROGATORY NO. 6:**  If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

**ANSWER:** None.

**INTERROGATORY NO. 7:**  If you contend that Plaintiff's active Petition or Complaint incorrectly states your name or that you have been sued under an incorrect name or in an incorrect capacity, or that an incorrect corporate entity has been sued, please identify your correct name, your correct capacity, or the correct corporate entity.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is vague and ambiguous, as Plaintiff defines "your" as "either and both" Defendant Air System Components, Inc., and Defendant Johnson Controls, Inc.

Notwithstanding and without waiving these objections, Defendant states that Plaintiff's active Complaint correctly states its name, but that it was not Plaintiff's employer.

**INTERROGATORY NO. 8:**  If you or your associates have ever talked to the Plaintiff or Plaintiff's agents, servants, employees, friends, partners, or anyone in the employ of the Plaintiff regarding the incident or the reasons why Plaintiff was fired, or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by the Plaintiff or anyone acting on Plaintiff's behalf regarding the incident or the reasons for Plaintiff's firing or any other fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or those who may be an "agent of Plaintiff," which is undefined. Defendant has no way of knowing whom Plaintiff may contend are or were her "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with any of her alleged "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff."

**INTERROGATORY NO. 9:**  Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years by any person, union, or other entity regarding FMLA, disability discrimination, or any unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no complaints alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 10:**  Identify every lawsuit filed in the last five years against you or your predecessor or successor corporations alleging any cause of action for FMLA, disability discrimination, worker's compensation retaliation, wrongful discharge or unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility

where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no lawsuits alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 11:** Identify all employees who worked for you in the same office as Plaintiff who were employed by you at any time when Plaintiff was employed by you.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Plaintiff was the only individual in her office who reported to Cindy Addington.

**INTERROGATORY NO. 12:** For each individual identified in the previous interrogatory, indicate their disability status and whether they have requested or used disability accommodations or FMLA leave within the past five years.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 13:** Describe any negative entries in Plaintiff's personnel file including, but not limited to, all reprimands, warnings, disciplinary actions, probation, complaints, or any type of disciplinary action taken against Plaintiff.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this interrogatory as overly broad, vague, and ambiguous. Additionally, Defendant objects to this interrogatory as seeking to have Defendant marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions. Notwithstanding and without waiving these objections, documents that contain information that

is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production.

**INTERROGATORY NO. 14:**   Identify all persons involved in the decision to terminate Plaintiff, including any person who was consulted about the decision, as well as any individual who had to sign off on or approve the decision, and for each such person, provide his or her full name, job title, and if not still employed by Defendant, his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant further objects to the Interrogatory for the contact information for individuals who may be contacted only through counsel. Accordingly, Defendant will not provide contact information for individuals who may be contacted only through counsel. Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers that the following persons are known to Defendant at this time to have been involved in the decision to terminate Plaintiff's employment: Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried.

**INTERROGATORY NO. 15:**   Identify every person Defendant(s) interviewed, spoke with, talked to, consulted, etc. about the facts giving rise to Plaintiff's termination, and for each such person, provide his or her full name, job title, and if not still employed by Defendant(s), his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it seeks to impermissibly invade the attorney-client and work-product privileges, and further is vague and ambiguous and overly broad. Notwithstanding and without waiving these objections, Defendant answers Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried.

**INTERROGATORY NO. 16:**   For every person identified in response to the previous Interrogatory, set forth whether that person declined to terminate, did not approve of the decision to terminate, or refused to sign off on or approve the decision to terminate, any other employee who engaged in the same or similar conduct as Plaintiff, as set forth in your response to Interrogatory No. 2, and identify those individual employees who were not terminated.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5

(S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 17:**  For any person identified in the previous Interrogatory answer as being someone who was not terminated, set forth the reasons the individual's employment was not terminated.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 18:**  Identify any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual identified in your response(s) above as being a person who participated in the decision to fire Plaintiff, and for each such incidence, state the name of the person making the complaint, the name of the person against whom or about whom the complaint was made, and the nature or basis of the complaint.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no charges or complaints alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 19:**  For any incidence identified in your response to the previous Interrogatory, identify any subsequently filed lawsuit.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal

courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no lawsuits alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 20:**  Please state the number of, and describe with particularity, all written or oral customer complaints of which you are aware concerning Plaintiff's work performance, co-worker interaction, or any other work-related activities or interactions of Plaintiff.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this interrogatory as overly broad, and vague and ambiguous as to the phrase "customer complaints."  Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 21:**  Which person or entity do you contend employed Plaintiff?

**ANSWER:**

   Defendant Air System Components, Inc. employed Plaintiff during the relevant period.

**INTERROGATORY NO. 22:**  If you contend that the Plaintiff has failed to mitigate her damages, please identify all facts, proof or evidence on which you base this contention including any job offers that you claim the Plaintiff received that Plaintiff should have accepted.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this interrogatory as impermissibly seeking to have Defendant marshal all of its evidence.

**INTERROGATORY NO. 23:**  If you, your attorneys or your associates have any knowledge, either directly or indirectly, of any admission against interest or any statement or admission of any kind made by Plaintiff or anyone acting by or on the Plaintiff's behalf regarding the reasons for the termination of Plaintiff's employment with you or any fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with

Plaintiff or with anyone who may have been "acting by or on the Plaintiff's behalf," which is undefined. Defendant has no way of knowing whom Plaintiff may contend was or was not "acting by or on the Plaintiff's behalf." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with anyone "acting by or on the Plaintiff's behalf."

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:_____/s/ Janet L. Smith_____
      ANDREW T. TURNER
      Texas State Bar No. 24008968
      andrew.turner@ogletree.com
      JANET L. SMITH
      Texas State Bar No. 24089755
      janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    This is to certify that on June 22, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.

  _/s/ Janet L. Smith_____
JANET L. SMITH

43236744.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02057-N |
| | § | |
| AIR SYSTEM COMPONENTS, INC. | § | |
| and JOHNSON CONTROLS, INC., | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS AIR SYSTEMS COMPONENTS, INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO:   JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas 75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Air Systems Components, Inc. ("Defendant" or "ASC") hereby serves its Objections and Responses to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Request for Production of Documents to Defendants ASC and Johnson Controls, Inc. ("JCI") as follows:

**GENERAL OBJECTIONS**

1.      Discovery is continuing, and the responses herein are based upon information presently available to Defendants. Defendants reserve the right to supplement these responses if and to the extent required and permitted under the Federal Rules of Civil Procedure.

2.      Defendant objects to Plaintiff's Definitions and Instructions to the extent they purport to place duties and requirements on Defendant that exceed those required by the Rules in violation of Rule 26(b). Defendant will comply with the Federal Rules of Civil Procedure.

3.      Defendant objects to these Requests, including the Definitions and Instructions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents and information prepared in anticipation of litigation or for trial, and/or documents and information that are or relate to the

mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

4.    Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.    To the extent that Plaintiff's Requests seek documents in native format, Defendant objects to this request as unduly burdensome, as seeking information not proportional to the needs of the case, and as imposing obligations on Defendant beyond those permissible under the Federal Rules of Civil Procedure.

Subject to and without waiving or in any way limiting these general objections, Defendant provides the following specific objections and responses to Plaintiff's First Request for Production.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**  Produce all policies, procedures, guidelines, pamphlets, EEO statements or other similar documents which evidence, refer to, or relate to your efforts to comply with ADA rules, regulations, or guidelines.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 3, 4, and 5. Notwithstanding and without waiving these objections, Defendant will produce the EEO policies in effect during Plaintiff's employment.

**REQUEST NO. 2:**  Produce all petitions and counterclaims filed in the last 10 years alleging that you terminated, retaliated against or discriminated against any employee complaining of FMLA, or disability discrimination.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad and not properly limited in time or scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request as outside the scope of permissible discovery under Rule 26(b), and further that it seeks documents typically filed as a matter of record and are thus equally available to Plaintiff if such documents exist. Notwithstanding and without waiving these objections, no petitions or lawsuits have been filed alleging FMLA, age or disability

discrimination and involving Plaintiff's former supervisor in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 3:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last three years regarding your policies and procedures concerning FMLA, disability discrimination, or the treatment of disabled employees.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 4, and 5. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 4:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons or entities regarding your policies or procedures for requesting medical leave.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3 and 5. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 5:**  Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies or procedures related to disability discrimination, harassment, or the reporting of such discriminatory practices.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3 and 4. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 6:**  Produce Plaintiff's entire personnel file.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "personnel file." Notwithstanding and without waiving these objections, Defendant will produce documents that it keeps regarding Plaintiff that relate to her compensation, benefits, and performance.

**REQUEST NO. 7:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce any document or any file or folder or collection of documents or e-mails maintained by such person that contains information concerning Plaintiff's position, employment, performance, or discipline, or that discusses, refers to, or relates to Plaintiff's position, employment, or performance. This Request includes any supervisor file, desk file, or other file or folder maintained by any of Plaintiff's direct or indirect supervisors.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrases "concerning Plaintiff's position," and "refers to . . . Plaintiff's position." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's performance, and concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 8:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce from that person's personnel file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 9:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce from that person's employment file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

      Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 10:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce a copy of any written notes, e mails, diaries, etc. that discuss, refer to, or relate to those interviews.

**RESPONSE:**

      Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "facts giving rise." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's performance, and concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 11:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of such person's complete personnel file.

**RESPONSE:**

      Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011

WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 12:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of all documentation regarding the charge or complaint, and any related investigation. This Request is specifically limited to the preceding ten years

**RESPONSE:**

Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 13:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of any documents Defendant submitted to any administrative agency, such as the Equal Employment Opportunity Commission, the Texas Workforce Commission, the Texas Commission on Human Rights, etc. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request on the grounds that it is duplicative of Request number 12. Defendant also objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action.

**REQUEST NO. 14:**  Produce a copy of any document that provided a reason or basis for Defendant's decision to terminate Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 15:**  Produce a copy of any document that provided a reason or basis for Defendant's decision to discipline Plaintiff at any point during Plaintiff's employment within the last ten years.

**RESPONSE:**

Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 16:**  Produce a copy of any email or other written communication between Plaintiff and Defendant (and any of its employees) that discusses, refers to, or mentions Plaintiff's employment performance and/or any of the reasons identified as a basis for terminating Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 17:**  Produce a copy of any email or other written communication between any of Defendant's employees that discusses, refers to, or mentions Plaintiff's employment performance, and/or any of the reasons identified as a basis for terminating Plaintiff's employment, and/or any intent or desire to see Plaintiff's employment terminated.

**RESPONSE:**

Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 18:**  Produce a copy of any policy, procedure, employee handbook, or other document that governed Plaintiff's employment with Defendant at any time during Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, and 5. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 19:**  Produce a copy of any document showing Plaintiff's entitlement to wages, fringe benefits, health insurance, life insurance, retirement benefits, or other work-related compensation or benefits.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "entitlement to . . . work-related compensation or benefits." Notwithstanding and without waiving these objections, Defendant will produce relevant earnings details.

**REQUEST NO. 20:**  Produce a copy of any organizational chart for the unit, division, or entity that employed Plaintiff.

**RESPONSE:**

Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497,

at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds that, to the extent it has retained documents showing its organizational structure in effect and applicable to Plaintiff during her employment with Defendant and related to the organization and location where she worked, they will be produced.

**REQUEST NO. 21:**  If you believe or contend there is an agreement between the parties to arbitrate the issues that form the basis of this Lawsuit, produce a copy of all documents related to or referencing such agreement.

**RESPONSE:**

    None.

**REQUEST NO. 22:**  With respect to any charges of discrimination, internal or external complaints of discriminatory treatment, or other concerns voiced about unlawful treatment at the hands of any person identified in your Interrogatory responses as having participated in the decision to discipline or discharge Plaintiff, produce a copy of any document you filed with any external administrative agency concerning such complaints, including the Texas Workforce Commission, the Equal Employment Opportunity Commission, and the Texas Commission on Human Rights. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

    Defendant objects to this Request as unduly burdensome, overly broad in time and scope and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant states that it is unaware of any internal complaints or Administrative Filings alleging complaints of the same nature as Plaintiff's allegations and involving Plaintiff's former supervisor in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 23:**  Produce any reviews, performance appraisals, memos, studies or other similar documents generated by any of your employees concerning Plaintiff's complaints that Defendants discriminated against Plaintiff that were created prior to the date this lawsuit was filed.

**RESPONSE:**

    Defendant objects to this Request as vague and ambiguous and assuming facts not in evidence. Defendant further objects to this Request as overly broad and not limited to any documents that would have been directly relevant to Plaintiff. Notwithstanding and without waiving these objections, none.

**REQUEST NO. 24:** Produce all minutes, interoffice correspondence, audio or video recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant will produce documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 25:** Produce all reviews, performance appraisals, memos, studies or other similar documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests No. 1. Subject to, and without waiving the foregoing objections, Defendant will produce all performance appraisals and documents that it keeps regarding Plaintiff that relate to her compensation, benefits, and performance

**REQUEST NO. 26:** Produce any organizational chart describing or illustrating the authority or relationships among any positions or personnel in any department or company in which Plaintiff worked as it existed in May 2019.

**RESPONSE:**

Defendant objects to this Request as duplicative of Requests No. 20. Defendant also objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds that, to the extent it has retained documents showing its organizational structure in effect and applicable to Plaintiff as they existed in May 2019, they will be produced.

**REQUEST NO. 27:**   Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memoranda, which evidence, refer to, or relate to the duties and requirements of Plaintiff's employment position.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests Nos. 1 and 25. Subject to, and without waiving the foregoing objections, Defendant will produce all performance appraisals.

**REQUEST NO. 28:**   Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of Plaintiff's job performance.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests Nos. 1, 25, and 27. Subject to, and without waiving the foregoing objections, Defendant will produce all performance appraisals.

**REQUEST NO. 29:**   Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of the job performance of the department or company in which Plaintiff was employed.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests Nos. 1, 25, 27, and 28. Subject to, and without waiving the foregoing objections, Defendant will produce all performance appraisals.

**REQUEST NO. 30:**   For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce all business calendars and/or appointment books kept by such person during Plaintiff's period of employment with you.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, to the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 31:**  Produce any employee manual, handbook or other document reflecting the general employment terms, conditions, duties, responsibilities, compensation, or benefits of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, and 18. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 32:**  If you claim Plaintiff received your employee handbook, produce all acknowledgments, receipts, memos, or other similar documents indicating that Plaintiff received a copy of what you allege is your employee handbook.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "indicating that Plaintiff received a copy." Notwithstanding and without waiving these objections, Defendant will produce documents that it keeps regarding Plaintiff that relate to her policy acknowledgements.

**REQUEST NO. 33:**  Produce all policies, procedures, memos, guidelines, standards or other similar documents indicating the document retention policy you had in place from January 1, 2016 through the present.

**RESPONSE:**

Defendant objects to this Request as vague and ambiguous regarding a "retention policy," as Defendant is unsure to what or whom the alleged retention policy applies. Defendant further objects to this Request as overly broad as to time and scope and not limited to any documents that would have been directly relevant to Plaintiff.

**REQUEST NO. 34:**  If you have entered into a settlement agreement pertaining to this lawsuit with any party to this lawsuit, or any other person or entity, produce that settlement agreement.

**RESPONSE:**

None.

**REQUEST NO. 35:**  Produce any records relating to any of your documents or files that have been destroyed or disposed of in the last two years through the trial of this action.

**RESPONSE:**

Defendant objects to this Request as overly broad in scope and time, unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope,

including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

**REQUEST NO. 36:**   Produce any file indexes, directions or instructions you give to your employees regarding the review, preservation or destruction of any documents.

**RESPONSE:**

     Defendant objects to this Request as overly broad in time and unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request to the extent it improperly invades the attorney-client and work-product privileges.

**REQUEST NO. 37:**   Produce all brochures, pamphlets, warnings, instructions, training information or other similar documents that you distribute to your employees, your associates or to subcontractors, persons or entities who work for you or assist you in the workplace.

**RESPONSE:**

     Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, and 33. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 38:**   Produce all corporate codes of conduct, legal codes or other similar policies or procedures that you adopted or had in place from January 1, 2016 through the present.

**RESPONSE:**

     Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, and 37. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 39:**   Produce all audio or video recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.

**RESPONSE:**

     None.

**REQUEST NO. 40:**   Produce your complete policy manual, policy statement, employee handbook, or any other document evidencing, referring to, or relating to your procedures for disciplinary action or termination of employment, including any appeal therefrom, as effective in May 2019.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, 37, and 38. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 41:**   Produce your complete policy manual, policy statement, employee handbook, or any other documents that were in effect in May of 2019 that evidence, refer to, or relate to your policy regarding absenteeism, sick leave, sick days, personal days, and missing or leaving work to attend to personal or family medical needs.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of other requests, including Request No. 40. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 42:**   Any and all documents related to any agreements between Defendants and/or Plaintiff and any modifications thereto.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "agreements." Subject to, and without waiving these objections, Defendant will produce documents that it keeps regarding Plaintiff that relates to her employment.

**REQUEST NO. 43:**   Any and all notes, memoranda, or correspondence and communications between Plaintiff and Plaintiff's supervisor or Plaintiff and Human Resources in the past five years.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. As written, Defendant would be required to produce documents between Plaintiff and Defendant unrelated to the subject matter of this litigation. Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy*

*v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant will produce the relevant communications with Plaintiff related to her timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 44:**  All billing statements that Defendants' attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 45:**  Produce documents indicating the number of hours that the Defendants' attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of timesheets or bills that reflect the number of hours Defendants' attorneys have worked, whether billed, or not charged to Defendants.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 46:**  Produce any and all reviews, performance appraisals, memos, studies or other similar documents which indicate that the Plaintiff's position was eliminated or was going to be eliminated due to general department or company downsizing or lay-offs.

**RESPONSE:**

Defendant objects to this Request as assuming facts not in evidence. Notwithstanding and without waiving these objections, none.

**REQUEST NO. 47:**  Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Texas Workforce Commission, the TWC Civil Rights Division, the Texas Worker's Compensation Commission, or the EEOC regarding Plaintiff's employment with you or the ending of Plaintiff's employment with you.

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

**REQUEST NO. 48:**  Any and all documents that relate to the Plaintiff's application for employment with you.

**RESPONSE:**

Defendant objects to this Request on the grounds that it duplicative of Request No. 6. Notwithstanding and without waiving this objection, Defendant will produce documents that it keeps regarding Plaintiff that relates to her application for employment.

**REQUEST NO. 49:**  Any and all resumes, analyses, notes, memos or similar documents relating to the Plaintiff's efforts to seek employment from other employers since the ending of Plaintiff's employment with you.

**RESPONSE:**

None.

**REQUEST NO. 50:**  Produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 51:**  Produce the most current resume of every expert used for consultation but not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 52:**  Produce all documents, including all tangible reports, maps, compilations of data or other materials, sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony which concerns any aspect of this lawsuit.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 53:**  Produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices or bills generated by said experts.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 54:**  Pursuant to *Lunsford v. Morris,* 746 S.W.2d 471 (1988), produce a copy of your balance sheet for the year Plaintiff was fired.

**RESPONSE:**

Defendant objects to this request on the grounds that it calls for the production of financial information protected by Defendant's right to privacy.  Defendant further objects to this request on the grounds that it is not relevant to any party's claims or defenses.

**REQUEST NO. 55:**  Produce any documents referenced or described by category in your Rule 26(a)(l) Initial Disclosures

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ____/s/ Janet L. Smith_____
       ANDREW T. TURNER
       Texas State Bar No. 24008968
       andrew.turner@ogletree.com
       JANET L. SMITH
       Texas State Bar No. 24089755
       janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    This is to certify that on June 22, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.

    _/s/ Janet L. Smith_____
JANET L. SMITH

43237809.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-02057-N** |
| | § | |
| **AIR SYSTEM COMPONENTS, INC.** | § | |
| **and JOHNSON CONTROLS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT AIR SYSTEM COMPONENTS, INC.'S
OBJECTIONS AND ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**TO:**  **JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas  75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Air System Components, Inc. ("Defendant" or "ASC") hereby serves its Objections and Answers to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Set of Interrogatories to Defendants Air System Components, Inc. and Johnson Controls ("JCI") as follows:

## GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents, and information prepared in anticipation of litigation or for trial, and/or documents and information that is or relates to the mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

2. Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents and information relating to matters not raised by Plaintiff's Original Complaint, on the grounds that such information is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence.

**DEFENDANT'S OBJECTIONS AND ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**EXHIBIT E**

3.      Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents or information already or exclusively within the knowledge, possession, or control of Plaintiff, or which is a public record or otherwise readily available to Plaintiff from other sources.

4.      Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.      Defendant objects to Plaintiff's definitions of "Your associates," as "your employees, agents, servants, partners, representatives, subsidiaries, affiliates, principals, privies, directors, and officers" as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to these definitions as vague and ambiguous. Plaintiff previously defined "your" as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc."

6.      Defendant objects to Plaintiff's definition of "incident," as "any disciplinary investigations or actions taken against Plaintiff and/or the termination of Plaintiff's employment relationship with Defendants," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to this definition as vague and ambiguous. Defendant also objects to this definition as assuming facts not in evidence, specifically, that Defendant Johnson Controls, Inc. employed Plaintiff.

7.      Defendant objects to the Interrogatories, including the Definitions, to the extent they expand and/or modify the scope of the Federal Rules of Civil Procedure or seek to impose a duty or obligation beyond that required under such rules.

8.      Defendant objects to the Interrogatories to the extent they seek information regarding third parties who are not parties to this action as violative of the third parties' privacy rights.  Any third party information found to be relevant can only be produced subject to an appropriate protective order.

9.      Defendant is engaged in continuing discovery in this case.  Accordingly, all of the answers contained herein are based upon such information as is presently available to and specifically known to Defendant.  Defendant specifically reserves the right to supplement these answers if and to the extent required or permitted under the Federal Rules of Civil Procedure.

10.      Defendant incorporates by reference each of the foregoing General Objections into the following enumerated Answers and Objections.  Defendant will also state specific objections to the Interrogatories when appropriate.  By setting forth such specific objections, Defendant does not limit or restrict the General Objections set forth above.  To the extent Defendant answers any Interrogatory, such answer does not constitute a waiver of any general or specific objection.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:**   Please identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories.  If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding and without waiving this objection, answers to these Interrogatories were prepared by counsel with assistance from Tesa Bolt.

**INTERROGATORY NO. 2:**   Set forth every reason Defendant(s) terminated Plaintiff's employment.

**ANSWER:** Defendant objects to this interrogatory as vague, and ambiguous.  Additionally, Defendant objects to this interrogatory as seeking to have Defendant marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions.  Notwithstanding and without waiving these objections, documents that contain information that is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production. Moreover, Defendant answers that it terminated Plaintiff's employment based on her documented timeclock violations.

**INTERROGATORY NO. 3:**  Identify each expert used for consultation who is not expected to be called as a witness at trial (either through live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert identified in your disclosures, under Federal Rule 26(a)(2).

> **Note:**   If any expert who may testify has <u>reviewed</u> any reports, calculations, or documents generated by a consulting expert or talked to the consulting expert, please identify the consulting expert who generated the reports, calculations, or documents.

**ANSWER:** Defendant objects on the grounds that this Interrogatory seeks information protected by the attorney/client privilege. Defendant further objects to this Interrogatory on the grounds that it seeks to require Defendant to marshal its evidence and available proof it intends to offer before trial. Defendant reserves the right to supplement its answer to this Interrogatory at a later date.

**INTERROGATORY NO. 4:**   If you have an insurance policy or contractual indemnity agreement which could or would respond in whole or in part to the claims of any party to this lawsuit, please identify the name of each carrier, the limits of coverage for each carrier, and for each carrier, state whether the carrier has denied or admitted coverage or is defending under a non-waiver or reservation of rights.

**ANSWER:** Defendant will produce the declarations page of its applicable insurance policy, if any.

**INTERROGATORY NO. 5:**   Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to why Plaintiff was fired, the incident or this lawsuit.  This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence.  This interrogatory includes a request to identify all persons known to you, your associates or your attorneys who claim to know how, when or why Plaintiff was fired.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is overbroad and requests information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks to invade the privacy rights of non parties. Defendant also objects to this Interrogatory as it is vague and ambiguous as to the term "incident." Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers: Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried.

**INTERROGATORY NO. 6:**   If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

**ANSWER:** None.

**INTERROGATORY NO. 7:**   If you contend that Plaintiff's active Petition or Complaint incorrectly states your name or that you have been sued under an incorrect name or in an incorrect capacity, or that an incorrect corporate entity has been sued, please identify your correct name, your correct capacity, or the correct corporate entity.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is vague and ambiguous, as Plaintiff defines "your" as "either and both" Defendant Air System Components, Inc., and Defendant Johnson Controls, Inc.

Notwithstanding and without waiving these objections, Defendant states that Plaintiff's active Complaint correctly states its name.

**INTERROGATORY NO. 8:**   If you or your associates have ever talked to the Plaintiff or Plaintiff's agents, servants, employees, friends, partners, or anyone in the employ of the Plaintiff regarding the incident or the reasons why Plaintiff was fired, or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by the Plaintiff or anyone acting on Plaintiff's behalf regarding the incident or the reasons for Plaintiff's firing or any other fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or those who may be an "agent of Plaintiff," which is undefined. Defendant has no way of knowing whom Plaintiff may contend are or were her "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with any of her alleged "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff."

**INTERROGATORY NO. 9:**   Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years by any person, union, or other entity regarding FMLA, disability discrimination, or any unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no complaints alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 10:**   Identify every lawsuit filed in the last five years against you or your predecessor or successor corporations alleging any cause of action for FMLA, disability discrimination, worker's compensation retaliation, wrongful discharge or unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff

worked had no lawsuits alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 11:**  Identify all employees who worked for you in the same office as Plaintiff who were employed by you at any time when Plaintiff was employed by you.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Plaintiff was the only individual in her office who reported to Cindy Addington.

**INTERROGATORY NO. 12:**  For each individual identified in the previous interrogatory, indicate their disability status and whether they have requested or used disability accommodations or FMLA leave within the past five years.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 13:**  Describe any negative entries in Plaintiff's personnel file including, but not limited to, all reprimands, warnings, disciplinary actions, probation, complaints, or any type of disciplinary action taken against Plaintiff.

**ANSWER:** Defendant objects to this interrogatory as overly broad, vague, and ambiguous. Additionally, Defendant objects to this interrogatory as seeking to have Defendant marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions. Notwithstanding and without waiving these objections, documents that contain information that is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production.

**INTERROGATORY NO. 14:**   Identify all persons involved in the decision to terminate Plaintiff, including any person who was consulted about the decision, as well as any individual who had to sign off on or approve the decision, and for each such person, provide his or her full name, job title, and if not still employed by Defendant, his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory as vague, and ambiguous and beyond the permissible scope of discovery under Rule 26(b). Defendant further objects to the Interrogatory for the contact information for individuals who may be contacted only through counsel. Accordingly, Defendant will not provide contact information for individuals who may be contacted only through counsel. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers that the following persons are known to Defendant at this time to have been involved in the decision to terminate Plaintiff's employment: Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried.

**INTERROGATORY NO. 15:**   Identify every person Defendant(s) interviewed, spoke with, talked to, consulted, etc. about the facts giving rise to Plaintiff's termination, and for each such person, provide his or her full name, job title, and if not still employed by Defendant(s), his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it seeks to impermissibly invade the attorney-client and work-product privileges, and further is vague and ambiguous and overly broad. Notwithstanding and without waiving these objections, Defendant answers Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried.

**INTERROGATORY NO. 16:**   For every person identified in response to the previous Interrogatory, set forth whether that person declined to terminate, did not approve of the decision to terminate, or refused to sign off on or approve the decision to terminate, any other employee who engaged in the same or similar conduct as Plaintiff, as set forth in your response to Interrogatory No. 2, and identify those individual employees who were not terminated.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 17:**  For any person identified in the previous Interrogatory answer as being someone who was not terminated, set forth the reasons the individual's employment was not terminated.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 18:**  Identify any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual identified in your response(s) above as being a person who participated in the decision to fire Plaintiff, and for each such incidence, state the name of the person making the complaint, the name of the person against whom or about whom the complaint was made, and the nature or basis of the complaint.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no charges or complaints alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 19:**  For any incidence identified in your response to the previous Interrogatory, identify any subsequently filed lawsuit.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no lawsuits alleging FMLA or disability discrimination or related retaliation as against Plaintiff's former supervisor other than this lawsuit since 2015.

**INTERROGATORY NO. 20:**  Please state the number of, and describe with particularity, all written or oral customer complaints of which you are aware concerning Plaintiff's work performance, co-worker interaction, or any other work-related activities or interactions of Plaintiff.

**ANSWER:** Defendant objects to this interrogatory as overly broad, and vague and ambiguous as to the phrase "customer complaints."  Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 21:**  Which person or entity do you contend employed Plaintiff?

**ANSWER:**

    Defendant Air System Components, Inc. employed Plaintiff during the relevant period.

**INTERROGATORY NO. 22:**  If you contend that the Plaintiff has failed to mitigate her damages, please identify all facts, proof or evidence on which you base this contention including any job offers that you claim the Plaintiff received that Plaintiff should have accepted.

**ANSWER:** Defendant objects to this interrogatory as impermissibly seeking to have Defendant marshal all of its evidence.

**INTERROGATORY NO. 23:**  If you, your attorneys or your associates have any knowledge, either directly or indirectly, of any admission against interest or any statement or admission of any kind made by Plaintiff or anyone acting by or on the Plaintiff's behalf regarding the reasons for the termination of Plaintiff's employment with you or any fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or with anyone who may have been "acting by or on the Plaintiff's behalf," which is undefined. Defendant has no way of knowing whom Plaintiff may contend was or was not "acting by or on the Plaintiff's behalf." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with anyone "acting by or on the Plaintiff's behalf."

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:_____ /s/ Janet L. Smith_____
     ANDREW T. TURNER
     Texas State Bar No. 24008968
     andrew.turner@ogletree.com
     JANET L. SMITH
     Texas State Bar No. 24089755
     janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

     This is to certify that on June 22, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.

     _/s/ Janet L. Smith_____
     JANET L. SMITH

43207656.1

**VERIFICATION**

STATE OF TEXAS            §
                          §
COUNTY OF DALLAS          §

My name is Tesa Bolt. I am over eighteen years of age and am competent to make this verification. I am employed by Defendant Air System Components, Inc. as the Senior Human Resources Generalist. I attest I have read the foregoing Answers and Objections to Plaintiff's Interrogatories to Defendant Air System Components, Inc. No one person has personal knowledge of all facts contained in the Interrogatory answers. All of the answers specified are based on information provided at least in part by other persons. Based on the information provided, I attest that I have read the foregoing Answers and Objections to Plaintiff's Interrogatories to Defendant Air System Components and that the answers to the Interrogatories are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _22_ day of _June_____ 2020.

_____
Tesa Bolt

*Law Office of*

# JOHN MEAZELL, P.C.

*1400 Gables Court*
*Plano, Texas 75075*
*(972) 881-4300*
*Telecopier (972) 398-8488*

September 25, 2020

**Via First Class Mail and Email:  janet.smith@ogletree.com**
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225

      Re:    *Jocelyn J. Alvarado v. Air System Components, Inc. and Johnson Controls, Inc.*
             Civil Action No. 3:19-cv-02057-N
             In the United States District court for the Norther District of Texas

Ms. Smith:

      This letter, similarly to your own letter of August 21, 2020, is to confer with you regarding certain deficiencies in your clients' discovery responses, in the hope that we can resolve these issues without the Court's intervention.  The following Interrogatory and Request for Production answers and responses are insufficient and/or contain improper objections.

Interrogatories – ASC and JCI
      All Interrogatories - To the extent that JCI's failure to answer or failure to answer completely any particular interrogatory is based on its contention that JCI was not Plaintiff's employer, that objection is generally improper.  The question of whether Plaintiff was an employee of JCI is a fact question to be determined in the case and evidence related to JCI's employees, whether it acknowledges Plaintiff as being one or not, is therefore relevant to the determination of that issue.  Since the questions are posed to the Defendants in both the conjunctive and disjunctive, the answers are not dependent upon the individual Defendant's acknowledgement of employment of the Plaintiff.  In other words, JCI should provide the requested information in each interrogatory regardless of whether it acknowledges Plaintiff as a past employee.  Otherwise, because the responses to interrogatories from the two Defendants were virtually identical, with the exception of JCI's additional objection on the basis of its denial that it is an employer of the Plaintiff, the following deficiencies are applicable to both sets of responses.

      Interrogatory No. 2 – This answer is in improper form.  No documents produced were identified as being responsive to this interrogatory.  To the extent Defendants wish to produce relevant documents in response to a specific interrogatory, the specific document which contains the requested information must be indicated.  Please supplement your answers to produce the referred to document(s) and clearly designate the document(s) which is/are believed to be responsive to this interrogatory.

      Interrogatory No. 3 – This answer is either incomplete or in need of clarification. Defendants' objection that a request for identification of other experts whose opinions and materials form the basis of the opinions of a testifying expert is invalid, as Rule 26 permits the

**EXHIBIT F**      083

discovery of facts, opinions, and assumptions provided to testifying experts as the basis for their opinions.  To the extent that any item is claimed to be privileged, the nature of the item must be disclosed sufficiently to allow the requesting party to assess the privilege claim.  Alternatively, Defendants' reservation of the right supplement does not confirm that there are in fact no responsive items in existence at this time, if such is the intent.  Please supplement your answer to either identify the items which you are claiming are privileged or confirm that no responsive items currently exist.

Interrogatory No. 4 – This answer is ambiguous.  Please supplement your answer to either provide the requested information or indicate affirmatively that it does not exist.

Interrogatory No. 5 – This answer is incomplete.  Defendants provide the names of five individuals, but do not provide said individuals' present or last known address and telephone number and present or last known employer, as "identify" is defined in Plaintiff's requests. Please supplement your answer to provide the remaining requested information.

Interrogatory No. 8 – No answer is provided.  To the extent Defendants' refusal to answer is based on an assertion of privilege, sufficient information should be given to allow the claim of privilege to be assessed.  To the extent Defendants' refusal to answer is based on the inability to identify the "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff," the proper response would be either to identify those statements and/or admissions which took place between individuals who are recognized by Defendants to be among those listed or to respond that no such statements exist.  Please supplement your answer to address these deficiencies.

Interrogatory No. 11 – This answer is incomplete.  The interrogatory requests the identity of all employees of Defendants who worked in the same office as Plaintiff during the time Plaintiff was employed by Defendants.  This is a reasonably limited category of information which is relevant to the issues of the case as persons likely to have direct knowledge of the circumstances of Plaintiff's employment with Defendants.  Without explanation, the Defendants' answer states that "Plaintiff was the only individual in her office who reported to Cindy Addington."  Please supplement your answer in a manner that actually answers the interrogatory as requested.

Interrogatory No. 13 – This answer is in improper form.  No documents produced were identified as being responsive to this interrogatory.  To the extent Defendants wish to produce relevant documents in response to a specific interrogatory, the specific document which contains the requested information must be indicated.  Please supplement your answers to produce the referred to document(s) and clearly designate the document(s) which is/are believed to be responsive to this interrogatory.

Interrogatories No. 14 and 15 – These answers are incomplete.  Defendants provide the names of five individuals, but do not provide said individuals' present or last known job title with Defendants or last known home address and telephone number, as specified in the interrogatories.  Please supplement your answers to provide the remaining requested information.

Interrogatories No. 16 and 17 – These answers are ambiguous.  Since the interrogatories do not seek the number or existence of a particular item, the answer of "none" is not responsive

084

to the interrogatory as phrased.  Please supplement your answer in a manner that actually answers the interrogatory as requested.

Interrogatories No. 18 and 19 – These answers are incomplete.  The interrogatories are properly limited in scope – the requests are explicitly limited to information regarding "any individual identified in your response(s) above as being a person who participated in the decision to fire Plaintiff," i.e. the five individuals named in Defendants' responses to interrogatories 14 and 15, and specifically within the last 10 years, which corresponds to the time Plaintiff was employed by Defendants.  Instead, Defendants' answers are limited to only one of the named individuals and only five years.  Please supplement your responses to provide the remaining requested information.

Interrogatory No. 22 – No answer is provided.  The issue of mitigation has been placed in issue by Defendants' own pleadings, and it is permissible to inquire as to the facts or evidence supporting a legal claim or defense.  Please supplement your answer to provide the requested information or confirm that there are no such facts or evidence.

Interrogatory No. 23 - No answer is provided.  To the extent Defendants' refusal to answer is based on an assertion of privilege, sufficient information should be given to allow the claim of privilege to be assessed.  To the extent Defendants' refusal to answer is based on the inability to identify those "acting by or on the Plaintiff's behalf," the proper response would be either to identify those statements and/or admissions which took place between individuals who are recognized by Defendants to be among those listed or to respond that no such statements exist.  Please supplement your answer to address these deficiencies.

<u>Requests for Production – ASC</u>
All Requests for Production - To the extent that JCI's failure to produce any particular requested item is based on its contention that JCI was not Plaintiff's employer, that objection is generally improper.  The question of whether Plaintiff was an employee of JCI is a fact question to be determined in the case and evidence related to JCI's employees, whether it acknowledges Plaintiff as being one or not, is therefore relevant to the determination of that issue.  Since the questions are posed to the Defendants in both the conjunctive and disjunctive, the answers are not dependent upon the individual Defendant's acknowledgement of employment of the Plaintiff.  In other words, JCI should produce the requested items in each request regardless of whether it acknowledges Plaintiff as a past employee.  Please supplement JCI's responses without refusing to respond based upon contested fact issues.

Additionally, many of the responses indicate that the Defendants "will produce" the requested items.  Please clarify your responses to indicate which items have in fact been produced within the timeframe indicated for the requests and which items are not yet produced.

Otherwise, to the extent the objections to the requests from the two Defendants are identical, the following deficiencies are applicable to both sets of responses.

Request for Production No. 2 – This answer is incomplete.  The request is properly limited in scope, being explicitly limited to information regarding complaints of "FMLA, or disability discrimination", which are the same claims which Plaintiff is pursuing, and specifically within the last 10 years, which corresponds to the time Plaintiff was employed by Defendants.  Instead, Defendants' answers are limited to only one individual and only five years.  Please supplement your responses to produce the remaining responsive items.

Request for Production No. 6 – This answer is incomplete.  Defendant objects that the phrase "personnel file" is ambiguous, but that phrase is specifically defined in the instructions to the requests.  Instead, Defendants' answers are limited to only items "regarding Plaintiff that relate to her compensation, benefits, and performance."  Please supplement your response to produce the remainder of Plaintiff's personnel file, as the term is defined in the instructions.

Request for Production No. 7 – This answer is incomplete.  Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions.  Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim.  The request seeks information related to the "Plaintiff's position, employment, performance, or discipline."  Defendant objects to the phrase "Plaintiff's position" as being vague, but it is unclear how – the term "position" in an employment context is commonly understood to mean "job" and the activities associated with it.  Information related to Plaintiff's job is relevant to determining actions taken by the Defendants, their motivations, and the validity of the defenses raised by Defendants.  Instead, Defendants answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's timeclock violation."  This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions.  Please supplement your answers to produce the remainder of the items responsive to the request.  The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 8 – This request is not answered.  Defendant objects that the request is not properly limited in scope, but the request is specifically limited to "any person involved in the decision to terminate Plaintiff's employment," which list apparently consists of only five persons, as identified in Defendant's response to Plaintiff's Interrogatory No. 5, and items documenting the same type of behavior and dispute which Plaintiff is alleging against Defendant in this case.  Please supplement your responses to produce the items responsive to the request.

Request for Production No. 9 – This request is not answered.  Defendant objects that the request is not properly limited in scope, but the request is specifically limited to "any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination," i.e. potential fact witnesses of the actions taken by Defendants against Plaintiff in this case, and items documenting the same type of behavior and dispute which Plaintiff is alleging against Defendant in this case.  Please supplement your responses to produce the items responsive to the request.

Request for Production No. 10 - This answer is incomplete.  Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions.  Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim.  Defendant objects that the phrase "facts giving rise" is ambiguous, but this is a commonly used phrase, and was not identified as being vague in Request No. 9.  The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and items related to Plaintiff's medical conditions and leave (Plaintiff's alleged basis for the termination) or her job performance or violations (Defendants' alleged basis for the termination).  Instead, Defendants answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's

timeclock violation." This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions. Please supplement your answers to produce the remainder of the items responsive to the request. The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 11 – This request is not answered. Defendant objects that the request is not properly limited in scope, but the request is specifically limited to "any person involved in the decision to terminate Plaintiff's employment," which list apparently consists of only five persons, as identified in Defendant's response to Plaintiff's Interrogatory No. 5, and items documenting the same type of behavior and dispute which Plaintiff is alleging against Defendant in this case. Please supplement your responses to produce the items responsive to the request.

Request for Production No. 12 – This request is not answered. Defendant objects that the request is not properly limited in scope, but the request is specifically limited to "any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination," i.e. potential fact witnesses of the actions taken by Defendants against Plaintiff in this case, and items documenting the same type of behavior and dispute which Plaintiff is alleging against Defendant in this case. Please supplement your responses to produce the items responsive to the request.

Request for Production No. 13 – This request is not answered. Defendant objects that the request is not properly limited in scope, but the request is specifically limited to "any person involved in the decision to terminate Plaintiff's employment," which list apparently consists of only five persons, as identified in Defendant's response to Plaintiff's Interrogatory No. 5, and items documenting the same type of behavior and dispute which Plaintiff is alleging against Defendant in this case. Please supplement your responses to produce the items responsive to the request.

Request for Production No. 14 - This answer is incomplete. Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions. Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim. Defendant objects that the phrase "provided a reason or basis" is ambiguous, but this is a commonly used phrase. The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and items related to Plaintiff's medical conditions and leave (Plaintiff's alleged basis for the termination) or her job performance or violations (Defendants' alleged basis for the termination). Instead, Defendants' answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's timeclock violation." This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions. Please supplement your answers to produce the remainder of the items responsive to the request. The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

087

Request for Production No. 15 - This answer is incomplete.  Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions.  Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim.  Defendant objects that the phrase "provided a reason or basis" is ambiguous, but this is a commonly used phrase.  The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and items related to Plaintiff's medical conditions and leave (Plaintiff's alleged basis for the termination) or her job performance or violations (Defendants' alleged basis for the termination).  Instead, Defendants' answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's timeclock violation."  This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions.  Please supplement your answers to produce the remainder of the items responsive to the request.  The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 16 - This answer is incomplete.  The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and items related to Plaintiff's medical conditions and leave (Plaintiff's alleged basis for the termination) or her job performance or violations (Defendants' alleged basis for the termination) and identifies the category of documents sought by their type and content.  Instead, Defendants' answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's timeclock violation."  This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions.  Please supplement your answers to produce the remainder of the items responsive to the request.  The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 17 - This answer is incomplete.  Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions.  Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim.  Defendant objects that the phrase "provided a reason or basis" is ambiguous, but this is a commonly used phrase.  The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and items related to Plaintiff's medical conditions and leave (Plaintiff's alleged basis for the termination) or her job performance or violations (Defendants' alleged basis for the termination) and identifies the category of documents sought by their type and content.  Instead, Defendants' answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's timeclock violation."  This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions.  Please supplement your answers to produce the remainder of the items responsive to the request.  The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 22 – This answer is incomplete.  The request is properly limited in scope, being explicitly limited to "charges of discrimination, internal or external

088

complaints of discriminatory treatment, or other concerns voiced about unlawful treatment", which are the same claims which Plaintiff is pursuing, and specifically "at the hands of any person identified in your Interrogatory responses as having participated in the decision to discipline or discharge Plaintiff," which apparently consists of only five persons per Defendants' response to Plaintiff's Interrogatory No. 5, and specifically within the last 10 years, which corresponds to the time Plaintiff was employed by Defendants.  Instead, Defendants' answers are limited to only one individual and only five years.  Please supplement your responses to produce the remaining responsive items.

Request for Production No. 24 - This answer is incomplete.  Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions.  Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim.  The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and items "related in any way to discussion to discipline, put on probation, or terminate Plaintiff, without regard to the purported basis for such actions.  Instead, Defendants' answers are limited to only items "concerning Plaintiff's performance, and concerning Plaintiff's timeclock violation."  This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions.  Please supplement your answers to produce the remainder of the items responsive to the request.  The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 30 - This request is not answered.  Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions.  Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim.  The request is inherently limited in time and scope to the time period that Plaintiff was employed by Defendants and "any person involved in the decision to terminate Plaintiff's employment," which apparently consists of only five persons per Defendants' response to Plaintiff's Interrogatory No. 5.  Please supplement your answers to produce the items responsive to the request.  The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 33 - This request is not answered.  Defendant objects that the phrase "retention policy" is vague and ambiguous, when such phrase is commonly understood to mean an organization's established protocol for retaining information for operational or regulatory compliance needs.  Defendant's objection that the request is "overly broad as to time and scope" disregards the inherent nature and purpose of having a retention policy, either company-wide or specific to certain departments.  Please supplement your answers to produce the items responsive to the request.

Request for Production No. 35 – This request is not answered.  In response to Defendant's objection that the Request is overly broad in scope and time, unduly burdensome, and outside the scope of permissible discovery, Plaintiff responds that Defendants may limit their responses to those items related to the same type of discrimination (ADA or FMLA), the facility where Plaintiff was employed, and/or to the individuals alleged to have discriminated against

Plaintiff (i.e. the individuals identified as having been involved in the decision to terminate Plaintiff). Please supplement your responses to produce the items responsive to this request.

Request for Production No. 36 - This request is not answered. Defendant's objection that the request is "overly broad in time and unduly burdensome, and outside the scope of permissible discovery" disregards the inherent nature and purpose of having a retention policy, either company-wide or specific to certain departments. Defendant objects that the request seeks privileged information, which is explicitly excluded from Plaintiff's requests in the accompanying instructions. Moreover, Defendant does not identify the items over which privilege is asserted sufficiently for Plaintiff to assess the claim. Please supplement your answers to produce the items responsive to the request.

Request for Production No. 43 - This answer is incomplete. The request is explicitly limited in time and scope to "communications between Plaintiff and Plaintiff's supervisor of Plaintiff and Human Resources in the past five years." Such time frame is fully within the time of Plaintiff's employment and corresponds closely to the time period before, during, and up until Plaintiff's termination and during which she made medical leave requests of the Defendants. The parties to the communications have already been identified as being involved in the decision to terminate Plaintiff. Instead, Defendants' answers are limited to "the relevant communications with Plaintiff related to her timeclock violation." This appears to be a misdirection intended to keep the focus of the case on Defendants' purported justifications while precluding any investigation of any other possible context or motive for Defendants' actions. Please supplement your answers to produce the remainder of the items responsive to the request. The term "ESI" is not defined, but presumably it refers to "electronic search information", in which case we can confer to discuss custodians and search terms in the course of resolving these other discovery matters.

Request for Production No. 54 – This request is not answered. Defendant objects on the grounds that the request "calls for the production of financial information protected by Defendant's right to privacy" and "is not relevant to any party's claims or defenses. However, as established in *Lunsford v. Morris*, "a defendant's net worth is subject to pre-trial discovery" because "such information is relevant to the issue of punitive or, as they are sometimes called, exemplary damages." Plaintiff has made such claims in this case. Please supplement your answers to produce the items responsive to the request.

Please consider this letter as part of our good faith effort to confer with you to resolve these issues before involving the Court. Please address the items addressed above and provide full and complete answers and responses to Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents, or contact me to confer further regarding resolution of these discovery matters, by 5:00 p.m. on October 2, 2020. If we do not receive the amended and/or supplemental responses and production or otherwise hear from you by the foregoing date and time, we will proceed with preparing a Motion to Compel to file with the Court.

Sincerely,

*/s/: Landon H. Thompson*

Landon H. Thompson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv- |
| | § | 02057-N |
| AIR SYSTEM COMPONENTS, | § | |
| INC. and JOHNSON CONTROLS, | § | |
| INC., | § | |
| | § | |
| **Defendants.** | | |

### AMENDED NOTICE OF ORAL DEPOSITION OF TESSA BOLT

TO:   Defendants, by and through Defendants' attorneys of record:

Andrew T. Turner
andrew.turner@ogletree.com
Janet L. Smith
janet.smith@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Tel: (214) 987-3800
Fax: (214) 987-3927

PLEASE TAKE NOTICE that Plaintiff shall take the deposition of the Tessa Bolt at 9:00 a.m., on the 18th day of November 2020, at The Meazell Firm, 1400 Gables Court, Plano, Texas 75075 and continuing thereafter from day to day until completed. The deposition may be taken and deponent may appear by video conference, in which case specific arrangements for video conferencing will be sent prior to the scheduled deposition time.

The deposition will be recorded stenographically and may be videotaped.

AMENDED NOTICE OF ORAL DEPOSITION OF TESSA BOLT
Page 1 of 2

**EXHIBIT G**   092

DATED this November 9, 2020.

Respectfully Submitted,

THE MEAZELL FIRM
1400 Gables Court
Plano, Texas 75075
(972) 881-4300
(972) 398-8488 - Fax

By: */s/ Landon H. Thompson*
Landon H. Thompson
24033265
l.thompson@meazellfirm.com
John G. Meazell
00791242
j.meazell@meazellfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on this 9th day of November 2020, a true and correct copy of the foregoing was served on all counsel/parties of record.

*/s/ Landon H. Thompson*
Landon H. Thompson

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with opposing counsel regarding the above and foregoing Notice and opposing counsel has agreed to this setting.

*/s/ Landon H. Thompson*
Landon H. Thompson

AMENDED NOTICE OF ORAL DEPOSITION OF TESSA BOLT
Page 2 of 2

093

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-** |
| | § | **02057-N** |
| **AIR SYSTEM COMPONENTS,** | § | |
| **INC. and JOHNSON CONTROLS,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | | |

## NOTICE OF ORAL DEPOSITION OF THE CORPORATE REPRESENTATIVE OF JOHNSON CONTROLS, INC.

TO:   Defendants, by and through their attorneys of record:

Andrew T. Turner
andrew.turner@ogletree.com
Janet L. Smith
janet.smith@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Tel:  (214) 987-3800
Fax:  (214) 987-3927

PLEASE TAKE NOTICE that Plaintiff shall take the deposition of the Corporate Representative of Johnson Controls Inc., at 9:00 a.m., following the recess or conclusion of the deposition of Tessa Bolt, on the 18th day of November 2020, at The Meazell Firm, 1400 Gables Court, Plano, Texas 75075 and continuing thereafter from day to day until completed.  The deposition may be taken and deponent may appear by video conference, in which case specific arrangements for video conferencing will be sent prior to the scheduled deposition time.

AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE REPRESENTATIVE
OF JOHNSON CONTROLS, INC.
Page 1 of 3

**EXHIBIT H**   094

Examination will be conducted on the following matters:

1)  Organizational structure of the Defendants, including relative operational authority over Plaintiff's former position;

2)  Standard policies and procedures for initiation, investigation, and disciplinary decision-making of alleged misconduct by employees potentially leading to termination, including but not limited to information on any investigations and results regarding other employees of the Defendants accused of the same or similar alleged conduct for which Plaintiff was terminated;

3)  Initiation, investigation, and disciplinary decision-making procedures taken by Defendants in regards to Plaintiff's termination;

4)  Standard policies and practices for application for and approval of medical leave by employees;

5)  Notices, applications, and other related communications and documentation related to any disabilities, accommodations, or medical leave claims applied for or taken by Plaintiff.

Pursuant to FRCP 30(b)(6), Air System Components, Inc. is instructed to designate, a reasonable time before the deposition, one or more individuals to testify on its behalf and set forth, for each individual designated, the matter(s) on which the individual will testify.

The designated individuals are directed to bring and produce originals or true and correct copies of any documents constituting evidence of the above-referenced matters in the possession of or subject to the control of Air System Components, Inc.

The deposition will be recorded stenographically and may be videotaped.

DATED this November 9, 2020.


Respectfully Submitted,

THE MEAZELL FIRM
1400 Gables Court
Plano, Texas 75075
(972) 881-4300
(972) 398-8488 - Fax

AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE REPRESENTATIVE
OF JOHNSON CONTROLS, INC.
Page 2 of 3

095

By: */s/ Landon H. Thompson*
Landon H. Thompson
24033265
l.thompson@meazellfirm.com
John G. Meazell
00791242
j.meazell@meazellfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of November 2020, a true and correct copy of the foregoing was served on all counsel/parties of record.

*/s/ Landon H. Thompson*
Landon H. Thompson

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with opposing counsel regarding the above and foregoing Notice and opposing counsel has agreed to this setting.

*/s/ Landon H. Thompson*
Landon H. Thompson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-** |
| | § | **02057-N** |
| **AIR SYSTEM COMPONENTS,** | § | |
| **INC. and JOHNSON CONTROLS,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | | |

**AMENDED NOTICE OF ORAL DEPOSITION OF THE
CORPORATE REPRESENTATIVE OF AIR SYSTEM
COMPONENTS, INC.**

TO:   Defendants, by and through their attorneys of record:

Andrew T. Turner
andrew.turner@ogletree.com
Janet L. Smith
janet.smith@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Tel:  (214) 987-3800
Fax:  (214) 987-3927

PLEASE TAKE NOTICE that Plaintiff shall take the deposition of the
Corporate Representative of Johnson Controls Inc., at 10:00 a.m. on the 3rd day of
December 2020, at The Meazell Firm, 1400 Gables Court, Plano, Texas 75075 and
continuing thereafter from day to day until completed.  The deposition may be taken
and deponent may appear by video conference, in which case specific arrangements
for video conferencing will be sent prior to the scheduled deposition time.

**EXHIBIT I**                                    097

Examination will be conducted on the following matters:

1)  Organizational structure of the Defendants, including relative operational authority over Plaintiff's former position;

2)  Standard policies and procedures for initiation, investigation, and disciplinary decision-making of alleged misconduct by employees potentially leading to termination, including but not limited to information on any investigations and results regarding other employees of the Defendants accused of the same or similar alleged conduct for which Plaintiff was terminated;

3)  Initiation, investigation, and disciplinary decision-making procedures taken by Defendants in regards to Plaintiff's termination;

4)  Standard policies and practices for application for and approval of medical leave by employees;

5)  Notices, applications, and other related communications and documentation related to any disabilities, accommodations, or medical leave claims applied for or taken by Plaintiff.

Pursuant to FRCP 30(b)(6), Air System Components, Inc. is instructed to designate, a reasonable time before the deposition, one or more individuals to testify on its behalf and set forth, for each individual designated, the matter(s) on which the individual will testify.

The designated individuals are directed to bring and produce originals or true and correct copies of any documents constituting evidence of the above-referenced matters in the possession of or subject to the control of Air System Components, Inc.

The deposition will be recorded stenographically and may be videotaped.

DATED this November 9, 2020.


Respectfully Submitted,

THE MEAZELL FIRM
1400 Gables Court
Plano, Texas 75075
(972) 881-4300
(972) 398-8488 - Fax

AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE REPRESENTATIVE
OF AIR SYSTEM COMPONENTS, INC.
Page 2 of 3

By: */s/ Landon H. Thompson*
Landon H. Thompson
24033265
l.thompson@meazellfirm.com
John G. Meazell
00791242
j.meazell@meazellfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of November 2020, a true and correct copy of the foregoing was served on all counsel/parties of record.

*/s/ Landon H. Thompson*
Landon H. Thompson

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with opposing counsel regarding the above and foregoing Notice and opposing counsel has agreed to this setting.

*/s/ Landon H. Thompson*
Landon H. Thompson

AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE REPRESENTATIVE
OF AIR SYSTEM COMPONENTS, INC.
Page 3 of 3

099

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-02057-N** |
| | § | |
| **AIR SYSTEM COMPONENTS, INC.** | § | |
| **and JOHNSON CONTROLS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS JOHNSON CONTROLS, INC.'S
FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST
<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

**TO:    JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas 75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Johnson Controls, Inc. ("Defendant" or "JCI") hereby serves its First Amended Objections and Responses to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Request for Production of Documents to Defendants JCI and Air System Components, Inc. ("ASC") as follows:

<u>GENERAL OBJECTIONS</u>

1.    Discovery is continuing, and the responses herein are based upon information presently available to Defendants. Defendants reserve the right to supplement these responses if and to the extent required and permitted under the Federal Rules of Civil Procedure.

2.    Defendant objects to Plaintiff's Definitions and Instructions to the extent they purport to place duties and requirements on Defendant that exceed those required by the Rules in violation of Rule 26(b). Defendant will comply with the Federal Rules of Civil Procedure.

3.    Defendant objects to these Requests, including the Definitions and Instructions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents and information prepared in anticipation of litigation or for trial, and/or documents and information that are or relate to the

---

mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

4.     Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.     To the extent that Plaintiff's Requests seek documents in native format, Defendant objects to this request as unduly burdensome, as seeking information not proportional to the needs of the case, and as imposing obligations on Defendant beyond those permissible under the Federal Rules of Civil Procedure.

Subject to and without waiving or in any way limiting these general objections, Defendant provides the following specific objections and responses to Plaintiff's First Request for Production.

## <u>SPECIFIC OBJECTIONS AND RESPONSES</u>

**<u>REQUEST NO. 1:</u>**  Produce all policies, procedures, guidelines, pamphlets, EEO statements or other similar documents which evidence, refer to, or relate to your efforts to comply with ADA rules, regulations, or guidelines.

**<u>RESPONSE:</u>**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Request to the extent it is overly broad with respect to temporal scope and subject matter and because it is vague and ambiguous. Notwithstanding and without waiving these objections, Defendant produced the EEO policies in effect during Plaintiff's employment with ASC.

**<u>REQUEST NO. 2:</u>**  Produce all petitions and counterclaims filed in the last 10 years alleging that you terminated, retaliated against or discriminated against any employee complaining of FMLA, or disability discrimination.

**<u>RESPONSE:</u>**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request as unduly burdensome and overly broad and not properly limited in time or scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, no petitions or lawsuits have been filed alleging FMLA or

disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 3:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last three years regarding your policies and procedures concerning FMLA, disability discrimination, or the treatment of disabled employees.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Request to the extent it is overly broad with respect to temporal scope and subject matter and because it is vague and ambiguous. Notwithstanding and without waiving these objections, Defendant has produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 4:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons or entities regarding your policies or procedures for requesting medical leave.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Request to the extent it is overly broad with respect to temporal scope and subject matter and because it is vague and ambiguous. Notwithstanding and without waiving these objections, Defendant has produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 5:**  Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies or procedures related to disability discrimination, harassment, or the reporting of such discriminatory practices.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3 and 4.  Notwithstanding and without waiving these objections, Defendant has produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 6:**  Produce Plaintiff's entire personnel file.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "personnel file." Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file.

**REQUEST NO. 7:** For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce any document or any file or folder or collection of documents or e-mails maintained by such person that contains information concerning Plaintiff's position, employment, performance, or discipline, or that discusses, refers to, or relates to Plaintiff's position, employment, or performance. This Request includes any supervisor file, desk file, or other file or folder maintained by any of Plaintiff's direct or indirect supervisors.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrases "concerning Plaintiff's position," and "refers to . . . Plaintiff's position." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file, but has produced all documents concerning Plaintiff's timeclock violations.

**REQUEST NO. 8:** For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce from that person's personnel file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P,

2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).  Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 9:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce from that person's employment file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 10:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce a copy of any written notes, e mails, diaries, etc. that discuss, refer to, or relate to those interviews.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "facts giving rise to." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant produced all documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 11:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of such person's complete personnel file.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 12:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of all documentation regarding the charge or complaint, and any related investigation. This Request is specifically limited to the preceding ten years

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 13:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of any documents Defendant submitted to any administrative agency, such as the Equal Employment Opportunity Commission, the Texas Workforce Commission, the Texas Commission on Human Rights, etc. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request on the grounds that it is duplicative of Request number 12. Defendant also objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 14:**  Produce a copy of any document that provided a reason or basis for Defendant's decision to terminate Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad and fails to specify a category of documents.  Notwithstanding and without waiving these objections, Defendants produced all documents concerning Plaintiff's timeclock violations.

**REQUEST NO. 15:**  Produce a copy of any document that provided a reason or basis for Defendant's decision to discipline Plaintiff at any point during Plaintiff's employment within the last ten years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents.  Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file, but has produced all documents concerning Plaintiff's timeclock violations.

**REQUEST NO. 16:**  Produce a copy of any email or other written communication between Plaintiff and Defendant (and any of its employees) that discusses, refers to, or mentions Plaintiff's employment performance and/or any of the reasons identified as a basis for terminating Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents.  Notwithstanding and without waiving these objections, Defendant has produced all documents concerning Plaintiff's timeclock violations.

**REQUEST NO. 17:**  Produce a copy of any email or other written communication between any of Defendant's employees that discusses, refers to, or mentions Plaintiff's employment performance, and/or any of the reasons identified as a basis for terminating Plaintiff's employment, and/or any intent or desire to see Plaintiff's employment terminated.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents.  Notwithstanding and without waiving these objections, Defendant produced documents concerning the reason identified as the basis for Plaintiff's termination.

**REQUEST NO. 18:**  Produce a copy of any policy, procedure, employee handbook, or other document that governed Plaintiff's employment with Defendant at any time during Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, and 5. Notwithstanding and without waiving these objections, as Defendant was not Plaintiff's employer, none.

**REQUEST NO. 19:**  Produce a copy of any document showing Plaintiff's entitlement to wages, fringe benefits, health insurance, life insurance, retirement benefits, or other work-related compensation or benefits.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "entitlement to . . . work-related compensation or benefits."  Notwithstanding and without waiving these objections, Defendant produced relevant earnings details.

**REQUEST NO. 20:**  Produce a copy of any organizational chart for the unit, division, or entity that employed Plaintiff.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).  Notwithstanding and without waiving these objections, none.

**REQUEST NO. 21:**  If you believe or contend there is an agreement between the parties to arbitrate the issues that form the basis of this Lawsuit, produce a copy of all documents related to or referencing such agreement.

**RESPONSE:**

None.

**REQUEST NO. 22:**  With respect to any charges of discrimination, internal or external complaints of discriminatory treatment, or other concerns voiced about unlawful treatment at the hands of any person identified in your Interrogatory responses as having participated in the decision to discipline or discharge Plaintiff, produce a copy of any document you filed with any

external administrative agency concerning such complaints, including the Texas Workforce Commission, the Equal Employment Opportunity Commission, and the Texas Commission on Human Rights. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome, overly broad in time and scope and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC,* No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant states that it is unaware of any internal or external complaints or Administrative Filings alleging complaints of the same nature as Plaintiff's allegations and involving any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 23:**  Produce any reviews, performance appraisals, memos, studies or other similar documents generated by any of your employees concerning Plaintiff's complaints that Defendants discriminated against Plaintiff that were created prior to the date this lawsuit was filed.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Request as vague and ambiguous and assuming facts not in evidence. Defendant further objects to this Request as overly broad and not limited to any documents that would have been directly relevant to Plaintiff.  Notwithstanding and without waiving these objections, none.

**REQUEST NO. 24:**  Produce all minutes, interoffice correspondence, audio or video recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections,

Defendant produced documents and communications concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 25:**  Produce all reviews, performance appraisals, memos, studies or other similar documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests No. 1. Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file.

**REQUEST NO. 26:**  Produce any organizational chart describing or illustrating the authority or relationships among any positions or personnel in any department or company in which Plaintiff worked as it existed in May 2019.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant further objects to this Request as duplicative of Requests No. 20. Defendant also objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**REQUEST NO. 27:**  Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memoranda, which evidence, refer to, or relate to the duties and requirements of Plaintiff's employment position.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant also objects to this Request as duplicative of Requests Nos. 1 and 25. Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file.

**DEFENDANT JCI'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**                                              **Page 11**

110

**REQUEST NO. 28:**  Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of Plaintiff's job performance.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant also objects to this Request as duplicative of Requests Nos. 1, 25, and 27. Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file.

**REQUEST NO. 29:**  Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of the job performance of the department or company in which Plaintiff was employed.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as duplicative of Requests Nos. 1, 25, 27, and 28. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "quality of the job performance," as it relates to the department or company in which Plaintiff was employed.

**REQUEST NO. 30:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce all business calendars and/or appointment books kept by such person during Plaintiff's period of employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, to the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 31:**  Produce any employee manual, handbook or other document reflecting the general employment terms, conditions, duties, responsibilities, compensation, or benefits of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, and 18. Notwithstanding and without waiving these objections, as Defendant was not Plaintiff's employer, none.

**REQUEST NO. 32:**  If you claim Plaintiff received your employee handbook, produce all acknowledgments, receipts, memos, or other similar documents indicating that Plaintiff received a copy of what you allege is your employee handbook.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "indicating that Plaintiff received a copy." Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file.

**REQUEST NO. 33:**  Produce all policies, procedures, memos, guidelines, standards or other similar documents indicating the document retention policy you had in place from January 1, 2016 through the present.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as vague and ambiguous regarding a "retention policy," as Defendant is unsure to what or whom the alleged retention policy applies. Defendant further objects to this Request as overly broad as to time and scope and not limited to any documents that would have been directly relevant to Plaintiff. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 34:**  If you have entered into a settlement agreement pertaining to this lawsuit with any party to this lawsuit, or any other person or entity, produce that settlement agreement.

**RESPONSE:**

None.

**REQUEST NO. 35:**  Produce any records relating to any of your documents or files that have been destroyed or disposed of in the last two years through the trial of this action.

---

**DEFENDANT JCI'S FIRST AMENDED OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as overly broad in scope and time, unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant will produce policies indicating the document retention policy in place in 2019.

**REQUEST NO. 36:**  Produce any file indexes, directions or instructions you give to your employees regarding the review, preservation or destruction of any documents.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as overly broad in time and unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request to the extent it improperly invades the attorney-client and work-product privileges. Notwithstanding and without waiving these objections, Defendant will produce policies indicating the document retention policy in place in 2019.

**REQUEST NO. 37:**  Produce all brochures, pamphlets, warnings, instructions, training information or other similar documents that you distribute to your employees, your associates or to subcontractors, persons or entities who work for you or assist you in the workplace.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, and 33. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 38:**  Produce all corporate codes of conduct, legal codes or other similar policies or procedures that you adopted or had in place from January 1, 2016 through the present.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, and 37. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 39:**  Produce all audio or video recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Notwithstanding and without waiving these objections, none.

**REQUEST NO. 40:**  Produce your complete policy manual, policy statement, employee handbook, or any other document evidencing, referring to, or relating to your procedures for disciplinary action or termination of employment, including any appeal therefrom, as effective in May 2019.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, 37, and 38. Notwithstanding and without waiving these objections, Defendant will produce the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 41:**  Produce your complete policy manual, policy statement, employee handbook, or any other documents that were in effect in May of 2019 that evidence, refer to, or relate to your policy regarding absenteeism, sick leave, sick days, personal days, and missing or leaving work to attend to personal or family medical needs.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of other requests, including Request No. 40. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment with ASC.

**REQUEST NO. 42:**  Any and all documents related to any agreements between Defendants and/or Plaintiff and any modifications thereto.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "agreements." Notwithstanding and without waiving these objections, none.

**REQUEST NO. 43:**  Any and all notes, memoranda, or correspondence and communications between Plaintiff and Plaintiff's supervisor or Plaintiff and Human Resources in the past five years.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. As written, Defendant would be required to produce documents between Plaintiff and Defendant unrelated to the subject matter of this litigation. Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant produced the relevant communications with Plaintiff related to the basis for her termination. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 44:**  All billing statements that Defendants' attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 45:**  Produce documents indicating the number of hours that the Defendants' attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of timesheets or bills that reflect the number of hours Defendants' attorneys have worked, whether billed, or not charged to Defendants.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 46:**  Produce any and all reviews, performance appraisals, memos, studies or other similar documents which indicate that the Plaintiff's position was eliminated or was going to be eliminated due to general department or company downsizing or lay-offs.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Notwithstanding and without waiving these objections, Defendant will produce communications regarding the potential elimination of Plaintiff's position.

**REQUEST NO. 47:**  Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Texas Workforce Commission, the TWC Civil Rights Division, the Texas Worker's Compensation Commission, or the EEOC regarding Plaintiff's employment with you or the ending of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Notwithstanding and without waiving these objections, to the extent Defendant has documents responsive to this Request, they will be produced.

**REQUEST NO. 48:**   Any and all documents that relate to the Plaintiff's application for employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this Request on the grounds that it duplicative of Request No. 6. Notwithstanding and without waiving these objections, Defendant was not Plaintiff's employer and did not maintain her personnel file.

**REQUEST NO. 49:**  Any and all resumes, analyses, notes, memos or similar documents relating to the Plaintiff's efforts to seek employment from other employers since the ending of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant further objects that this Request assumes facts not in evidence.  Notwithstanding and without waiving these objections, to the extent Defendant has documents responsive to this Request, they will be produced.

**REQUEST NO. 50:**  Produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 51:**  Produce the most current resume of every expert used for consultation but not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed. Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 52:**  Produce all documents, including all tangible reports, maps, compilations of data or other materials, sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony which concerns any aspect of this lawsuit.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 53:**  Produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert

who you may call to testify at trial through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices or bills generated by said experts.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 54:** Pursuant to *Lunsford v. Morris,* 746 S.W.2d 471 (1988), produce a copy of your balance sheet for the year Plaintiff was fired.

**RESPONSE:**

Defendant objects to this Request as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Further, Defendant objects to this request on the grounds that it calls for the production of financial information protected by Defendant's right to privacy.

**REQUEST NO. 55:** Produce any documents referenced or described by category in your Rule 26(a)(l) Initial Disclosures

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: ___*/s/ Janet L. Smith*___
ANDREW T. TURNER
Texas State Bar No. 24008968
andrew.turner@ogletree.com
JANET L. SMITH
Texas State Bar No. 24089755
janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 12, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.


_/s/ Janet L. Smith_
JANET L. SMITH


44952349.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02057-N |
| | § | |
| AIR SYSTEM COMPONENTS, INC. | § | |
| and JOHNSON CONTROLS, INC., | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS AIR SYSTEMS COMPONENTS, INC.'S**
**FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**TO:   JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas  75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Air Systems Components, Inc. ("Defendant" or "ASC") hereby serves its First Amended Objections and Responses to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Request for Production of Documents to Defendants ASC and Johnson Controls, Inc. ("JCI") as follows:

**GENERAL OBJECTIONS**

1.     Discovery is continuing, and the responses herein are based upon information presently available to Defendants.  Defendants reserve the right to supplement these responses if and to the extent required and permitted under the Federal Rules of Civil Procedure.

2.     Defendant objects to Plaintiff's Definitions and Instructions to the extent they purport to place duties and requirements on Defendant that exceed those required by the Rules in violation of Rule 26(b).  Defendant will comply with the Federal Rules of Civil Procedure.

3.     Defendant objects to these Requests, including the Definitions and Instructions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents and information prepared in anticipation of litigation or for trial, and/or documents and information that are or relate to the

**EXHIBIT K**

mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

4.    Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.    To the extent that Plaintiff's Requests seek documents in native format, Defendant objects to this request as unduly burdensome, as seeking information not proportional to the needs of the case, and as imposing obligations on Defendant beyond those permissible under the Federal Rules of Civil Procedure.

Subject to and without waiving or in any way limiting these general objections, Defendant provides the following specific objections and responses to Plaintiff's First Request for Production.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**  Produce all policies, procedures, guidelines, pamphlets, EEO statements or other similar documents which evidence, refer to, or relate to your efforts to comply with ADA rules, regulations, or guidelines.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 3, 4, and 5. Notwithstanding and without waiving these objections, Defendant produced the EEO policies in effect during Plaintiff's employment.

**REQUEST NO. 2:**  Produce all petitions and counterclaims filed in the last 10 years alleging that you terminated, retaliated against or discriminated against any employee complaining of FMLA, or disability discrimination.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad and not properly limited in time or scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request as outside the scope of permissible discovery under Rule 26(b), and further that it seeks documents typically filed as a matter of record and are thus equally available to Plaintiff if such documents exist. Notwithstanding and without waiving these objections, no petitions or lawsuits have been filed alleging FMLA or disability discrimination as

against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 3:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last three years regarding your policies and procedures concerning FMLA, disability discrimination, or the treatment of disabled employees.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 4, and 5. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 4:**  Produce all brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you distributed to your employees, officers, directors, agents, servants, representatives, persons or entities regarding your policies or procedures for requesting medical leave.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3 and 5. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 5:**  Produce your complete policy manual, code of conduct, policy statement, employee handbook or any other publication in effect during Plaintiff's employment tenure with you concerning any of your policies or procedures related to disability discrimination, harassment, or the reporting of such discriminatory practices.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. For example, the request is not limited to policies during Plaintiff's employment with Defendant. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3 and 4. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 6:**  Produce Plaintiff's entire personnel file.

**RESPONSE:**

Defendant has produced Plaintiff's entire personnel file.

**REQUEST NO. 7:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce any document or any file or folder or collection of documents or e-mails maintained by such person that contains information concerning Plaintiff's position, employment, performance, or discipline, or that discusses, refers to, or relates to Plaintiff's position, employment, or performance. This Request includes any supervisor file, desk file, or other file or folder maintained by any of Plaintiff's direct or indirect supervisors.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrases "concerning Plaintiff's position," and "refers to . . . Plaintiff's position." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant produced documents concerning Plaintiff's performance and termination. To the extent this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 8:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce from that person's personnel file a copy of all complaints, discipline, performance improvement plans, performance reviews, and any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 9:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce from that person's employment file a copy of all complaints, discipline, performance improvement plans, performance reviews, and

any documents that discuss, mention, or reference complaints of harassment, discrimination, or unfair treatment made against such person.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 10:**  For any person Defendant interviewed, spoke with, talked to, or consulted about the facts giving rise to Plaintiff's termination, produce a copy of any written notes, e mails, diaries, etc. that discuss, refer to, or relate to those interviews.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "facts giving rise." Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant produced documents, communications, and notes concerning its investigation into Plaintiff's timeclock violations.

**REQUEST NO. 11:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of such person's complete personnel file.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this

request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 12:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of all documentation regarding the charge or complaint, and any related investigation. This Request is specifically limited to the preceding ten years

**RESPONSE:**

 Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 13:**  For any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce a copy of any documents Defendant submitted to any administrative agency, such as the Equal Employment Opportunity Commission, the Texas Workforce Commission, the Texas Commission on Human Rights, etc. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

 Defendant objects to this Request on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co*., No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request on the grounds that it is duplicative of Request number 12. Defendant also objects to

this request because it is violative of third parties' privacy rights, as it seeks information regarding third parties who are not parties to this action. Notwithstanding and without waiving these objections, no complaints have been filed alleging FMLA or disability discrimination as against any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 14:**   Produce a copy of any document that provided a reason or basis for Defendant's decision to terminate Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant produced documents concerning Plaintiff's timeclock violations, which formed the basis of her termination.

**REQUEST NO. 15:**   Produce a copy of any document that provided a reason or basis for Defendant's decision to discipline Plaintiff at any point during Plaintiff's employment within the last ten years.

**RESPONSE:**

Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant produced all documents concerning Plaintiff's timeclock violations.

**REQUEST NO. 16:**   Produce a copy of any email or other written communication between Plaintiff and Defendant (and any of its employees) that discusses, refers to, or mentions Plaintiff's employment performance and/or any of the reasons identified as a basis for terminating Plaintiff's employment.

**RESPONSE:**

Defendant objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant produced documents concerning Plaintiff's performance and the reason identified as the basis for Plaintiff's termination. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 17:**  Produce a copy of any email or other written communication between any of Defendant's employees that discusses, refers to, or mentions Plaintiff's employment performance, and/or any of the reasons identified as a basis for terminating Plaintiff's employment, and/or any intent or desire to see Plaintiff's employment terminated.

**RESPONSE:**

    Defendant objects to this Request on the grounds that it invades the attorney-client and work-product privileges, and further seeks to improperly have Defendant marshal its available proof or the proof Defendant intends to offer at trial before depositions have been taken. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrase "provided a reason or basis." Defendant further objects to this Request because it is overly broad as to time and scope and fails to specify a category of documents. Notwithstanding and without waiving these objections, Defendant produced communications concerning the basis for Plaintiff's termination. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 18:**  Produce a copy of any policy, procedure, employee handbook, or other document that governed Plaintiff's employment with Defendant at any time during Plaintiff's employment.

**RESPONSE:**

    Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, and 5. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 19:**  Produce a copy of any document showing Plaintiff's entitlement to wages, fringe benefits, health insurance, life insurance, retirement benefits, or other work-related compensation or benefits.

**RESPONSE:**

    Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "entitlement to . . . work-related compensation or benefits." Notwithstanding and without waiving these objections, Defendant produced relevant earnings details.

**REQUEST NO. 20:**  Produce a copy of any organizational chart for the unit, division, or entity that employed Plaintiff.

**RESPONSE:**

    Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497,

at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**REQUEST NO. 21:**  If you believe or contend there is an agreement between the parties to arbitrate the issues that form the basis of this Lawsuit, produce a copy of all documents related to or referencing such agreement.

**RESPONSE:**

    None.

**REQUEST NO. 22:**  With respect to any charges of discrimination, internal or external complaints of discriminatory treatment, or other concerns voiced about unlawful treatment at the hands of any person identified in your Interrogatory responses as having participated in the decision to discipline or discharge Plaintiff, produce a copy of any document you filed with any external administrative agency concerning such complaints, including the Texas Workforce Commission, the Equal Employment Opportunity Commission, and the Texas Commission on Human Rights. This Request is specifically limited to the preceding ten years.

**RESPONSE:**

    Defendant objects to this Request as unduly burdensome, overly broad in time and scope and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant states that it is unaware of any internal or external complaints of the same nature as Plaintiff's allegations and involving any of the individuals identified as decision-makers in Plaintiff's termination in the past five years, which would be the relevant scope of any inquiry.

**REQUEST NO. 23:**  Produce any reviews, performance appraisals, memos, studies or other similar documents generated by any of your employees concerning Plaintiff's complaints that Defendants discriminated against Plaintiff that were created prior to the date this lawsuit was filed.

**RESPONSE:**

    Defendant objects to this Request as vague and ambiguous and assuming facts not in evidence. Defendant further objects to this Request as overly broad and not limited to any documents that would have been directly relevant to Plaintiff. Notwithstanding and without waiving these objections, none.

**DEFENDANT ASC'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**    **Page 9**

128

**REQUEST NO. 24:**  Produce all minutes, interoffice correspondence, audio or video recordings, or other documents related in any way to any discussion to discipline, put on probation, or terminate Plaintiff. This request includes a request for any documents memorializing or concerning any and all meetings where any such decisions were discussed or considered.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, Defendant produced all documents concerning Plaintiff's timeclock violations. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 25:**  Produce all reviews, performance appraisals, memos, studies or other similar documents relevant to promotions, pay rate decisions, pay increases, raises or the rate of Plaintiff's compensation while Plaintiff was employed with you.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests No. 1. Subject to, and without waiving the foregoing objections, Defendant produced all performance appraisals and documents that it keeps regarding Plaintiff that relate to her compensation, benefits, and performance.

**REQUEST NO. 26:**  Produce any organizational chart describing or illustrating the authority or relationships among any positions or personnel in any department or company in which Plaintiff worked as it existed in May 2019.

**RESPONSE:**

Defendant objects to this Request as duplicative of Requests No. 20. Defendant also objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. Civ-A-V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**REQUEST NO. 27:**  Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memoranda, which evidence, refer to, or relate to the duties and requirements of Plaintiff's employment position.

---

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests Nos. 1 and 25. Subject to, and without waiving the foregoing objections, Defendant produced all performance appraisals.

**REQUEST NO. 28:**  Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of Plaintiff's job performance.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests Nos. 1, 25, and 27. Subject to, and without waiving the foregoing objections, Defendant produced all performance appraisals.

**REQUEST NO. 29:**  Produce all reviews, performance appraisals, memos, studies or other similar documents, including internal memorandum, which evidence, refer to, or relate to the quality of the job performance of the department or company in which Plaintiff was employed.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome, and overly broad in scope and not limited in time or location. Defendant further objects to this Request as duplicative of Requests Nos. 1, 25, 27, and 28. Defendant further objects to this Request on the grounds that it is vague and ambiguous as to the phrases "quality of the job performance," in reference to Plaintiff's department or company. Subject to, and without waiving the foregoing objections, Defendant produced all of Plaintiff's performance appraisals.

**REQUEST NO. 30:**  For any person involved in the decision to terminate Plaintiff's employment, including any person who had to sign off on or approve the decision to terminate Plaintiff's employment, produce all business calendars and/or appointment books kept by such person during Plaintiff's period of employment with you.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks information that is protected by the attorney-client and work-product privileges. Defendant further objects to this Request because it is overly broad, unduly burdensome, and not properly limited with regard to time, seeks information outside the permissible scope of discovery under Rule 26(b) in that the documents requested are not relevant or proportionate to the needs of the case. Notwithstanding and without waiving these objections, to the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 31:** Produce any employee manual, handbook or other document reflecting the general employment terms, conditions, duties, responsibilities, compensation, or benefits of Plaintiff's employment with you.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, and 18. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 32:** If you claim Plaintiff received your employee handbook, produce all acknowledgments, receipts, memos, or other similar documents indicating that Plaintiff received a copy of what you allege is your employee handbook.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "indicating that Plaintiff received a copy." Notwithstanding and without waiving these objections, Defendant produced all documents that it keeps regarding Plaintiff that relate to her policy acknowledgements.

**REQUEST NO. 33:** Produce all policies, procedures, memos, guidelines, standards or other similar documents indicating the document retention policy you had in place from January 1, 2016 through the present.

**RESPONSE:**

Defendant objects to this Request as vague and ambiguous regarding a "retention policy," as Defendant is unsure to what or whom the alleged retention policy applies. Defendant further objects to this Request as overly broad as to time and scope and not limited to any documents that would have been directly relevant to Plaintiff. Notwithstanding and without waiving these objections, Defendant will produce policies indicating the document retention policy in place in 2019.

**REQUEST NO. 34:** If you have entered into a settlement agreement pertaining to this lawsuit with any party to this lawsuit, or any other person or entity, produce that settlement agreement.

**RESPONSE:**

None.

**REQUEST NO. 35:** Produce any records relating to any of your documents or files that have been destroyed or disposed of in the last two years through the trial of this action.

**DEFENDANT ASC'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**                    **Page 12**

131

**RESPONSE:**

Defendant objects to this Request as overly broad in scope and time, unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant will produce policies indicating the document retention policy in place in 2019.

**REQUEST NO. 36:**   Produce any file indexes, directions or instructions you give to your employees regarding the review, preservation or destruction of any documents.

**RESPONSE:**

Defendant objects to this Request as overly broad in time and unduly burdensome, and outside the scope of permissible discovery under Rule 26(b). Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *See also Conboy v. Edward D. Jones & Co.,* No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Defendant further objects to this Request to the extent it improperly invades the attorney-client and work-product privileges. Notwithstanding and without waiving these objections, Defendant will produce policies indicating the document retention policy in place in 2019.

**REQUEST NO. 37:**   Produce all brochures, pamphlets, warnings, instructions, training information or other similar documents that you distribute to your employees, your associates or to subcontractors, persons or entities who work for you or assist you in the workplace.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, and 33. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 38:**   Produce all corporate codes of conduct, legal codes or other similar policies or procedures that you adopted or had in place from January 1, 2016 through the present.

**RESPONSE:**

Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of

requests numbers 1, 3, 4, 5, 18, 33, and 37. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 39:**  Produce all audio or video recordings, and any transcripts of same, of any meeting, conversation or event in which Plaintiff was a participant or a topic of discussion.

**RESPONSE:**

    None.

**REQUEST NO. 40:**  Produce your complete policy manual, policy statement, employee handbook, or any other document evidencing, referring to, or relating to your procedures for disciplinary action or termination of employment, including any appeal therefrom, as effective in May 2019.

**RESPONSE:**

    Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of requests numbers 1, 3, 4, 5, 18, 33, 37, and 38. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 41:**  Produce your complete policy manual, policy statement, employee handbook, or any other documents that were in effect in May of 2019 that evidence, refer to, or relate to your policy regarding absenteeism, sick leave, sick days, personal days, and missing or leaving work to attend to personal or family medical needs.

**RESPONSE:**

    Defendant objects to this Request as unduly burdensome and overly broad in scope and not limited in time. Defendant further objects on the grounds that this request is duplicative of other requests, including Request No. 40. Notwithstanding and without waiving these objections, Defendant produced the relevant policies in effect during Plaintiff's employment.

**REQUEST NO. 42:**  Any and all documents related to any agreements between Defendants and/or Plaintiff and any modifications thereto.

**RESPONSE:**

    Defendant objects to this Request on the grounds that it is vague and ambiguous as to the phrase "agreements." Subject to, and without waiving these objections, Defendant produced documents that it keeps regarding Plaintiff that relate to her employment.

**REQUEST NO. 43:**  Any and all notes, memoranda, or correspondence and communications between Plaintiff and Plaintiff's supervisor or Plaintiff and Human Resources in the past five years.

**DEFENDANT ASC'S FIRST AMENDED OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**    **Page 14**

133

**RESPONSE:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. As written, Defendant would be required to produce documents between Plaintiff and Defendant unrelated to the subject matter of this litigation. Defendant objects on the grounds that this request is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant produced the relevant communications with Plaintiff related to the basis for her termination. To the extent that this Request includes a request for ESI, Defendant is willing to discuss custodians and search terms for a reasonable search.

**REQUEST NO. 44:**  All billing statements that Defendants' attorneys have generated for work done regarding this lawsuit. Descriptions of work performed may be redacted from the documents produced.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 45:**  Produce documents indicating the number of hours that the Defendants' attorneys have spent working on this lawsuit. The Plaintiff does not request a description of the work done, merely the portion of timesheets or bills that reflect the number of hours Defendants' attorneys have worked, whether billed, or not charged to Defendants.

**RESPONSE:**

Defendant objects to this Request as seeking documents and information beyond the scope of permissible discovery under Rule 26(b). Defendant's attorneys' fees are only relevant in the event the Court awards a party his or its fees after prevailing in this matter. Should the Court make such an award, and should the Court order Defendant to produce documents in response to this Request, Defendant will provide them.

**REQUEST NO. 46:**  Produce any and all reviews, performance appraisals, memos, studies or other similar documents which indicate that the Plaintiff's position was eliminated or was going to be eliminated due to general department or company downsizing or lay-offs.

**RESPONSE:**

Defendant objects to this Request as assuming facts not in evidence. Notwithstanding and without waiving these objections, Defendant will produce communications regarding the potential elimination of Plaintiff's position.

**REQUEST NO. 47:** Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Texas Workforce Commission, the TWC Civil Rights Division, the Texas Worker's Compensation Commission, or the EEOC regarding Plaintiff's employment with you or the ending of Plaintiff's employment with you.

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

**REQUEST NO. 48:** Any and all documents that relate to the Plaintiff's application for employment with you.

**RESPONSE:**

Defendant objects to this Request on the grounds that it duplicative of Request No. 6. Notwithstanding and without waiving this objection, Defendant produced all documents that it keeps regarding Plaintiff that relates to her application for employment.

**REQUEST NO. 49:** Any and all resumes, analyses, notes, memos or similar documents relating to the Plaintiff's efforts to seek employment from other employers since the ending of Plaintiff's employment with you.

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

**REQUEST NO. 50:** Produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 51:** Produce the most current resume of every expert used for consultation but not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may call

to testify at trial through live or deposition testimony, or if any expert who may testify at trial has received any documents from or talked to any consulting expert.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is premature in that the deadline for Defendant to designate its experts has not passed Defendant will comply with the applicable expert designation, and to the extent Defendant retains an expert, responsive documents will be provided.

**REQUEST NO. 52:** Produce all documents, including all tangible reports, maps, compilations of data or other materials, sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony which concerns any aspect of this lawsuit.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 53:** Produce material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all invoices or bills generated by said experts.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks discovery beyond what is permitted under Rule 26(b), and further on the grounds that it is premature in that Defendant has asked, but not yet been allowed to depose Plaintiff, and the deadline for Defendant to designate its experts has not passed. Subject to, and without waiving the foregoing objections, Defendant will comply with the applicable expert designation and Rule 26, and to the extent Defendant retains an expert whose work product forms the basis of any testifying expert, responsive and required documents will be provided.

**REQUEST NO. 54:** Pursuant to *Lunsford v. Morris,* 746 S.W.2d 471 (1988), produce a copy of your balance sheet for the year Plaintiff was fired.

**RESPONSE:**

Defendant objects to this request on the grounds that it calls for the production of financial information protected by Defendant's right to privacy. Defendant further objects to this request on the grounds that it is not relevant to any party's claims or defenses.

**REQUEST NO. 55:** Produce any documents referenced or described by category in your Rule 26(a)(l) Initial Disclosures

**RESPONSE:**

To the extent Defendant has documents responsive to this Request, they will be produced.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: _____*/s/ Janet L. Smith*_____
     ANDREW T. TURNER
     Texas State Bar No. 24008968
     andrew.turner@ogletree.com
     JANET L. SMITH
     Texas State Bar No. 24089755
     janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on November 12, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.

_____*/s/ Janet L. Smith*_____
JANET L. SMITH

44940022.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-02057-N** |
| | § | |
| **AIR SYSTEM COMPONENTS, INC.** | § | |
| **and JOHNSON CONTROLS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT JOHNSON CONTROLS, INC.'S**
**FIRST AMENDED OBJECTIONS AND ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**TO:   JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas  75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Johnson Controls, Inc. ("Defendant" or "JCI") hereby serves its Objections and Answers to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Set of Interrogatories to Defendants Johnson Controls and Air System Components, Inc. ("AC") as follows:

## GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents, and information prepared in anticipation of litigation or for trial, and/or documents and information that is or relates to the mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

2.      Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents and information relating to matters not raised by Plaintiff's Original Complaint, on the grounds that such information is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence.

**EXHIBIT L**

3.     Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents or information already or exclusively within the knowledge, possession, or control of Plaintiff, or which is a public record or otherwise readily available to Plaintiff from other sources.

4.     Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.     Defendant objects to Plaintiff's definitions of "Your associates," as "your employees, agents, servants, partners, representatives, subsidiaries, affiliates, principals, privies, directors, and officers" as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to these definitions as vague and ambiguous. Plaintiff previously defined "your" as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc."

6.     Defendant objects to Plaintiff's definition of "incident," as "any disciplinary investigations or actions taken against Plaintiff and/or the termination of Plaintiff's employment relationship with Defendants," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to this definition as vague and ambiguous. Defendant also objects to this definition as assuming facts not in evidence, specifically, that Defendant Johnson Controls, Inc. employed Plaintiff.

7.     Defendant objects to the Interrogatories, including the Definitions, to the extent they expand and/or modify the scope of the Federal Rules of Civil Procedure or seek to impose a duty or obligation beyond that required under such rules.

8.     Defendant objects to the Interrogatories to the extent they seek information regarding third parties who are not parties to this action as violative of the third parties' privacy rights.  Any third party information found to be relevant can only be produced subject to an appropriate protective order.

9.     Defendant is engaged in continuing discovery in this case.  Accordingly, all of the answers contained herein are based upon such information as is presently available to and specifically known to Defendant.  Defendant specifically reserves the right to supplement these answers if and to the extent required or permitted under the Federal Rules of Civil Procedure.

10.     Defendant incorporates by reference each of the foregoing General Objections into the following enumerated Answers and Objections.  Defendant will also state specific objections to the Interrogatories when appropriate.  By setting forth such specific objections, Defendant does not limit or restrict the General Objections set forth above.  To the extent Defendant answers any Interrogatory, such answer does not constitute a waiver of any general or specific objection.

## <u>SPECIFIC OBJECTIONS AND ANSWERS</u>

**<u>INTERROGATORY NO. 1:</u>**   Please identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories.  If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

**<u>ANSWER:</u>** Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Defendant also objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Notwithstanding and without waiving said objections, answers to these Interrogatories were prepared by counsel with assistance from Tesa Bolt.

**<u>INTERROGATORY NO. 2:</u>**   Set forth every reason Defendant(s) terminated Plaintiff's employment.

**<u>ANSWER:</u>** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Interrogatory as seeking Defendant to marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions. Notwithstanding and without waiving these objections, Defendant answers that ASC terminated Plaintiff's employment based on her documented timeclock violations.

**<u>INTERROGATORY NO. 3:</u>**  Identify each expert used for consultation who is not expected to be called as a witness at trial (either through live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert identified in your disclosures, under Federal Rule 26(a)(2).

 **<u>Note:</u>**   If any expert who may testify has <u>reviewed</u> any reports, calculations, or documents generated by a consulting expert or talked to the consulting expert, please identify the consulting expert who generated the reports, calculations, or documents.

**<u>ANSWER:</u>** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant objects on the grounds that this Interrogatory seeks information protected by the attorney/client privilege. Defendant further objects to this Interrogatory on the grounds that it seeks to require Defendant to marshal its evidence and available proof it intends to offer before trial. Defendant reserves the right to supplement its answer to this Interrogatory at a later date.

**INTERROGATORY NO. 4:**   If you have an insurance policy or contractual indemnity agreement which could or would respond in whole or in part to the claims of any party to this lawsuit, please identify the name of each carrier, the limits of coverage for each carrier, and for each carrier, state whether the carrier has denied or admitted coverage or is defending under a non-waiver or reservation of rights.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Notwithstanding and without waiving this objection, Defendant produced the declarations page of its applicable insurance policy.

**INTERROGATORY NO. 5:**   Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to why Plaintiff was fired, the incident or this lawsuit.  This interrogatory includes a request for every person having knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence.  This interrogatory includes a request to identify all persons known to you, your associates or your attorneys who claim to know how, when or why Plaintiff was fired.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is overbroad and requests information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks to invade the privacy rights of nonparties. Defendant also objects to this Interrogatory as it is vague and ambiguous as to the term "incident." Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers:

Tesa Bolt, SR Human Resources Generalist
c/o Andrew Turner
Janet L. Smith
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800,

Cindy Addington, former Manager FP&A
2013 Eagle Aerie Ln
St Paul Ln, TX 75098
214-864-6364

Andrew Birner, VP Finance
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225

(214) 987-3800

Christine George, former Director, Human Resources Global Air Systems Products
15706 Kentucky Road
Belton, MO 64012
(816) 213-2169

Ryan Leibfried, Finance Director
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

**INTERROGATORY NO. 6:**  If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

**ANSWER:** Defendant states that, pursuant to recordkeeping policies, documents relevant to this lawsuit may have been destroyed from Plaintiff's company-issued computer shortly after her separation from ASC.

**INTERROGATORY NO. 7:**  If you contend that Plaintiff's active Petition or Complaint incorrectly states your name or that you have been sued under an incorrect name or in an incorrect capacity, or that an incorrect corporate entity has been sued, please identify your correct name, your correct capacity, or the correct corporate entity.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is vague and ambiguous, as Plaintiff defines "your" as "either and both" Defendant Air System Components, Inc., and Defendant Johnson Controls, Inc.

Notwithstanding and without waiving these objections, Defendant states that Plaintiff's active Complaint correctly states its name, but that it was not Plaintiff's employer.

**INTERROGATORY NO. 8:**  If you or your associates have ever talked to the Plaintiff or Plaintiff's agents, servants, employees, friends, partners, or anyone in the employ of the Plaintiff regarding the incident or the reasons why Plaintiff was fired, or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by the Plaintiff or anyone acting on Plaintiff's behalf regarding the incident or the reasons for Plaintiff's firing or any other fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer.  Defendant also objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects

to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or those who may be an "agent of Plaintiff," which is undefined. Defendant has no way of knowing whom Plaintiff may contend are or were her "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with any of her alleged "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff." Notwithstanding and without waiving these objections, Tesa Bolt and Cindy Addington spoke with Plaintiff regarding the reasons why she was fired.

**INTERROGATORY NO. 9:** Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years by any person, union, or other entity regarding FMLA, disability discrimination, or any unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no complaints in the past five years alleging FMLA or disability discrimination or related retaliation against any of the individuals identified as decision-makers in Plaintiff's termination.

**INTERROGATORY NO. 10:** Identify every lawsuit filed in the last five years against you or your predecessor or successor corporations alleging any cause of action for FMLA, disability discrimination, worker's compensation retaliation, wrongful discharge or unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: the facility where Plaintiff worked had no lawsuits in the past five years alleging FMLA or disability discrimination or related retaliation against any of the individuals identified as decision makers in Plaintiff's termination, other than this lawsuit.

**INTERROGATORY NO. 11:** Identify all employees who worked for you in the same office as Plaintiff who were employed by you at any time when Plaintiff was employed by you.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Plaintiff was the only individual in her office who reported to Cindy Addington.

**INTERROGATORY NO. 12:**   For each individual identified in the previous interrogatory, indicate their disability status and whether they have requested or used disability accommodations or FMLA leave within the past five years.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 13:**   Describe any negative entries in Plaintiff's personnel file including, but not limited to, all reprimands, warnings, disciplinary actions, probation, complaints, or any type of disciplinary action taken against Plaintiff.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this interrogatory as overly broad, vague, and ambiguous.  Additionally, Defendant objects to this interrogatory as seeking to have Defendant marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions. Notwithstanding and without waiving these objections, Defendant answers that it does not maintain Plaintiff's personnel file.

**INTERROGATORY NO. 14:**   Identify all persons involved in the decision to terminate Plaintiff, including any person who was consulted about the decision, as well as any individual who had to sign off on or approve the decision, and for each such person, provide his or her full name, job title, and if not still employed by Defendant, his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant further objects to the Interrogatory for the contact information for individuals who may be

contacted only through counsel. Accordingly, Defendant will not provide contact information for individuals who may be contacted only through counsel. Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers that the following persons are known to Defendant at this time to have been involved in the decision to terminate Plaintiff's employment:

Tesa Bolt, SR Human Resources Generalist
c/o Andrew Turner
Janet L. Smith
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800,

Cindy Addington, former Manager FP&A
2013 Eagle Aerie Ln
St Paul Ln, TX 75098
214-864-6364

Andrew Birner, VP Finance
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

Christine George, former Director, Human Resources Global Air Systems Products
15706 Kentucky Road
Belton, MO 64012
(816) 213-2169

Ryan Leibfried, Finance Director
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

**INTERROGATORY NO. 15:**  Identify every person Defendant(s) interviewed, spoke with, talked to, consulted, etc. about the facts giving rise to Plaintiff's termination, and for each such person, provide his or her full name, job title, and if not still employed by Defendant(s), his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it seeks to impermissibly invade the attorney-client and work-product privileges, and further is vague and ambiguous and overly broad. Notwithstanding and without waiving these objections, documents that contain information that is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production. Additionally, Defendant answers that Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried were consulted regarding the facts giving rise to Plaintiff's termination.

**INTERROGATORY NO. 16:**   For every person identified in response to the previous Interrogatory, set forth whether that person declined to terminate, did not approve of the decision to terminate, or refused to sign off on or approve the decision to terminate, any other employee who engaged in the same or similar conduct as Plaintiff, as set forth in your response to Interrogatory No. 2, and identify those individual employees who were not terminated.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none of these individuals declined to terminate, or refused to sign off on or approve the decision to terminate other documented timeclock violators at the facility where Plaintiff worked for the period of 2015 to present ..

**INTERROGATORY NO. 17:**   For any person identified in the previous Interrogatory answer as being someone who was not terminated, set forth the reasons the individual's employment was not terminated.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 18:**   Identify any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual identified in your response(s) above as

---

**DEFENDANT'S FIRST AMENDED OBJECTIONS AND ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**                                              **Page 9**

being a person who participated in the decision to fire Plaintiff, and for each such incidence, state the name of the person making the complaint, the name of the person against whom or about whom the complaint was made, and the nature or basis of the complaint.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: in the past five years the facility where Plaintiff worked had no charges or complaints alleging FMLA or disability discrimination or related retaliation as against any of the individuals identified as decision-makers in Plaintiff's termination.

**INTERROGATORY NO. 19:**  For any incidence identified in your response to the previous Interrogatory, identify any subsequently filed lawsuit.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: none.

**INTERROGATORY NO. 20:**  Please state the number of, and describe with particularity, all written or oral customer complaints of which you are aware concerning Plaintiff's work performance, co-worker interaction, or any other work-related activities or interactions of Plaintiff.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this interrogatory as overly broad, and vague and ambiguous as to the phrase "customer complaints."  Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 21:**  Which person or entity do you contend employed Plaintiff?

**ANSWER:**

Defendant Air System Components, Inc. employed Plaintiff during the relevant period.

**INTERROGATORY NO. 22:**   If you contend that the Plaintiff has failed to mitigate her damages, please identify all facts, proof or evidence on which you base this contention including any job offers that you claim the Plaintiff received that Plaintiff should have accepted.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant also objects to this interrogatory as impermissibly seeking to have Defendant marshal all of its evidence.

**INTERROGATORY NO. 23:**   If you, your attorneys or your associates have any knowledge, either directly or indirectly, of any admission against interest or any statement or admission of any kind made by Plaintiff or anyone acting by or on the Plaintiff's behalf regarding the reasons for the termination of Plaintiff's employment with you or any fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as seeking information not relevant to any claim or defense in this matter because Defendant was not Plaintiff's employer. Defendant objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or with anyone who may have been "acting by or on the Plaintiff's behalf," which is undefined. Defendant has no way of knowing whom Plaintiff may contend was or was not "acting by or on the Plaintiff's behalf." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with anyone "acting by or on the Plaintiff's behalf."

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:   _/s/ Janet L. Smith_
ANDREW T. TURNER
Texas State Bar No. 24008968
andrew.turner@ogletree.com
JANET L. SMITH
Texas State Bar No. 24089755
janet.smith@ogletree.com

8117 Preston Road, Suite 500

DEFENDANT'S FIRST AMENDED OBJECTIONS AND ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES                    **Page 11**

Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 23, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.


_/s/ Janet L. Smith_
JANET L. SMITH


45007390.1

## VERIFICATION

STATE OF TEXAS           §
                         §
COUNTY OF DALLAS         §

My name is Tesa Bolt. I am over eighteen years of age and am competent to make this verification. I am employed by Defendant Johnson Controls, Inc. as the Senior Human Resources Generalist. I attest I have read the foregoing amended answers and objections to Plaintiff's First Set of Interrogatories to Defendant Johnson Controls, Inc. No one person has personal knowledge of all facts contained in the Interrogatory answers. All of the answers specified are based on information provided at least in part by other persons. Based on the information provided, I attest that I have read the foregoing amended answers and objections to Plaintiff's First Set of Interrogatories to Defendant Johnson Controls, Inc. and that the answers to the Interrogatories are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this  19  day of  November            2020.

_____
Tesa Bolt

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02057-N |
| | § | |
| AIR SYSTEM COMPONENTS, INC. | § | |
| and JOHNSON CONTROLS, INC., | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT AIR SYSTEM COMPONENTS, INC.'S**
**FIRST AMENDED OBJECTIONS AND ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:   **JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas  75075.

Pursuant to the Federal Rules of Civil Procedure, Defendant Air System Components, Inc. ("Defendant" or "ASC") hereby serves its Objections and Answers to Plaintiff Jocelyn J. Alvarado's ("Plaintiff") First Set of Interrogatories to Defendants Air System Components, Inc. and Johnson Controls ("JCI") as follows:

## GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of attorney-client communications, documents, and information subject to the attorney-client privilege, documents, and information prepared in anticipation of litigation or for trial, and/or documents and information that is or relates to the mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Defendant concerning this litigation, including, without limitation, work product.

2.      Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents and information relating to matters not raised by Plaintiff's Original Complaint, on the grounds that such information is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence.

**EXHIBIT M**

3.    Defendant objects to the Interrogatories, including the Definitions, to the extent they require disclosure of documents or information already or exclusively within the knowledge, possession, or control of Plaintiff, or which is a public record or otherwise readily available to Plaintiff from other sources.

4.    Defendant objects to Plaintiff's definitions of "You," and "Yours," as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc.," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b). Defendant further objects to these definitions as vague and ambiguous.

5.    Defendant objects to Plaintiff's definitions of "Your associates," as "your employees, agents, servants, partners, representatives, subsidiaries, affiliates, principals, privies, directors, and officers" as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to these definitions as vague and ambiguous. Plaintiff previously defined "your" as "either and both Defendant Air System Components, Inc. and Defendant Johnson Controls, Inc."

6.    Defendant objects to Plaintiff's definition of "incident," as "any disciplinary investigations or actions taken against Plaintiff and/or the termination of Plaintiff's employment relationship with Defendants," as overly broad and seeking information beyond the scope of permissible discovery set forth in Rule 26(b).  Defendant further objects to this definition as vague and ambiguous. Defendant also objects to this definition as assuming facts not in evidence, specifically, that Defendant Johnson Controls, Inc. employed Plaintiff.

7.    Defendant objects to the Interrogatories, including the Definitions, to the extent they expand and/or modify the scope of the Federal Rules of Civil Procedure or seek to impose a duty or obligation beyond that required under such rules.

8.    Defendant objects to the Interrogatories to the extent they seek information regarding third parties who are not parties to this action as violative of the third parties' privacy rights.  Any third party information found to be relevant can only be produced subject to an appropriate protective order.

9.    Defendant is engaged in continuing discovery in this case.  Accordingly, all of the answers contained herein are based upon such information as is presently available to and specifically known to Defendant.  Defendant specifically reserves the right to supplement these answers if and to the extent required or permitted under the Federal Rules of Civil Procedure.

10.    Defendant incorporates by reference each of the foregoing General Objections into the following enumerated Answers and Objections.  Defendant will also state specific objections to the Interrogatories when appropriate.  By setting forth such specific objections, Defendant does not limit or restrict the General Objections set forth above.  To the extent Defendant answers any Interrogatory, such answer does not constitute a waiver of any general or specific objection.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:**   Please identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories.  If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

**ANSWER:** Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding and without waiving this objection, answers to these Interrogatories were prepared by counsel with assistance from Tesa Bolt.

**INTERROGATORY NO. 2:**   Set forth every reason Defendant(s) terminated Plaintiff's employment.

**ANSWER:** Defendant objects to this interrogatory as vague, and ambiguous.  Additionally, Defendant objects to this interrogatory as seeking to have Defendant marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions.  Notwithstanding and without waiving these objections, Defendant answers that it terminated Plaintiff's employment based on her documented timeclock violations.

**INTERROGATORY NO. 3:**   Identify each expert used for consultation who is not expected to be called as a witness at trial (either through live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert identified in your disclosures, under Federal Rule 26(a)(2).

**Note:**   If any expert who may testify has reviewed any reports, calculations, or documents generated by a consulting expert or talked to the consulting expert, please identify the consulting expert who generated the reports, calculations, or documents.

**ANSWER:** Defendant objects on the grounds that this Interrogatory seeks information protected by the attorney/client privilege. Defendant further objects to this Interrogatory on the grounds that it seeks to require Defendant to marshal its evidence and available proof it intends to offer before trial. Defendant reserves the right to supplement its answer to this Interrogatory at a later date.

**INTERROGATORY NO. 4:**   If you have an insurance policy or contractual indemnity agreement which could or would respond in whole or in part to the claims of any party to this lawsuit, please identify the name of each carrier, the limits of coverage for each carrier, and for each carrier, state whether the carrier has denied or admitted coverage or is defending under a non-waiver or reservation of rights.

**ANSWER:** Defendant has produced the declarations page of its applicable insurance policy.

**INTERROGATORY NO. 5:**   Identify all persons known to you, your associates, or your attorneys who have knowledge, directly or indirectly, of any facts relevant to why Plaintiff was fired, the incident or this lawsuit.  This interrogatory includes a request for every person having

knowledge of any discoverable matter that might reasonably be calculated to lead to the discovery of admissible evidence.  This interrogatory includes a request to identify all persons known to you, your associates or your attorneys who claim to know how, when or why Plaintiff was fired.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is overbroad and requests information that is not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks to invade the privacy rights of non parties. Defendant also objects to this Interrogatory as it is vague and ambiguous as to the term "incident." Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers:

Tesa Bolt, SR Human Resources Generalist
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800,

Cindy Addington, former Manager FP&A
2013 Eagle Aerie Ln
St Paul Ln, TX 75098
214-864-6364

Andrew Birner, VP Finance
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

Christine George, former Director, Human Resources Global Air Systems Products
15706 Kentucky Road
Belton, MO 64012
(816) 213-2169

Ryan Leibfried, Finance Director
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

**INTERROGATORY NO. 6:**   If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

**ANSWER:** Defendant states that, pursuant to recordkeeping policies, documents relevant to this lawsuit may have been destroyed from Plaintiff's ASC company-issued computer shortly after her separation from ASC.

**INTERROGATORY NO. 7:**   If you contend that Plaintiff's active Petition or Complaint incorrectly states your name or that you have been sued under an incorrect name or in an incorrect capacity, or that an incorrect corporate entity has been sued, please identify your correct name, your correct capacity, or the correct corporate entity.

**ANSWER:** Defendant objects to the Interrogatory on the grounds it is vague and ambiguous, as Plaintiff defines "your" as "either and both" Defendant Air System Components, Inc., and Defendant Johnson Controls, Inc.

Notwithstanding and without waiving these objections, Defendant states that Plaintiff's active Complaint correctly states its name.

**INTERROGATORY NO. 8:**   If you or your associates have ever talked to the Plaintiff or Plaintiff's agents, servants, employees, friends, partners, or anyone in the employ of the Plaintiff regarding the incident or the reasons why Plaintiff was fired, or have any knowledge, either directly or indirectly, of any statement or admission of any kind made by the Plaintiff or anyone acting on Plaintiff's behalf regarding the incident or the reasons for Plaintiff's firing or any other fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or those who may be an "agent of Plaintiff," which is undefined. Defendant has no way of knowing whom Plaintiff may contend are or were her "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with any of her alleged "agents, servants, employees, friends, partners, or anyone in the employ of Plaintiff." Notwithstanding and without waiving these objections, Tesa Bolt and Cindy Addington spoke with Plaintiff regarding the reasons why she was fired.

**INTERROGATORY NO. 9:**   Please identify all written or oral complaints made to you or your predecessor or successor corporations in the last 10 years by any person, union, or other entity regarding FMLA, disability discrimination, or any unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to

have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: in the past five years, the facility where Plaintiff worked had no complaints alleging FMLA or disability discrimination or related retaliation as against any of the individuals identified as decision-makers in Plaintiff's termination.

**INTERROGATORY NO. 10:**  Identify every lawsuit filed in the last five years against you or your predecessor or successor corporations alleging any cause of action for FMLA, disability discrimination, worker's compensation retaliation, wrongful discharge or unfair labor or employment practices.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: in the past five years the facility where Plaintiff worked had no lawsuits alleging FMLA or disability discrimination or related retaliation as against any of the individuals identified as decision-makers in Plaintiff's termination, other than this lawsuit.

**INTERROGATORY NO. 11:**  Identify all employees who worked for you in the same office as Plaintiff who were employed by you at any time when Plaintiff was employed by you.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Plaintiff was the only individual in her office who reported to Cindy Addington.

**INTERROGATORY NO. 12:**  For each individual identified in the previous interrogatory, indicate their disability status and whether they have requested or used disability accommodations or FMLA leave within the past five years.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83,

2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, documents that contain information that is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory, including Plaintiff's leave documents, and a chart showing individuals at ASC who were granted leave accommodations related to a disability during the relevant period.

**INTERROGATORY NO. 13:**  Describe any negative entries in Plaintiff's personnel file including, but not limited to, all reprimands, warnings, disciplinary actions, probation, complaints, or any type of disciplinary action taken against Plaintiff.

**ANSWER:** Defendant objects to this interrogatory as overly broad, vague, and ambiguous. Additionally, Defendant objects to this interrogatory as seeking to have Defendant marshal all of its evidence before the Court-appointed time and as seeking a narrative response more appropriate for depositions. Notwithstanding and without waiving these objections, documents that contain information that is responsive to this Interrogatory were to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production.

**INTERROGATORY NO. 14:**  Identify all persons involved in the decision to terminate Plaintiff, including any person who was consulted about the decision, as well as any individual who had to sign off on or approve the decision, and for each such person, provide his or her full name, job title, and if not still employed by Defendant, his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory as vague, and ambiguous and beyond the permissible scope of discovery under Rule 26(b). Defendant further objects to the Interrogatory for the contact information for individuals who may be contacted only through counsel. Accordingly, Defendant will not provide contact information for individuals who may be contacted only through counsel. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Notwithstanding and without waiving these objections, Defendant answers that the following persons are known to Defendant at this time to have been involved in the decision to terminate Plaintiff's employment:

Tesa Bolt, SR Human Resources Generalist
c/o Andrew Turner
Janet L. Smith
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800,

Cindy Addington, former Manager FP&A
2013 Eagle Aerie Ln
St Paul Ln, TX 75098
214-864-6364

Andrew Birner, VP Finance
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

Christine George, former Director, Human Resources Global Air Systems Products
15706 Kentucky Road
Belton, MO 64012
(816) 213-2169

Ryan Leibfried, Finance Director
c/o Andrew Turner
Janet L. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800

**INTERROGATORY NO. 15:**  Identify every person Defendant(s) interviewed, spoke with, talked to, consulted, etc. about the facts giving rise to Plaintiff's termination, and for each such person, provide his or her full name, job title, and if not still employed by Defendant(s), his or her last known home address and telephone number.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it seeks to impermissibly invade the attorney-client and work-product privileges, and further is vague and ambiguous and overly broad. Notwithstanding and without waiving these objections,documents that contain information that is responsive to this Interrogatory are being produced to Plaintiff in connection with Defendant's answers and responses to this Interrogatory and Plaintiff's requests for production. Additionally, Defendant answers that Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, and Ryan Leibfried were consulted regarding the facts giving rise to Plaintiff's termination..

**INTERROGATORY NO. 16:**  For every person identified in response to the previous Interrogatory, set forth whether that person declined to terminate, did not approve of the decision to terminate, or refused to sign off on or approve the decision to terminate, any other employee who engaged in the same or similar conduct as Plaintiff, as set forth in your response to Interrogatory No. 2, and identify those individual employees who were not terminated.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none of these individuals declined to terminate, or refused to sign off on or approve the decision to terminate other documented timeclock violators at the facility where Plaintiff worked for the period of 2015 to present.

**INTERROGATORY NO. 17:**  For any person identified in the previous Interrogatory answer as being someone who was not terminated, set forth the reasons the individual's employment was not terminated.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 18:**  Identify any person who has filed a charge of discrimination, made an internal or external complaint of discriminatory treatment, or otherwise voiced concern about unlawful treatment at the hands of any individual identified in your response(s) above as being a person who participated in the decision to fire Plaintiff, and for each such incidence, state the name of the person making the complaint, the name of the person against whom or about whom the complaint was made, and the nature or basis of the complaint.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: in the past five years the facility where Plaintiff worked had no charges or complaints alleging FMLA or disability discrimination or related retaliation as against any of the individuals identified as decision-makers in Plaintiff's termination.

**INTERROGATORY NO. 19:**  For any incidence identified in your response to the previous Interrogatory, identify any subsequently filed lawsuit.  This Interrogatory is specifically limited to the preceding ten years.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is not properly limited in scope. Texas federal courts have held that information and documentation sought must be reasonably limited in time and scope, including limiting the discovery to the same type of discrimination, to the facility where the Plaintiff was employed, and to the individuals alleged to have discriminated against the Plaintiff. *See Smith v. DeTar Hospital LLC*, No. CIV.A.V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011); *see also Conboy v. Edward D. Jones & Co.*, No. 303-CV-2352-P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004). Notwithstanding and without waiving these objections, Defendant responds as follows: none.

**INTERROGATORY NO. 20:**  Please state the number of, and describe with particularity, all written or oral customer complaints of which you are aware concerning Plaintiff's work performance, co-worker interaction, or any other work-related activities or interactions of Plaintiff.

**ANSWER:** Defendant objects to this interrogatory as overly broad, and vague and ambiguous as to the phrase "customer complaints."  Notwithstanding and without waiving these objections, none.

**INTERROGATORY NO. 21:**  Which person or entity do you contend employed Plaintiff?

**ANSWER:**

Defendant Air System Components, Inc. employed Plaintiff during the relevant period.

**INTERROGATORY NO. 22:**  If you contend that the Plaintiff has failed to mitigate her damages, please identify all facts, proof or evidence on which you base this contention including any job offers that you claim the Plaintiff received that Plaintiff should have accepted.

**ANSWER:** Defendant objects to this interrogatory as impermissibly seeking to have Defendant marshal all of its evidence.

**INTERROGATORY NO. 23:**  If you, your attorneys or your associates have any knowledge, either directly or indirectly, of any admission against interest or any statement or admission of any kind made by Plaintiff or anyone acting by or on the Plaintiff's behalf regarding the reasons for the termination of Plaintiff's employment with you or any fact that might be relevant to this lawsuit, please describe the statement and/or admission and identify who made the statement or admission.

**ANSWER:** Defendant objects to this Interrogatory as impermissibly invading the attorney-client and work-product privileges, as seeking a legal conclusion, and further as vague and ambiguous. Defendant objects to this Interrogatory as overly broad and unduly burdensome, including but not limited to its request for information pertaining to Company employees who may or may not have talked with Plaintiff or with anyone who may have been "acting by or on the Plaintiff's behalf," which is undefined. Defendant has no way of knowing whom Plaintiff may contend was or was not "acting by or on the Plaintiff's behalf." Defendant has numerous employees and it would be impossible to determine whether any employee ever spoke with Plaintiff or with anyone "acting by or on the Plaintiff's behalf."

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:_____/s/ Janet L. Smith_____
     ANDREW T. TURNER
     Texas State Bar No. 24008968
     andrew.turner@ogletree.com
     JANET L. SMITH
     Texas State Bar No. 24089755
     janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on November 23, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.

    _/s/ Janet L. Smith_____
    JANET L. SMITH

45007381.1

## VERIFICATION

STATE OF TEXAS                §
                             §
COUNTY OF DALLAS              §

My name is Sheila Aten. I am over eighteen years of age and am competent to make this verification. I am employed by Defendant Air System Components, Inc. as the Regional HR Manager. I attest I have read the foregoing amended answers and objections to Plaintiff's First Set of Interrogatories to Defendant Air System Components, Inc. No one person has personal knowledge of all facts contained in the Interrogatory answers. All of the answers specified are based on information provided at least in part by other persons. Based on the information provided, I attest that I have read the foregoing amended answers and objections to Plaintiff's First Set of Interrogatories to Defendant Air System Components, Inc. and that the answers to the Interrogatories are true and correct to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of November 2020.

Sheila Aten

162

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOCELYN J. ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02057-N |
| | § | |
| AIR SYSTEM COMPONENTS, INC. | § | |
| and JOHNSON CONTROLS, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' RULE 26(A) DISCLOSURES**

TO:   **JOCELYN J. ALVARADO, Plaintiff,** by and through her counsel of record, John G. Meazell, Esq. and Landon H. Thompson, Esq., JOHN MEAZELL, P.C., 1400 Gables Court, Plano, Texas 75075.

COME NOW Defendants Air System Components, Inc. ("ASC") and Johnson Controls, Inc. ("JCI") (collectively "Defendants"), and submit their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a):

**Correct Names of the Parties to the Action:**

Defendants are correctly named.

**Name and Address of Potential Parties:**

None at this time.

**Rule 26(a)(1)(A)(i) - Persons With Knowledge of Discoverable Information:**

**EXHIBIT N**

|   | Name/Address | Subject of Information |
|---|---|---|
| 1. | Jocelyn Alvarado<br>c/o Landon Thompson<br>THE MEAZELL FIRM.<br>1400 Gables Court<br>Plano, Texas 75075<br>(972) 881-4300 | Plaintiff is believed to have knowledge regarding her employment with ASC, the claims and prayers for relief that she asserts in this action, and potentially, Defendants' defenses to those claims and prayers |
| 2. | Tesa Bolt, SR Human Resources Generalist<br>c/o Andrew Turner<br>Janet L. Smith<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>8117 Preston Road, Suite 500<br>Dallas, Texas 75225<br>(214) 987-3800 | Tesa Bolt has knowledge regarding JCI's policies, and regarding Plaintiff's employment with ASC and separation from ASC including Defendants' defenses to the claims asserted by Plaintiff in this action. |
| 3. | Cindy Addington, former Manager FP&A<br>2013 Eagle Aerie Ln<br>St Paul Ln, TX 75098<br>214-864-6364 | Cindy Addington is believed to have knowledge regarding Plaintiff's employment with ASC and separation from ASC including Defendants' defenses to the claims asserted by Plaintiff in this action. |
| 4. | Andrew Birner, VP Finance<br>c/o Andrew Turner<br>Janet L. Smith<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>8117 Preston Road, Suite 500<br>Dallas, Texas 75225<br>(214) 987-3800 | Andrew Birner has knowledge regarding Plaintiff's employment with ASC and separation from ASC including Defendants' defenses to the claims asserted by Plaintiff in this action. |
| 5. | Christine George, former Director, Human Resources Global Air Systems Products<br>15706 Kentucky Road<br>Belton, MO 64012<br>(816) 213-2169 | Christine George is believe to have knowledge regarding Plaintiff's employment with ASC and separation from ASC including Defendants' defenses to the claims asserted by Plaintiff in this action. |

|   | Name/Address | Subject of Information |
|---|---|---|
| 6. | Ryan Leibfried, Finance Director c/o Andrew Turner Janet L. Smith OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 8117 Preston Road, Suite 500 Dallas, Texas 75225 (214) 987-3800 | Ryan Leibfried has knowledge regarding Plaintiff's employment with ASC and separation from ASC including Defendants' defenses to the claims asserted by Plaintiff in this action. |

Defendants reserve the right to identify additional potential witnesses as discovery progresses.

**Authorization described in Local Rule CV-34:**

None.

**Rule 26(a)(1)(A)(ii) - Documents and Tangible Things:**

See documents bates-labeled JOHNSON000001-JOHNSON001390 served in this matter. Defendant also intends to use any and all pleadings filed and hearing transcripts prepared during this litigation, as well as all discovery conducted, including deposition transcripts and exhibits, responses to interrogatories, requests for admission and/or requests for production of documents, documents produced during the course of discovery, and documents relied upon or produced by any expert retained to offer testimony at trial. Pursuant to Rule 26(e) Defendants will supplement these disclosures should they identify other documents, electronically stored information, and tangible things within their possession, custody, or control that Defendants may use to support claims or defenses.

**Rule 26(a)(1)(A)(iii) - Computation of Damages:**

Defendants do not presently seek damages in this action, though they reserve their right to seek reimbursement of attorneys' fees and costs under applicable statute, court rule, and/or case law.

**Rule 26(a)(1)(A)(iv) – Liability Insurance Agreement:**

Defendants will provide a copy of the declarations page for any applicable insurance agreements.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: _____ */s/ Janet L. Smith* _____
  ANDREW T. TURNER
  Texas State Bar No. 24008968
  andrew.turner@ogletree.com
  JANET L. SMITH
  Texas State Bar No. 24089755
  janet.smith@ogletree.com

8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on November 23, 2020, a true and correct copy of the above and foregoing was served via email on all counsel of record.

  */s/ Janet L. Smith* _____
  JANET L. SMITH

44929549.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOCELYN J. ALVARADO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:19-cv-** |
| | § | **02057-N** |
| **AIR SYSTEM COMPONENTS,** | § | |
| **INC. and JOHNSON CONTROLS,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | | |

## THIRD AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE REPRESENTATIVE OF AIR SYSTEM COMPONENTS, INC.

TO:   Defendants, by and through their attorneys of record:

Andrew T. Turner
andrew.turner@ogletree.com
Janet L. Smith
janet.smith@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
Tel:  (214) 987-3800
Fax:  (214) 987-3927

PLEASE TAKE NOTICE that Plaintiff shall take the deposition of the Corporate Representative of Air System Components, Inc., at 10:00 a.m. on the 8th day of December 2020, at The Meazell Firm, 1400 Gables Court, Plano, Texas 75075 and continuing thereafter from day to day until completed.  The deposition may be taken and deponent may appear by video conference, in which case specific

THIRD AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE
REPRESENTATIVE OF AIR SYSTEM COMPONENTS, INC.
Page 1 of 3

**EXHIBIT O**   167

arrangements for video conferencing will be sent prior to the scheduled deposition time.

Examination will be conducted on the following matters:

1)  Organizational structure of the Defendants, including relative operational authority over Plaintiff's former position;

2)  Standard policies and procedures for initiation, investigation, and disciplinary decision-making of alleged misconduct by employees potentially leading to termination, including but not limited to information on any investigations and results regarding other employees of the Defendants accused of the same or similar alleged conduct for which Plaintiff was terminated;

3)  Initiation, investigation, and disciplinary decision-making procedures taken by Defendants in regards to Plaintiff's termination;

4)  Standard policies and practices for application for and approval of medical leave by employees;

5)  Notices, applications, and other related communications and documentation related to any disabilities, accommodations, or medical leave claims applied for or taken by Plaintiff;

6)  Identification and explanation of any documents produced by Defendants in response to Plaintiff's Requests for Production.

Pursuant to FRCP 30(b)(6), Air System Components, Inc. is instructed to designate, a reasonable time before the deposition, one or more individuals to testify on its behalf and set forth, for each individual designated, the matter(s) on which the individual will testify.

The designated individuals are directed to bring and produce originals or true and correct copies of any documents constituting evidence of the above-referenced matters in the possession of or subject to the control of Air System Components, Inc.

The deposition will be recorded stenographically and may be video recorded.

DATED this December 2, 2020.

Respectfully Submitted,

THIRD AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE
REPRESENTATIVE OF AIR SYSTEM COMPONENTS, INC.
Page 2 of 3

THE MEAZELL FIRM
1400 Gables Court
Plano, Texas 75075
(972) 881-4300
(972) 398-8488 - Fax

By: */s/ Landon H. Thompson*
Landon H. Thompson
24033265
l.thompson@meazellfirm.com
John G. Meazell
00791242
j.meazell@meazellfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on this 2nd day of December 2020, a true and correct copy of the foregoing was served on all counsel/parties of record.

*/s/ Landon H. Thompson*
Landon H. Thompson

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with opposing counsel regarding the above and foregoing Notice and opposing counsel has agreed to this setting.

*/s/ Landon H. Thompson*
Landon H. Thompson

THIRD AMENDED NOTICE OF ORAL DEPOSITION OF THE CORPORATE
REPRESENTATIVE OF AIR SYSTEM COMPONENTS, INC.
Page 3 of 3

**Johnson Controls**

*Integrity First*

**Confidential**

# CONCLUDING REPORT

## EXECUTIVE SUMMARY

*Business Unit – Location – Camp Lejeune NC*
*Case number – Case name (if applicable) 0670aa17 Falsification of records and official documents (non-financial)*

1. **Allegations summary**

   The caller reported that Chris ▉Redacted▉ was falsifying hours into NxGen.

2. **Resolution details**

   The investigation **substantiated** the allegations.

3. **Summary of findings**

   A review of the video footage screen shots, NxGen hours and the schedule for the period of June 4 through June 18, 2017, revealed that Mr. ▉Redacted▉ was falsifying his time by incorrectly reporting hours worked into NexGen on June 16-18. .

4. **Root cause analysis**

   Chris ▉Redacted▉ is the shop steward and his mother, Sandy ▉Redacted▉ is the supervisor responsible for approving his time.

5. **Corrective actions**

   *Disciplinary actions*
   - No disciplinary actions taken as the employee resigned and we accepted his resignation.
   - Sandy ▉Redacted▉ was terminated for knowingly approving falsified time records.

   *Control improvements*
   - Mitch Lofton will review the schedule and NxGen reports and ensure accuracy.

Investigator name                    **Confidential**                    page 1 of 3

**EXHIBIT P**



*Integrity First*



**Confidential**

**Johnson Controls**

*Integrity First*

## INVESTIGATION DETAILS

**Testing performed**

6. The investigation included the following steps:
   - [Testing step 1]; Pulled NxGen timecard for June
   - [Testing step 2]; Pulled Schedule for June
   - [Testing step 3]. Pulled video footage for June

*[Testing Step 1]*

7. Reviewed the NxGen timecards that are entered in by Chris each week for the month of June.

*[Testing Step 2]*

8. Reviewed the schedule that is created by the supervisor Sandy [Redacted] and compared it to the entries made in NxGen.

*[Testing Step 3]*

9. Reviewed the video footage and compared it to the NxGen timecards and schedule for the month of June.

**Interviews conducted**

10. The following employees were interviewed as part of the investigation. The interviews were conducted in collaboration with [HR – Tesa Bolt/Mitch Lofton].

    No meetings were conducted because the employee no longer works for Johnson Controls. He resigned and we accepted his notice and paid him one month in lieu of notice.



*Integrity First*

**Confidential**

# CONCLUDING REPORT

## EXECUTIVE SUMMARY

*Business Unit – Location - Camp LeJuene NC*
*Case number – Case name (if applicable)* – 0281aa17 - Misconduct – Memphis TN Branch/6935 Appling
Farms Parkway Ste 112/Memphis/ TN/

1.  **Allegations summary**

    Reporter alleged that Sandra <span>Redacted</span> was falsifying her timecard based on the fact of her arriving and
    leaving early.

2.  **Resolution details**

    The investigation **substantiated** the allegations.

3.  **Summary of findings**

    After receiving the weekly schedule, NxGen timecard entries and video footage, it was determined that
    Sandy was entering in hours in NxGen for time she didn't work.

4.  **Root cause analysis**

    Employee's needs to enter in their hours daily to reflect actual hours worked to prevent any future
    discrepancies regarding their timecard entries in NxGen.

5.  **Corrective actions**

    *Disciplinary actions -*
    -   Termination

    *Control improvements*
    -   Employees log their hours daily to ensure accuracy


Johnson Controls

*Integrity First*

## INVESTIGATION DETAILS

**Testing performed**

6.  The investigation included the following steps:
    - [Testing step 1]; Reviewed Schedules from June 11 – July 1st
    - [Testing step 2]; Reviewed video footage from June 11 – July 1st
    - [Testing step 3]. Pulled NxGen Timecard entries from June 11 – July 1st

    *[Testing Step 1]* Sandra creates the schedule weekly for the Comm Center team. Once completed, ends to Mitch Lofton for review. Updates are often made to the schedule and Sandra submits those to Mitch.

7.  Provide details of the testing performed and the results.

    *[Testing Step 2]* Based on the schedule for the month of June, Tesa Bolt (HR) had Mitch obtain the video footage. The footage revealed that Sandra was not always arriving and leaving according to her schedule for certain days. To be specific June 15th, June 19th, June 20th, and June 24th there were discrepancies based on the video footage and the times she was scheduled to work.

8.  Provide details of the testing performed and the results.

    *[Testing Step 3]* Sandra entered in the hours from the schedule into NxGen. As a result, she was paid for hours not worked on the dates mentioned above.

9.  Provide details of the testing performed and the results.
    Jun 15th Sandra was scheduled to work from 6 a.m. to 4 p.m. She entered in NxGen that she worked those hours but was seen in the video leaving at 2:18 p.m.
    June 19th Sandra wash scheduled to work from 6 a.m. to 6 p.m. She entered hours in NxGen for those hours but was seen arriving at 8am and leaving at 6:29pm
    June 20th-Sandra was scheduled to work from 6 a.m. to 6 p.m. and entered hose hours into NxGen, but was never seen entering or leaving the building
    June 24th-Sandra was scheduled to work 8:30 a.m. to 12:30 p.m. and entered that time into NxGen. She was seen entering at 8:46 a.m. and leaving at 11:39 a.m.

**Interviews conducted**

10. The following employees were interviewed as part of the investigation. The interviews were conducted in collaboration with [HR/Legal etc.].
    - [Employee 1];
    - [Employee 2];

    *[Employee 1]*

    Present the key point from the interview and the statements made by the employee interviewed.

    Interviewed Sandra Redacted on July 19 at 10am CST. Went over the dates in questioned and specifically asked her why the hours differed from that she is seen working via video footage. She admitted that the hours did differ and didn't have an explanation as to why. She stated that it was not intentional because she puts her hours in at the beginning of the week. She noted that on June 20th she worked from home.



*Integrity First*

Previous coaching was conducted on June 1st regarding inaccuracies from the schedule and reported hours from a prior investigation. She was told that hours scheduled had to match what she entered in NxGen and mirror what she actually worked.



| | |
|---|---|
| **From:** | Tesa Bolt |
| **Sent:** | Wednesday, January 24, 2018 8:47 AM |
| **To:** | Tammara Lovett |
| **Subject:** | FW: Oscar ▮Redacted▮ |
| **Attachments:** | Oscar ▮▮12012017-01012018).pdf; Oscar ▮Redacted▮ Time  Dec17-Dec23.pdf; Oscar ▮Redacted▮ Time  Dec24-Dec30.pdf; Oscar ▮▮Warning Notice.pdf |

Good morning, I have a 10 year employee who charged 23.5 hours to jobs he didn't do and was paid for. On 12/17-12/20 he was supposed to be on a job site but his vehicle never moved on the 18th and 19th but he put hours in. On 12/27 was the last record of his vehicle moving in fleetmatics but charged time on the 28th and 29th in which he was paid for. When we questions the employee, he didn't deny the claims. He simply said he messed up. Not messing up by accidently entering in hours on the incorrect day but actually messing up by entering hours he didn't work. In April of 2017 he received a written warning for failing to report to his manager when he would be absent. The manager is seeking termination for falsifying his timecard and I support this. Do you have any issues with this?

**Tesa Bolt**
**SR. Human Resource Generalist TX**
**Tel: 972-212-4902 / Mobile: 469-847-3402 / Fax 972-212-4906**
tesa.bolt@jci.com

**Legacy Tyco Employee Self Service Resources**
HR Atlas Support Center 855-505-8337
Benefits Administrator 866-496-1999
Corporate Payroll: 1-866-291-5458 | napcpayroll@simplexgrinnell.com
Employment Verification ( Work Number 1-800-367-2884 - Company Code: 11593)

**Legacy JCI Employee Self Service Resources**
HR Atlas Support Center 855-505-8337
Benefits Administrator 866-496-1999
Employment Verification (Work Number 1-800-367-5690 – Company Code 10584)
Employee Assistance Program: LifeWorks 888-456-1324

---

**From:** Ben J Emmert
**Sent:** Monday, January 22, 2018 1:01 PM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Cc:** David A Domino <David.A.Domino@jci.com>
**Subject:** RE: Oscar ▮Redacted▮

Tesa,

I have attached the fleetmatics report for all starts and stops in the month of December, as well as time card reports for the dates in questions. You will notice there are no vehicle movements for the dates in question. These were times in which the project manager was on vacation. You can see from his timesheet that he charged time to the job. I have also attached a signed warning that was given to Oscar in April, due to poor work ethic, and calling in sick without notifying me.

December 17th through 20th: Oscars vehicle did not move, and yet he charged time the project.

December 27th: 12/27 was the last recorded movement of his vehicle during 2017. Yet he charged 12/28 and 12/29 to the job.

Please let me know if you have any questions. Thank you.

Regards,
Ben Emmert

---

**From:** Tesa Bolt
**Sent:** Monday, January 22, 2018 9:12 AM
**To:** Ben J Emmert <Ben.J.Emmert@jci.com>
**Cc:** David A Domino <David.A.Domino@jci.com>
**Subject:** RE: Oscar ▮Redacted▮

Hello Ben, thank you for bringing this to my attention. Can you send me the Fleetmatics report where you can prove he wasn't on the job site and where he charged time?

**Tesa Bolt**
SR. Human Resource Generalist TX
Tel: 972-212-4902 / Mobile: 469-847-3402 / Fax 972-212-4906
tesa.bolt@jci.com

**Legacy Tyco Employee Self Service Resources**
HR Atlas Support Center 855-505-8337
Benefits Administrator 866-496-1999
Corporate Payroll: 1-866-291-5458 | napcpayroll@simplexgrinnell.com
Employment Verification ( Work Number 1-800-367-2884 - Company Code: 11593)

**Legacy JCI Employee Self Service Resources**
HR Atlas Support Center 855-505-8337
Benefits Administrator 866-496-1999
Employment Verification (Work Number 1-800-367-5690 – Company Code 10584)
Employee Assistance Program: LifeWorks 888-456-1324

---

**From:** Ben J Emmert
**Sent:** Sunday, January 21, 2018 11:56 AM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Cc:** David A Domino <David.A.Domino@jci.com>
**Subject:** Oscar ▮Redacted▮

Tesa,

I am writing in regards to Oscar ▮Redacted▮ a System Tech that is one of my direct reports. We have been experiencing some problems with Mr. ▮Redacted▮ performance for some time. Last week it was brought to my attention that Mr. ▮Redacted▮ had been calling in sick to members of the major projects team he was assigned without notifying me. Furthermore, upon investigating this, it was found that he while he was not working, he was charging time to the job.

I have attached two files containing correspondence with Alden Elliott and George Zaragoza, both whom are supervisors on the project Oscar has been assigned. These emails state that he was not to be charging time to the job when he was not onsite. Using the fleetmatics application to track his vehicle, I found him offsite, either at home or at the hotel for whole days in which he charged time. In addition, these were both periods in with Alden, the onsite supervisor, was on vacation. This left no one to hold Oscar accountable for being onsite.

2

I believe this is grounds for termination. If you concur, I would like to terminate Mr. ▮Redacted▮ employment immediately. Oscar's performance has been subpar for quite some time, if I am unable to terminate him for falsifying hours, I will be putting together a case of a PIP.

Please advise me on how I should proceed. Thank you and have a great day.

Ben J. Emmert
System Team Leader
Johnson Controls, Inc.
San Antonio, TX
(785)-230-4261

3

# Travel and Stops Report

**Created:** *01/22/2018 12:38 PM*

Fleetmatics

## Report Totals for: 12/01/2017 - 12/31/2017

| | | |
|---|---|---|
| **Idling Time:** <br> **5h 59m** | **Total Distance (miles):** <br> **906** | **Total Standing Time:** <br> **127h 41m** |
| **Total Driving Time:** <br> **23h 49m** | | |

## 23262   Drivers: Oscar [Redacted]

| W | Start Location | Start Time | Travel Time | Distance | W | Stop Location | Arrival Time | Idle Time | Time at Location |
|---|---|---|---|---|---|---|---|---|---|
| | [1738 E Common St, New Braunfels, TX 78130, USA] <br> 1762 E Common St, New Braunfels, TX 78130, USA | 12/01/2017 2:48 AM | 36m 12s | 30.81 miles | | [28650 Blanco Rd, San Antonio, TX 78260, USA] <br> 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/01/2017 3:24 AM | 00m 00s | -- |
| | [28650 Blanco Rd, San Antonio, TX 78260, USA] <br> 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/03/2017 9:18 PM | 31m 59s | 25.57 miles | | 1815 TX-46, New Braunfels, TX 78132, USA | 12/03/2017 9:50 PM | 00m 14s | 03m 45s |
| | 1909-1919 TX-46, New Braunfels, TX 78132, USA | 12/03/2017 9:54 PM | 01m 41s | 0.42 miles | | 1687-1695 TX-46, New Braunfels, TX 78132, USA | 12/03/2017 9:56 PM | 00m 52s | 05m 11s |
| | 1687-1695 TX-46, New Braunfels, TX 78132, USA | 12/03/2017 10:01 PM | 15m 08s | 8.31 miles | | 148 FM483, New Braunfels, TX 78130, USA | 12/03/2017 10:16 PM | 06m 00s | 06m 00s |
| | 109 Creekside Crossing, New Braunfels, TX 78130, USA | 12/03/2017 10:22 PM | 50m 51s | 55.1 miles | | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/03/2017 11:13 PM | 05m 12s | 18m 47s |
| | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/03/2017 11:32 PM | 02m 52s | 1.11 miles | | [3900 W Braker Ln, Austin, TX 78759, USA] <br> 3900 W Braker Ln, Austin, TX 78759, USA | 12/03/2017 11:35 PM | 02m 44s | 09m 42s |
| | [3900 W Braker Ln, Austin, TX 78759, USA] <br> Mopac Service Rd, Austin, TX 78759, USA | 12/03/2017 11:44 PM | 02m 03s | 0.66 miles | | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/03/2017 11:46 PM | 00m 00s | -- |
| | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 6:56 AM | 10m 02s | 3.46 miles | | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/04/2017 7:06 AM | 06m 36s | 4h 03m 37s |
| | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/04/2017 11:09 AM | 07m 40s | 3.4 miles | | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 11:17 AM | 00m 37s | 56m 37s |
| | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 12:14 PM | 12m 11s | 2.2 miles | | [3900 W Braker Ln, Austin, TX 78759, USA] <br> 3900 W Braker Ln, Austin, TX 78759, USA | 12/04/2017 12:26 PM | 02m 40s | 02m 40s |
| | [3900 W Braker Ln, Austin, TX 78759, | 12/04/2017 12:28 PM | 06m 43s | 2.48 miles | | 11700 Stonehollow Dr, Austin, TX 78758, | 12/04/2017 12:35 | | 3h 51m 04s |

| Origin | Start | Duration | Distance | Destination | End | | |
|---|---|---|---|---|---|---|---|
| USA] 3852-3864 W Braker Ln, Austin, TX 78759, USA | | | | USA | | 03m 43s | |
| 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/04/2017 4:26 PM | 08m 22s | 3.39 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 4:35 PM | 2h 38m 17s | 00m 35s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 7:13 PM | 01m 29s | 0.15 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 7:14 PM | 01m 30s | 01m 30s |
| 10024 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 7:16 PM | 03m 50s | 1.07 miles | [3900 W Braker Ln, Austin, TX 78759, USA] 3840-3850 W Braker Ln, Austin, TX 78759, USA | 12/04/2017 7:20 PM | 01m 05s | 01m 05s |
| [3900 W Braker Ln, Austin, TX 78759, USA] 3852-3864 W Braker Ln, Austin, TX 78759, USA | 12/04/2017 7:21 PM | 02m 18s | 0.25 miles | [3900 W Braker Ln, Austin, TX 78759, USA] 10931 Stonelake Blvd, Austin, TX 78759, USA | 12/04/2017 7:23 PM | 1h 36m 57s | 00m 58s |
| [3900 W Braker Ln, Austin, TX 78759, USA] 10931 Stonelake Blvd, Austin, TX 78759, USA | 12/04/2017 9:00 PM | 03m 18s | 0.79 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 9:03 PM | 09m 57s | 00m 46s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 9:13 PM | 00m 09s | 0 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/04/2017 9:13 PM | -- | 00m 00s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/05/2017 7:48 AM | 01m 36s | 1.04 miles | 10093-10099 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/05/2017 7:49 AM | 01m 30s | 01m 30s |
| 11201 N Mopac Expy, Austin, TX 78759, USA | 12/05/2017 7:51 AM | 02m 13s | 1.27 miles | Mopac Service Rd, Austin, TX 78758, USA | 12/05/2017 7:53 AM | 01m 30s | 01m 30s |
| 2683-2693 Gracy Farms Ln, Austin, TX 78758, USA | 12/05/2017 7:55 AM | 01m 59s | 0.56 miles | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/05/2017 7:57 AM | 8h 27m 57s | 19m 38s |
| 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/05/2017 4:25 PM | 01m 11s | 0.05 miles | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/05/2017 4:26 PM | 01m 43s | 01m 43s |
| 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/05/2017 4:27 PM | 06m 55s | 3.34 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/05/2017 4:34 PM | 49m 46s | 00m 48s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/05/2017 5:24 PM | 12m 13s | 2.8 miles | 9571-9629 Research Blvd, Austin, TX 78759, USA | 12/05/2017 5:36 PM | 00m 01s | 00m 01s |
| 9571-9629 Research Blvd, Austin, TX 78759, USA | 12/05/2017 5:36 PM | 05m 55s | 1.19 miles | 10519-10615 Research Blvd, Austin, TX 78759, USA | 12/05/2017 5:42 PM | 01m 30s | 01m 30s |
| 11149 1/2 Research Blvd, Austin, TX 78759, USA | 12/05/2017 5:44 PM | 01m 39s | 0.24 miles | 5134-5142 Balcones Woods Dr, Austin, TX 78759, USA | 12/05/2017 5:45 PM | 05m 33s | 01m 36s |
| 5114 Balcones Woods Dr, Austin, TX 78759, USA | 12/05/2017 5:51 PM | 08m 43s | 2.12 miles | 12618-12624 Research Blvd, Austin, TX 78759, USA | 12/05/2017 6:00 PM | 52m 53s | 00m 32s |
| 12636 Research Blvd, Austin, TX 78759, USA | 12/05/2017 6:53 PM | 03m 44s | 1.33 miles | 5608 Duval Rd, Austin, TX 78759, USA | 12/05/2017 6:56 PM | 08m 36s | 02m 17s |
| 11716-11724 | 12/05/2017 7:05 PM | 08m 27s | 4.09 miles | 10060-10084 N | 12/05/2017 7:13 PM | -- | |

| Start | Start Time | Duration | Distance | End | End Time | | |
|---|---|---|---|---|---|---|---|
| Research Blvd, Austin, TX 78759, USA | | | | Capital of Texas Hwy, Austin, TX 78759, USA | | | 00m 00s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 6:50 AM | 02m 02s | 0.17 miles | 10093-10099 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 6:52 AM | 00m 02s | 00m 02s |
| 10093-10099 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 6:52 AM | 02m 56s | 1.3 miles | 2616 W Braker Ln, Austin, TX 78758, USA | 12/06/2017 6:55 AM | 16m 08s | 02m 10s |
| [2616 West Braker Lane, Austin, TX 78758, USA] 2604-2606 W Braker Ln, Austin, TX 78758, USA | 12/06/2017 7:12 AM | 06m 19s | 1.97 miles | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/06/2017 7:18 AM | 4h 33m 06s | 27m 21s |
| 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/06/2017 11:51 AM | 02m 16s | 0.21 miles | [10 Stonehollow Dr, Austin, TX 78758, USA] 10 Stonehollow Dr, Austin, TX 78758, USA | 12/06/2017 11:53 AM | 08m 01s | 08m 01s |
| [10 Stonehollow Dr, Austin, TX 78758, USA] 10 Stonehollow Dr, Austin, TX 78758, USA | 12/06/2017 12:01 PM | 05m 59s | 1.25 miles | [ADI Security 22] 1900 W Braker Ln, Austin, TX 78758, USA | 12/06/2017 12:07 PM | 29m 54s | 04m 25s |
| [ADI Security 22] 1910 W Braker Ln, Austin, TX 78758, USA | 12/06/2017 12:37 PM | 02m 17s | 0.47 miles | 11800 Metric Blvd, Austin, TX 78758, USA | 12/06/2017 12:39 PM | 00m 22s | 00m 22s |
| 11800 Metric Blvd, Austin, TX 78758, USA | 12/06/2017 12:40 PM | 03m 17s | 0.67 miles | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/06/2017 12:43 PM | 4h 03m 38s | 12m 31s |
| 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/06/2017 4:47 PM | 02m 59s | 0.73 miles | 11900 Metric Blvd, Austin, TX 78758, USA | 12/06/2017 4:50 PM | 03m 48s | 01m 21s |
| [11908-11912 Metric Blvd, Austin, TX 78758, USA] 11900 Metric Blvd, Austin, TX 78758, USA | 12/06/2017 4:53 PM | 06m 54s | 1.54 miles | 12012 Farm to Market Rd 1325, Austin, TX 78759, USA | 12/06/2017 5:00 PM | 00m 22s | 00m 22s |
| 12012 Farm to Market Rd 1325, Austin, TX 78759, USA | 12/06/2017 5:01 PM | 04m 17s | 2.03 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 5:05 PM | 2h 45m 46s | 05m 52s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 7:51 PM | 01m 48s | 0.16 miles | 10093-10099 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 7:53 PM | 00m 10s | 00m 10s |
| 10093-10099 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 7:53 PM | 02m 31s | 0.42 miles | 10251-10473 Mopac Service Rd, Austin, TX 78759, USA | 12/06/2017 7:55 PM | 1h 42m 15s | 14m 30s |
| 10251-10473 Mopac Service Rd, Austin, TX 78759, USA | 12/06/2017 9:38 PM | 05m 37s | 1.47 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/06/2017 9:43 PM | -- | 00m 35s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/07/2017 8:21 AM | 03m 28s | 1.12 miles | [3900 W Braker Ln, Austin, TX 78759, USA] 3840-3850 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 8:25 AM | 05m 43s | 02m 01s |
| [3900 W Braker Ln, Austin, TX 78759, USA] 10706-10754 Mopac | 12/07/2017 8:31 AM | 02m 41s | 0.5 miles | Mopac Service Rd, Austin, TX 78759, USA | 12/07/2017 8:33 AM | 01m 30s | 01m 30s |

| Start Location | Start Time | Duration | Distance | End Location | End Time | Stop | Total |
|---|---|---|---|---|---|---|---|
| Service Rd, Austin, TX 78759, USA | | | | | | | |
| Mopac Service Rd & N Mopac Expy & TX-1 Loop, Austin, TX 78759, USA | | | ...miles | Austin, TX 78758, USA | | 00m 10s | 00m 10s |
| Mopac Service Rd, Austin, TX 78758, USA | 12/07/2017 8:37 AM | 03m 42s | 0.89 miles | 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/07/2017 8:41 AM | 05m 12s | 3h 32m 41s |
| 11700 Stonehollow Dr, Austin, TX 78758, USA | 12/07/2017 12:14 PM | 04m 24s | 1.24 miles | [ADI Security 22] 1900 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 12:18 PM | 00m 34s | 07m 13s |
| [ADI Security 22] 1900 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 12:25 PM | 02m 24s | 0.39 miles | 1908-1928 Kramer Ln, Austin, TX 78758, USA | 12/07/2017 12:28 PM | 00m 17s | 37m 03s |
| 1908-1928 Kramer Ln, Austin, TX 78758, USA | 12/07/2017 1:05 PM | 04m 46s | 1.45 miles | 3334-3358 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 1:09 PM | 00m 12s | 00m 12s |
| [Exploration Way, Austin, TX 78758, USA] 3334-3358 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 1:10 PM | 01m 59s | 0.43 miles | 3415-3429 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 1:12 PM | 00m 32s | 00m 32s |
| 3415-3429 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 1:12 PM | 04m 35s | 0.69 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/07/2017 1:17 PM | 00m 28s | 00m 28s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/07/2017 1:17 PM | 04m 20s | 1.27 miles | 2725-3359 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 1:22 PM | 02m 23s | 02m 23s |
| 2701-2723 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 1:24 PM | 01m 09s | 0.4 miles | 2701-2723 W Braker Ln, Austin, TX 78758, USA | 12/07/2017 1:25 PM | 01m 30s | 01m 30s |
| 2611-2665 Kramer Ln, Austin, TX 78758, USA | 12/07/2017 1:27 PM | 02m 16s | 0.87 miles | 1908-1928 Kramer Ln, Austin, TX 78758, USA | 12/07/2017 1:29 PM | 00m 52s | 14m 05s |
| 1908-1928 Kramer Ln, Austin, TX 78758, USA | 12/07/2017 1:43 PM | 02m 57s | 1.28 miles | 11800 Metric Blvd, Austin, TX 78758, USA | 12/07/2017 1:46 PM | 01m 30s | 01m 30s |
| 2211-2309 Gracy Farms Ln, Austin, TX 78758, USA | 12/07/2017 1:47 PM | 01m 47s | 0.22 miles | [2309 Gracy Farms Ln, Austin, TX 78758, USA] 2309 Gracy Farms Ln, Austin, TX 78758, USA | 12/07/2017 1:49 PM | 01m 05s | 2h 11m 33s |
| [2309 Gracy Farms Ln, Austin, TX 78758, USA] 2309 Gracy Farms Ln, Austin, TX 78758, USA | 12/07/2017 4:01 PM | 09m 01s | 3.46 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/07/2017 4:10 PM | 00m 54s | 2h 14m 07s |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/07/2017 6:24 PM | 05m 49s | 0.94 miles | 3887-3899 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 6:30 PM | 00m 34s | 00m 34s |
| 3887-3899 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 6:30 PM | 01m 30s | 0.08 miles | 3829-3847 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 6:32 PM | 00m 34s | 00m 34s |
| 3829-3847 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 6:32 PM | 01m 18s | 0.39 miles | 3475-3487 W Braker Ln, Austin, TX 78759, USA | 12/07/2017 6:34 PM | 01m 30s | 01m 30s |
| Mopac Service Rd & N Mopac Expy & TX-1 Loop, Austin, TX 78759, USA | 12/07/2017 6:35 PM | 10m 28s | 2.22 miles | 12409-12419 Mopac Service Rd, Austin, TX 78758, USA | 12/07/2017 6:46 PM | 02m 26s | 02m 26s |

| Start Location | Start Time | Duration | Distance | End Location | End Time | Idle |
|---|---|---|---|---|---|---|
| 12447-12477 Mopac Service Rd, Austin, TX 78758, USA | 12/07/2017 6:48 PM | 04m 52s | 1.48 miles | 4107-4175 W Parmer Ln, Austin, TX 78727, USA | 12/07/2017 6:53 PM | 1h 08m 17s |
| | | | | | 02m 34s | |
| 4107-4175 W Parmer Ln, Austin, TX 78727, USA | 12/07/2017 8:01 PM | 02m 28s | 0.33 miles | [3801 West Parmer Lane, Austin, TX 78727, USA] 12569-12599 Amherst Dr, Austin, TX 78727, USA | 12/07/2017 8:04 PM | 03m 27s |
| | | | | | 00m 50s | |
| [3801 West Parmer Lane, Austin, TX 78727, USA] 3711 W Parmer Ln, Austin, TX 78727, USA | 12/07/2017 8:07 PM | 07m 37s | 4.17 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/07/2017 8:15 PM | -- |
| | | | | | 06m 20s | |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/08/2017 8:08 AM | 07m 46s | 2.94 miles | [2309 Gracy Farms Ln, Austin, TX 78758, USA] 2309 Gracy Farms Ln, Austin, TX 78758, USA | 12/08/2017 8:15 AM | 3h 29m 30s |
| | | | | | 13m 46s | |
| [2309 Gracy Farms Ln, Austin, TX 78758, USA] 2309 Gracy Farms Ln, Austin, TX 78758, USA | 12/08/2017 11:45 AM | 07m 21s | 3.43 miles | 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/08/2017 11:52 AM | 32m 01s |
| | | | | | 02m 13s | |
| 10060-10084 N Capital of Texas Hwy, Austin, TX 78759, USA | 12/08/2017 12:24 PM | 52m 37s | 58.7 miles | 124 Elliot Knox Blvd, New Braunfels, TX 78130, USA | 12/08/2017 1:17 PM | 1h 03m 05s |
| | | | | | 00m 26s | |
| 154 I-35BL, New Braunfels, TX 78130, USA | 12/08/2017 2:20 PM | 14m 23s | 4.04 miles | 1655 TX-46, New Braunfels, TX 78132, USA | 12/08/2017 2:34 PM | 02m 21s |
| | | | | | 02m 21s | |
| 1655 TX-46, New Braunfels, TX 78132, USA | 12/08/2017 2:37 PM | 06m 11s | 1.43 miles | [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/08/2017 2:43 PM | 02m 19s |
| | | | | | 02m 19s | |
| 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/08/2017 2:45 PM | 07m 59s | 1.95 miles | 2680-2684 Oak Run Pkwy, New Braunfels, TX 78132, USA | 12/08/2017 2:53 PM | 00m 01s |
| | | | | | 00m 01s | |
| 2680-2684 Oak Run Pkwy, New Braunfels, TX 78132, USA | 12/08/2017 2:53 PM | 01m 19s | 0.54 miles | [SHELL IP060138] 2204 TX-46, New Braunfels, TX 78132, USA | 12/08/2017 2:54 PM | 01m 57s |
| | | | | | 00m 10s | |
| [SHELL IP060138] 2204 TX-46, New Braunfels, TX 78132, USA | 12/08/2017 2:56 PM | 32m 04s | 24.99 miles | [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/08/2017 3:28 PM | -- |
| | | | | | 00m 00s | |
| [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/10/2017 7:31 PM | 00m 01s | 0 miles | [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/10/2017 7:31 PM | 28m 48s |
| | | | | | 00m 20s | |
| [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/10/2017 7:59 PM | 06m 12s | 3.44 miles | [1136 E Borgfeld Dr, San Antonio, TX 78260, USA] 1136 E Borgfeld Dr, San Antonio, TX 78260, USA | 12/10/2017 8:06 PM | 04m 14s |
| | | | | | 01m 20s | |
| [1136 E Borgfeld Dr, San Antonio, TX 78260, USA] 1136 E Borgfeld Dr, San Antonio, TX 78260, USA | 12/10/2017 8:10 PM | 29m 20s | 23.85 miles | [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, | 12/10/2017 8:39 PM | 19m 21s |
| | | | | | 00m 25s | |

| Start Location | Start Time | Duration | Distance | End Location | End Time | Stop |
|---|---|---|---|---|---|---|
| [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/10/2017 8:59 PM | 12m 38s | 6.22 miles | [208-216 Texas 46, New Braunfels, TX 78130, USA] 249 TX-337 Loop, New Braunfels, TX 78130, USA | 12/10/2017 9:11 PM | 06m 05s  06m 05s |
| [208-216 Texas 46, New Braunfels, TX 78130, USA] 249 TX-46, New Braunfels, TX 78130, USA | 12/10/2017 9:17 PM | 35m 45s | 39.93 miles | 6931-7025 S IH 35 Frontage Rd, Austin, TX 78745, USA | 12/10/2017 9:53 PM | 05m 52s  05m 52s |
| 6601-6607 S IH 35 Frontage Rd, Austin, TX 78745, USA | 12/10/2017 9:59 PM | 03m 33s | 1.77 miles | 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/10/2017 10:02 PM | 07m 27s  00m 41s |
| 4415 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/10/2017 10:10 PM | 00m 08s | 0 miles | 4415 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/10/2017 10:10 PM | --  00m 05s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/11/2017 6:54 AM | 10m 56s | 3.91 miles | Sabine St, Austin, TX 78701, USA | 12/11/2017 7:05 AM | 9h 20m 42s  00m 00s |
| 12 East Ave, Austin, TX 78701, USA | 12/11/2017 4:26 PM | 05m 24s | 2.13 miles | 3362-3498 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/11/2017 4:31 PM | 00m 09s  00m 09s |
| 3362-3498 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/11/2017 4:31 PM | 05m 28s | 1.41 miles | 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/11/2017 4:37 PM | 05m 23s  00m 25s |
| 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/11/2017 4:42 PM | 02m 16s | 0.29 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/11/2017 4:44 PM | 2h 39m 57s  06m 17s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/11/2017 7:24 PM | 05m 41s | 1.71 miles | 5600 S IH 35 Frontage Rd, Austin, TX 78745, USA | 12/11/2017 7:30 PM | 00m 38s  00m 38s |
| 5600 S IH 35 Frontage Rd, Austin, TX 78745, USA | 12/11/2017 7:31 PM | 01m 38s | 0.28 miles | 701 E Stassney Ln, Austin, TX 78745, USA | 12/11/2017 7:32 PM | 2h 23m 10s  00m 36s |
| 901 E Stassney Ln, Austin, TX 78745, USA | 12/11/2017 9:56 PM | 00m 41s | 0.08 miles | 701 E Stassney Ln, Austin, TX 78745, USA | 12/11/2017 9:56 PM | 06m 48s  00m 50s |
| 701 E Stassney Ln, Austin, TX 78745, USA | 12/11/2017 10:03 PM | 01m 38s | 0.15 miles | 1177-1199 E Stassney Ln, Austin, TX 78745, USA | 12/11/2017 10:05 PM | 00m 22s  00m 22s |
| 1177-1199 E Stassney Ln, Austin, TX 78745, USA | 12/11/2017 10:05 PM | 03m 19s | 1.21 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/11/2017 10:08 PM | --  00m 00s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/12/2017 7:06 AM | 14m 08s | 3.96 miles | Sabine St, Austin, TX 78701, USA | 12/12/2017 7:20 AM | 4h 22m 25s  00m 00s |
| Sabine St, Austin, TX 78701, USA | 12/12/2017 11:43 AM | 00m 01s | 0 miles | Sabine St, Austin, TX 78701, USA | 12/12/2017 11:43 AM | 49m 03s  00m 00s |
| Sabine St, Austin, TX 78701, USA | 12/12/2017 12:32 PM | 00m 01s | 0 miles | Sabine St, Austin, TX 78701, USA | 12/12/2017 12:32 PM | 5h 19m 49s  00m 00s |
| S IH 35 Frontage Rd & US-290 & N Interstate Hwy 35, Austin, TX, USA | 12/12/2017 5:51 PM | 08m 32s | 2.39 miles | 3362-3498 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/12/2017 6:00 PM | 00m 09s  00m 09s |
| 3362-3498 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/12/2017 6:00 PM | 05m 38s | 1.44 miles | 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/12/2017 6:06 PM | 02m 12s  00m 25s |
| 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/12/2017 6:08 PM | 02m 22s | 0.39 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/12/2017 6:10 PM | 1h 40m 23s  01m 00s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/12/2017 7:51 PM | 05m 53s | 1.98 miles | 1600-1622 E Stassney Ln, Austin, TX 78745, USA | 12/12/2017 7:57 PM | 26m 49s |

| Start Location | Start Time | Duration | Distance | End Location | End Time | Idle | Stop |
|---|---|---|---|---|---|---|---|
| 901 E Stassney Ln, Austin, TX 78745, USA | 12/12/2017 8:23 PM | 01m 50s | 0.19 miles | 1000 E Stassney Ln, Austin, TX 78745, USA | 12/12/2017 8:25 PM | 1h 40m 18s | 01m 21s |
| 1000 E Stassney Ln, Austin, TX 78745, USA | 12/12/2017 10:06 PM | 07m 10s | 2.1 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/12/2017 10:13 PM | -- | 00m 08s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/13/2017 7:11 AM | 13m 04s | 3.94 miles | Sabine St, Austin, TX 78701, USA | 12/13/2017 7:24 AM | 10m 22s | 00m 00s |
| Sabine St, Austin, TX 78701, USA | 12/13/2017 7:34 AM | 00m 01s | 0 miles | Sabine St, Austin, TX 78701, USA | 12/13/2017 7:34 AM | 9h 37m 19s | 00m 14s |
| [97 Red River Street, Austin, TX 78701, USA] 601 E Cesar Chavez St, Austin, TX 78701, USA | 12/13/2017 5:12 PM | 05m 43s | 1.8 miles | 1950-1974 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/13/2017 5:17 PM | 05m 30s | 01m 20s |
| 1366-1384 Mariposa Dr, Austin, TX 78704, USA | 12/13/2017 5:23 PM | 08m 37s | 2.61 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/13/2017 5:31 PM | -- | 00m 00s |
| 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/14/2017 12:53 PM | 29m 47s | 17.75 miles | 527 Research Blvd, Austin, TX 78759, USA | 12/14/2017 1:22 PM | 01m 09s | 01m 09s |
| 11657 Research Blvd, Austin, TX 78759, USA | 12/14/2017 1:23 PM | 01m 47s | 0.96 miles | 5134-5142 Balcones Woods Dr, Austin, TX 78759, USA | 12/14/2017 1:25 PM | 03m 13s | 00m 44s |
| 5114 Balcones Woods Dr, Austin, TX 78759, USA | 12/14/2017 1:28 PM | 01m 22s | 0.41 miles | 10934-10938 Research Blvd, Austin, TX 78759, USA | 12/14/2017 1:30 PM | 03m 35s | 00m 09s |
| 10930 Research Blvd, Austin, TX 78759, USA | 12/14/2017 1:33 PM | 21m 35s | 15.5 miles | [McCoy's Lawn Equipment South 4140 S Congress Ave] 201 W Ben White Blvd, Austin, TX 78704, USA | 12/14/2017 1:55 PM | 00m 14s | 00m 14s |
| [McCoy's Lawn Equipment South 4140 S Congress Ave] 201 W Ben White Blvd, Austin, TX 78704, USA | 12/14/2017 1:55 PM | 05m 56s | 2.24 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/14/2017 2:01 PM | 1h 15m 41s | 02m 43s |
| 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/14/2017 3:17 PM | 52m 20s | 45.61 miles | 1630 TX-46, New Braunfels, TX 78130, USA | 12/14/2017 4:09 PM | 02m 26s | 02m 26s |
| TX-46 & Independence Dr, New Braunfels, TX 78132, USA | 12/14/2017 4:12 PM | 03m 58s | 1.21 miles | [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/14/2017 4:16 PM | 01m 47s | 01m 47s |
| [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/14/2017 4:17 PM | 04m 26s | 1.62 miles | 1562-1598 N Walnut Ave, New Braunfels, TX 78130, USA | 12/14/2017 4:22 PM | 01m 52s | 01m 52s |
| 2551 TX-337 Loop, New Braunfels, TX 78130, USA | 12/14/2017 4:24 PM | 18m 32s | 8.22 miles | [895A Farm to Market 306, New Braunfels, TX 78130, USA] 2674-2694 E Common St, New Braunfels, TX 78130, USA | 12/14/2017 4:42 PM | 02m 57s | 00m 21s |
| [895A Farm to Market 306, New Braunfels, TX 78130, USA] 2674-2694 E Common | 12/14/2017 4:45 PM | 00m 30s | 0.01 miles | [895A Farm to Market 306, New Braunfels, TX 78130, USA] 2672 E Common St, | 12/14/2017 4:46 PM | 58m 54s | 00m 13s |

| Start Location | Start Time | Duration | Distance | End Location | End Time | Stop |
|---|---|---|---|---|---|---|
| St, New Braunfels, TX 78130, USA | | | | New Braunfels, TX 78130, USA | | |
| [895A Farm to Market 306, New Braunfels, TX 78130, USA] 2672 E Common St, New Braunfels, TX 78130, USA | | | | Braunfels, TX 78130, USA | | 02m 20s / 02m 20s |
| FM1102, New Braunfels, TX 78132, USA | 12/14/2017 5:48 PM | 02m 14s | 0.86 miles | 861 Conrads Ln, New Braunfels, TX 78130, USA | 12/14/2017 5:50 PM | 04m 16s / 04m 16s |
| 861 Conrads Ln, New Braunfels, TX 78130, USA | 12/14/2017 5:55 PM | 01m 31s | 0.63 miles | [Stratus Path, New Braunfels, TX 78130, USA] 763 Stratus Path, New Braunfels, TX 78130, USA | 12/14/2017 5:56 PM | 04m 31s / 00m 37s |
| [Stratus Path, New Braunfels, TX 78130, USA] 763 Stratus Path, New Braunfels, TX 78130, USA | 12/14/2017 6:01 PM | 09m 25s | 4.98 miles | 841 TX-46, New Braunfels, TX 78130, USA | 12/14/2017 6:10 PM | 37m 55s / 00m 39s |
| 841 TX-46, New Braunfels, TX 78130, USA | 12/14/2017 6:48 PM | 13m 20s | 5.17 miles | 1294-1298 E Common St, New Braunfels, TX 78130, USA | 12/14/2017 7:01 PM | 00m 37s / 00m 37s |
| 1294-1298 E Common St, New Braunfels, TX 78130, USA | 12/14/2017 7:02 PM | 08m 13s | 4.72 miles | [Stratus Path, New Braunfels, TX 78130, USA] 763 Stratus Path, New Braunfels, TX 78130, USA | 12/14/2017 7:10 PM | 05m 02s / 00m 28s |
| [Stratus Path, New Braunfels, TX 78130, USA] 763 Stratus Path, New Braunfels, TX 78130, USA | 12/14/2017 7:15 PM | 18m 08s | 8.82 miles | [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/14/2017 7:33 PM | 02m 13s / 00m 26s |
| [200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA] 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/14/2017 7:35 PM | 36m 09s | 27.35 miles | [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/14/2017 8:12 PM | -- / 00m 00s |
| [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/17/2017 10:16 PM | 43m 34s | 31.87 miles | 811 Interstate 35 Frontage Rd, New Braunfels, TX 78130, USA | 12/17/2017 10:59 PM | 05m 50s / 05m 50s |
| 815 I-35BL, New Braunfels, TX 78130, USA | 12/17/2017 11:05 PM | 02m 12s | 0.53 miles | 1185 Interstate 35 Frontage Rd, New Braunfels, TX 78130, USA | 12/17/2017 11:07 PM | 01m 46s / 01m 46s |
| 1185 Interstate 35 Frontage Rd, New Braunfels, TX 78130, USA | 12/17/2017 11:09 PM | 36m 50s | 41.66 miles | 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/17/2017 11:46 PM | 05m 40s / 05m 40s |
| 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/17/2017 11:51 PM | 00m 44s | 0.03 miles | 4501 Meinardus Dr, Austin, TX 78744, USA | 12/17/2017 11:52 PM | -- / 00m 00s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/20/2017 8:03 AM | 01m 33s | 1.59 miles | 4525 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/20/2017 8:05 AM | 01m 41s / 01m 41s |
| 2605 I-35, Austin, TX 78741, USA | 12/20/2017 8:07 AM | 09m 01s | 2.43 miles | Sabine St, Austin, TX 78701, USA | 12/20/2017 8:16 AM | 8h 09m 40s / 00m 00s |
| [97 Red River Street, Austin, TX 78701, | 12/20/2017 4:25 PM | 08m 35s | 3.44 miles | 2043-2071 Woodward St, Austin, TX 78741, | 12/20/2017 4:34 PM | 00m 29s |

USA]
97 Red River St,
Austin, TX 78701,
USA

| Address | Time | Duration | Distance | Address | Time | Duration |
|---|---|---|---|---|---|---|
| 2073-2099 Woodward St, Austin, TX 78741, USA | 12/20/2017 4:34 PM | 02m 16s | 0.88 miles | 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/20/2017 4:37 PM | 03m 49s / 00m 50s |
| 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/20/2017 4:40 PM | 01m 40s | 0.26 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/20/2017 4:42 PM | 2h 15m 53s / 00m 24s |
| 4501 Meinardus Dr, Austin, TX 78744, USA | 12/20/2017 6:58 PM | 06m 07s | 1.71 miles | 1600-1622 E Stassney Ln, Austin, TX 78744, USA | 12/20/2017 7:04 PM | 00m 41s / 00m 41s |
| 1600-1622 E Stassney Ln, Austin, TX 78744, USA | 12/20/2017 7:05 PM | 01m 55s | 0.41 miles | 1135-1175 E Stassney Ln, Austin, TX 78745, USA | 12/20/2017 7:07 PM | 1h 17m 31s / 06m 52s |
| 701 E Stassney Ln, Austin, TX 78745, USA | 12/20/2017 8:24 PM | 01m 41s | 0.1 miles | 1135-1175 E Stassney Ln, Austin, TX 78745, USA | 12/20/2017 8:26 PM | 00m 04s / 00m 04s |
| 1177-1199 E Stassney Ln, Austin, TX 78745, USA | 12/20/2017 8:26 PM | 02m 56s | 1.13 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/20/2017 8:29 PM | -- / 00m 00s |
| 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/21/2017 8:25 AM | 08m 26s | 4 miles | Sabine St, Austin, TX 78701, USA | 12/21/2017 8:34 AM | 7h 36m 53s / 00m 00s |
| 92 S IH 35 Frontage Rd, Austin, TX 78701, USA | 12/21/2017 4:11 PM | 04m 59s | 1.88 miles | 2241 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/21/2017 4:16 PM | 00m 18s / 00m 18s |
| 2296 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/21/2017 4:16 PM | 01m 32s | 0.23 miles | 2520 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/21/2017 4:17 PM | 01m 24s / 01m 24s |
| 2520 S IH 35 Frontage Rd, Austin, TX 78704, USA | 12/21/2017 4:19 PM | 04m 23s | 1.62 miles | 2073-2099 Woodward St, Austin, TX 78741, USA | 12/21/2017 4:23 PM | 01m 30s / 01m 30s |
| 2281-2299 Woodward St, Austin, TX 78744, USA | 12/21/2017 4:25 PM | 01m 49s | 0.49 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/21/2017 4:27 PM | 52m 58s / 02m 19s |
| 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/21/2017 5:19 PM | 06m 53s | 2 miles | 1044-1114 E Stassney Ln, Austin, TX 78744, USA | 12/21/2017 5:26 PM | 1h 11m 47s / 03m 50s |
| 1044-1114 E Stassney Ln, Austin, TX 78745, USA | 12/21/2017 6:38 PM | 05m 26s | 1.21 miles | 624-698 W Stassney Ln, Austin, TX 78745, USA | 12/21/2017 6:44 PM | 15m 02s / 02m 22s |
| 5608 S 1st St, Austin, TX 78745, USA | 12/21/2017 6:59 PM | 02m 17s | 0.52 miles | 107 W Stassney Ln, Austin, TX 78745, USA | 12/21/2017 7:01 PM | 08m 22s / 00m 55s |
| 143-201 W Stassney Ln, Austin, TX 78745, USA | 12/21/2017 7:09 PM | 01m 17s | 0.62 miles | 105 W Stassney Ln, Austin, TX 78745, USA | 12/21/2017 7:11 PM | 01m 30s / 01m 30s |
| 701 E Stassney Ln, Austin, TX 78745, USA | 12/21/2017 7:12 PM | 03m 47s | 1.31 miles | 4501 S IH 35 Frontage Rd, Austin, TX 78744, USA | 12/21/2017 7:16 PM | -- / 00m 00s |
| 4501 N Interstate 35 Frontage Rd, Austin, TX 78744, USA | 12/22/2017 12:00 PM | 00m 52s | 0.16 miles | 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/22/2017 12:01 PM | 08m 46s / 00m 54s |
| 1601 E St Elmo Rd, Austin, TX 78744, USA | 12/22/2017 12:09 PM | 45m 46s | 44.28 miles | 1254-1298 TX-46, New Braunfels, TX 78130, USA | 12/22/2017 12:55 PM | 01m 30s / 01m 30s |
| 2116-2176 TX-46, New Braunfels, TX 78130, USA | 12/22/2017 12:57 PM | 06m 56s | 3.35 miles | 350 New York Ave, New Braunfels, TX 78130, USA | 12/22/2017 1:04 PM | 06m 39s / 00m 20s |
| 350 New York Ave, New Braunfels, TX 78130, USA | 12/22/2017 1:10 PM | 04m 52s | 0.95 miles | 501-507 Laurel Ln, New Braunfels, TX 78130, USA | 12/22/2017 1:15 PM | 02m 44s / 02m 44s |
| 483 Laurel Ln, New Braunfels, TX 78130, USA | 12/22/2017 1:18 PM | 06m 33s | 2.11 miles | 2541-2651 Oak Run Pkwy, New Braunfels, TX 78132, USA | 12/22/2017 1:24 PM | 00m 09s / 00m 00s |

| Start Location | Start Time | Duration | Distance | End Location | End Time | Idle |
|---|---|---|---|---|---|---|
| 2541-2651 Oak Run Pkwy, New Braunfels, TX 78132, USA | 12/22/2017 1:25 PM | 33m 02s | 25.55 miles | [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/22/2017 1:58 PM | -- |
| [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/27/2017 6:01 AM | 1h 20m 37s | 76.21 miles | 31 N Interstate Hwy 35, Austin, TX 78702, USA | 12/27/2017 7:22 AM | 04m 27s / 00m 57s |
| 31 N Interstate Hwy 35, Austin, TX 78702, USA | 12/27/2017 7:26 AM | 04m 22s | 0.63 miles | Sabine St, Austin, TX 78701, USA | 12/27/2017 7:31 AM | 1h 17m 32s / 00m 00s |
| 642-662 E Cesar Chavez St, Austin, TX 78701, USA | 12/27/2017 8:48 AM | 18m 22s | 12.86 miles | 16 Stonehollow Dr, Austin, TX 78758, USA | 12/27/2017 9:07 AM | 2h 55m 55s / 01m 31s |
| 16 Stonehollow Dr, Austin, TX 78758, USA | 12/27/2017 12:02 PM | 07m 36s | 2.8 miles | 10844-10894 Mopac Service Rd, Austin, TX 78759, USA | 12/27/2017 12:10 PM | 43m 00s / 06m 17s |
| 10844-10894 Mopac Service Rd, Austin, TX 78759, USA | 12/27/2017 12:53 PM | 02m 10s | 0.53 miles | 10044-10216 Mopac Service Rd, Austin, TX 78759, USA | 12/27/2017 12:55 PM | 00m 17s / 00m 17s |
| 10044-10216 Mopac Service Rd, Austin, TX 78759, USA | 12/27/2017 12:55 PM | 14m 57s | 10.39 miles | 604 Driskill St, Austin, TX 78701, USA | 12/27/2017 1:10 PM | 1h 50m 44s / 10m 29s |
| 604 Driskill St, Austin, TX 78701, USA | 12/27/2017 3:01 PM | 43m 32s | 42.73 miles | [Stratus Path, New Braunfels, TX 78130, USA] 763 Stratus Path, New Braunfels, TX 78130, USA | 12/27/2017 3:45 PM | 07m 00s / 00m 28s |
| [Stratus Path, New Braunfels, TX 78130, USA] 763 Stratus Path, New Braunfels, TX 78130, USA | 12/27/2017 3:52 PM | 10m 23s | 4.86 miles | 1277-1293 Hillcrest Dr, New Braunfels, TX 78130, USA | 12/27/2017 4:02 PM | 07m 34s / 07m 34s |
| 1277-1293 Hillcrest Dr, New Braunfels, TX 78130, USA | 12/27/2017 4:10 PM | 08m 15s | 4.11 miles | 200-226 Pennsylvania Blvd, New Braunfels, TX 78130, USA | 12/27/2017 4:18 PM | 11m 31s / 00m 40s |
| 350 New York Ave, New Braunfels, TX 78130, USA | 12/27/2017 4:29 PM | 36m 21s | 27.35 miles | [28650 Blanco Rd, San Antonio, TX 78260, USA] 28650 Blanco Rd, San Antonio, TX 78260, USA | 12/27/2017 5:06 PM | 00m 00s |
| **Working Total** | | 23h 48m 32s | 905.86 miles | | | 5h 22m 11s / 127h 40m 55s |
| **Total** | | 23h 48m 32s | 905.93 miles | | | 5h 58m 39s |

Johnson000356

## TIME DETAIL

Time Period: Range of Dates
Dates: 12/17/2017 - 12/23/2017

Printed: 1/22/2018

Name: [Redacted]III, Oscar B        ID: 1243455        Pay Rule: USASLNON
Primary Account(s):        5/21/2017 - forever   -/-/-/-/103-150-1023-0N85/1272531

| Date | Apply To | In Punch | In Exc | Out Punch | Out Exc | ($)Amt | Adj/Ent Amount | Totaled Amount | Cum. Tot. Amount | Absence |
|---|---|---|---|---|---|---|---|---|---|---|
| Sun 12/17 | | | | | | | | | 0.0 | |
| Mon 12/18 | Miles - Company 7N88-0126/-/776-D/-/-/-/- | 12:00AM | | | | 75.00 | | | | |
| Mon 12/18 | | 7:00AM | | 5:00PM | | | | 10.0 | 10.0 | |
| | | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | |
| Tue 12/19 | | 7:00AM | | 9:00AM | | | | 2.0 | 12.0 | |
| | | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | |
| Wed 12/20 | | 7:00AM | | 5:00PM | | | | 10.0 | 22.0 | |
| | | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | |
| Thu 12/21 | | 7:00AM | | 3:00PM | | | | 8.0 | 30.0 | |
| | | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | |
| Fri 12/22 | Miles - Company 7N88-0126/-/776-D/-/-/-/- | 12:00AM | | | | 75.00 | | | | |
| Fri 12/22 | | 7:00AM | | 9:00AM | | | | 2.0 | 32.0 | |
| | | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | |
| Sat 12/23 | | | | | | | | | 32.0 | |
| Totals | | | | | | 150.00 | 0.0 | 32.0 | 32.0 | |

Account Summary

| Account | Pay Code | | Money | Hours |
|---|---|---|---|---|
| (x)7N88-0126/-/712-D/-/-/-/- | | | | |
| | Regular Calc | | | 32.0 |
| | Regular Reprtd | | | 32.0 |
| (x)7N88-0126/-/776-D/-/-/-/- | | | | |
| | Miles - Company | | 150.00 | |

Pay Code Summary

| | Pay Code | | Money | Hours |
|---|---|---|---|---|
| | Regular Calc | | | 32.0 |
| | Regular Reprtd | | | 32.0 |
| | Miles - Company | | 150.00 | |
| Totals | | | 150.00 | 64.0 |

Time Detail

## TIME DETAIL

Time Period: Range of Dates
Dates: 12/24/2017 - 12/30/2017

Printed: 1/22/2018

Name: [Redacted]III, Oscar B          ID: 1243455          Pay Rule: USASLNON
Primary Account(s):          5/21/2017 - forever   -/-/-/-/103-150-1023-0N85/1272531

| Date | Apply To | In Punch | In Exc | Out Punch | Out Exc | ($)Amt | Adj/Ent Amount | Totaled Amount | Cum. Tot. Amount | Absence |
|------|----------|----------|--------|-----------|---------|--------|----------------|----------------|------------------|---------|
| Sun 12/24 | | | | | | | | | 0.0 | |
| Mon 12/25 | Holiday | 7:00AM | | | | | 8.0 | | 8.0 | |
| | A Note from Employee | | | | | | | | | |
| | OH-Emp Holiday/-/000-I/-/-/-/- | | | | | | | | | |
| Tue 12/26 | Holiday | 7:00AM | | | | | 8.0 | | 16.0 | |
| | A Note from Employee | | | | | | | | | |
| | OH-Emp Holiday/-/000-I/-/-/-/- | | | | | | | | | |
| Wed 12/27 | Miles - Company | 12:00AM | | | | 150.00 | | | | |
| | 7N88-0126/-/776-D/-/-/-/- | | | | | | | | | |
| Wed 12/27 | | 7:00AM | | 11:00AM | | | | | | |
| | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | | |
| Wed 12/27 | | 11:00AM | | 3:00PM | | | | 8.0 | 24.0 | |
| | 6N88-0250/-/712-D/-/-/-/-;USASLNON | | | | | | | | | |
| Thu 12/28 | | 7:00AM | | 3:00PM | | | | 8.0 | 32.0 | |
| | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | | |
| Fri 12/29 | | 7:00AM | | 10:30AM | | | | 3.5 | | |
| | 7N88-0126/-/712-D/-/-/-/-;USASLNON | | | | | | | | | |
| Fri 12/29 | Standby 1.5 | 10:30AM | | | | | 2.0 | | 37.5 | |
| | A Note from Employee | | | | | | | | | |
| | OH-Emp Standby/-/000-I/-/-/-/- | | | | | | | | | |
| Sat 12/30 | | | | | | | | | 37.5 | |
| Totals | | | | | | 150.00 | 18.0 | 19.5 | 37.5 | |

Account Summary

| Account | Pay Code | Money | Hours |
|---------|----------|-------|-------|
| (x)6N88-0250/-/712-D/-/-/-/- | | | |
| | Regular Calc | | 4.0 |
| | Regular Reprtd | | 4.0 |
| (x)7N88-0126/-/712-D/-/-/-/- | | | |
| | Regular Calc | | 15.5 |
| | Regular Reprtd | | 15.5 |
| (x)7N88-0126/-/776-D/-/-/-/- | | | |
| | Miles - Company | 150.00 | |
| (x)OH-Emp Holiday/-/000-I/-/-/-/- | | | |
| | Holiday | | 16.0 |
| (x)OH-Emp Standby/-/000-I/-/-/-/- | | | |
| | Standby 1.5 | | 2.0 |

Pay Code Summary

| | Pay Code | Money | Hours |
|---|----------|-------|-------|
| | Regular Calc | | 19.5 |
| | Regular Reprtd | | 19.5 |
| | Miles - Company | 150.00 | |
| | Holiday | | 16.0 |
| | Standby 1.5 | | 2.0 |
| Totals | | 150.00 | 57.0 |

Johnson Controls, Inc.
3660 Thousand Oaks Dr. #216, San Antonio, TX 78247
Tel (210) 349-9100  Fax (210) 524-9241



**Johnson
Controls**

**DATE:** 04/24/17

Oscar ▮Redacted▮
Employee ID 1243455
Johnson Controls Systems Technician II

**RE:** Written warning notice of unacceptable employee behaviors.

Mr. Oscar ▮▮,

This letter of warning is being issued to you for unacceptable behavior and conduct as a Johnson Controls
team member, specifically your failure to properly inform your direct supervisor of your absences,
working well with sub-contractors, and properly managing your time.

**Relevant Past Occurrences**

1.   During the time you spent on the Seguin HS project during March of 2017, you sent out an
     email being critical of a JCI subcontractor, Southwest Electrical.  This email was seen by our
     subcontractor and caused damage to our relationship.  Issues that arise on a jobsite should be
     raised directly to your project manager, without criticism.

2.   On Monday April 24th, you failed to inform your direct supervisor that you would not be
     making it into work, per illness.  Policy requires that all sick leave must be reported to your
     direct supervisor.  Also, vacation days must be preapproved by your direct supervisor, any
     unforeseen leave that is needed will require sick leave or non-paid leave.

3.   On Friday April 21st, while working at the Alamo Dome, you were observed standing around
     your vehicle not working.  At this time you were tasked with doing inspections.  When asked
     why you were standing around, it is reported that you claimed you were not needed at the
     time.  In the event that your assigned task cannot be completed, you must contact your project
     manager.

**Required Corrections and Timeline for Corrections**

1.   Effective immediately you will conduct yourself in a professional manner at all times.  This
     includes interaction with coworkers, customers, subcontractors, and any persons you may
     encounter while conducting Johnson Controls business or representing Johnson Controls in
     any way.
2.   Effective immediately you will follow the specific criteria in requesting days off and reporting
     sick leave.
3.   Effective immediately you will notify your supervisor and project manager of any event that
     limits your ability to complete your assigned tasks.



**Consequences of Failure to Make Required Corrections**

The change in behaviors outlined above are effective immediately. These issues have had a negative cost impact on our project due to unnecessary time being spent on tasks and possible loss of future business with customers both internal and external. Any further instances of these inappropriate behaviors will result in further disciplinary action, up to and including termination of employment. On Friday June 2nd, 2017 we will review your behavior.

Oscar, Johnson Controls is interested in your success within the organization and is confident you will follow these instructions, without incident, to get back on track, and maintain that level. Please contact me if there are any questions, and I am looking forward to your immediate success on this matter.

Sincerely,




Ben J. Emmert
Systems Team Leader – San Antonio
Johnson Controls, Inc.
(785)-230-4261



cc:     David Domino, Branch Installation Manager
        Michelle Hotard, Human Resources Manager




Oscar[Redacted]                     4/26/17
                                    Date

I have received this letter and understand the requirements provided herein.

| | |
|---|---|
| **From:** | Tesa Bolt |
| **Sent:** | Thursday, January 12, 2017 9:55 AM |
| **To:** | Delores H Washington |
| **Subject:** | FW: Time Sheet Errors |
| **Attachments:** | GB Time.rtf; RE: Time Sheet Errors |

Hi Delores,

FYI

We are terminating William ▮Redacted▮ in the Charlotte, NC Branch today for falsifying hours on his timesheet. We had a meeting with the employee and he couldn't justify and ultimately admitted that he added additional hours. This has also happened in the past and was coached by Rusty Carter and it was put on his 2016 Performance Review.

Tesa Bolt | SR. HR Generalist | Johnson Controls, Inc.
605 Shiloh Rd | Plano, TX 75074 | 972.212.4902| Fax: 972.212.4906| Mobile 469-847-3402

For ADP Garnishment Services and Inquiries: 866-324-5191
HR Atlas Support: 1-855-505-8337

   

---

**From:** Jerry M Eury
**Sent:** Monday, January 09, 2017 3:04 PM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Subject:** RE: Time Sheet Errors

Tesa, here is what I have pulled together. What I was thinking was I would pull him and show him what I have and give him a chance to explain and make sure there is not something I am not totally overlooking. Does this sound reasonable? Thanks,

Jerry Eury
Security & Fire Team Leader
Johnson Controls Inc.
9844-B Southern Pine Blvd
Charlotte, NC 28273
Cell- 704-942-7839
Email- jerry.m.eury@jci.com

---

**From:** Tesa Bolt
**Sent:** Monday, January 09, 2017 9:48 AM
**To:** Jerry M Eury <Jerry.M.Eury@jci.com>
**Subject:** RE: Time Sheet Errors

Johnson000343

Hi Jerry,

If he is falsifying his hours, it's immediate termination. Please send me the documentation.

Tesa Bolt | SR. HR Generalist | Johnson Controls, Inc.
605 Shiloh Rd | Plano, TX 75074 | 972.212.4902| Fax: 972.212.4906| Mobile 469-847-3402

For ADP Garnishment Services and Inquiries: 866-324-5191
HR Atlas Support: 1-855-505-8337

   

---

**From:** Jerry M Eury
**Sent:** Monday, January 09, 2017 7:36 AM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Subject:** Time Sheet Errors

Tesa,
I have an employee that's timesheet entry does not match his actual time on a job site. He has been coached in this area prior to me moving into the STL role, what are my options for disciplinary actions?
Thanks for any help,

Jerry Eury
Security & Fire Team Leader
Johnson Controls Inc.
9844-B Southern Pine Blvd
Charlotte, NC 28273
Cell- 704-942-7839
Email- jerry.m.eury@jci.com

Johnson000342



| | Day | Monday 12-19 | Tuesday 12-20 | Wednesday 12-21 | Thursday 12-22 | Friday 12-23 | Total Hours | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **Day** | Monday 12-19 | Tuesday 12-20 | Wednesday 12-21 | Thursday 12-22 | Friday 12-23 | Total Hours | | |
| 2 | **GPS HRS** | 6:42- 9:57 15HRS | 4:04-9:03 5HRS | 8:03- 9:19 13HRS | 10:30- 7:27 9Hrs | | | | |
| 3 | **Lunch** | 1 | | 1 | | | | | |
| 4 | **Dinner** | 1 | 1? | 1 | 1 | | | | |
| 5 | **Total** | 13 | 5 | 11 | 8 | 8 | 45 | | |
| 6 | **Tmie Sheet** | 14.5 | 8 | 13.5 | 10 | 8 Holiday | 54 | | |
| 7 | | | | | | | | | |

**From:**                  Rusty L Carter
**Sent:**                  Thursday, January 12, 2017 9:14 AM
**To:**                     Tesa Bolt
**Subject:**            RE: Time Sheet Errors

Tesa,
He was warned and counseled I believe back in Oct/Nov. This was the same time Scott Kahn (JCI CDIA Site manager) call me then you with a complaint on him about falsifying his timesheet. At that time I investigated and there was discrepancies to what he charged and what time he was on site. From what I remember it was 2 to 3 hours a day. I spoke to Grant over the phone and questioned him on this and made sure to let him know that this was a verbal warning and to make sure he communicates with his manager and team if he planned to do paperwork off site. We made sure to include this on his review under the integrity section as well, which Jerry reviewed with him when he conducted his performance review.



**Rusty Carter**
Branch Installation Manager
Charlotte, NC
Systems and Service NA

**Johnson Controls**
9844-B Southern Pine Blvd.
Charlotte, NC 28273
Office : 704-521-6259
Cell: 704-574-1025
For Service call, 866-589-8883

---

**From:** Tesa Bolt
**Sent:** Thursday, January 12, 2017 9:52 AM
**To:** Rusty L Carter <Russel.L.Carter@jci.com>
**Subject:** FW: Time Sheet Errors

Hi Rusty, do you have any notes of your discussion with William ▮Redacted▮ regarding falsifying his timesheet when he reported to you?

Tesa Bolt | SR. HR Generalist | Johnson Controls, Inc.
605 Shiloh Rd | Plano, TX  75074 | 972.212.4902| Fax: 972.212.4906| Mobile 469-847-3402

For ADP Garnishment Services and Inquiries:  866-324-5191
HR Atlas Support: 1-855-505-8337

   

Johnson000345

| From: | Jennifer Deanne Ellis |
|---|---|
| Sent: | Thursday, April 18, 2019 7:34 AM |
| To: | Tesa Bolt |
| Subject: | RE: Termination - Falsifying Timecard |

Tesa, you may proceed. Thanks.

**Jennifer D. Ellis**
Senior Labor & Employment Counsel
Global Labor & Employment
**Johnson Controls**

+1 561 341 7533 **direct**
+1 561 213 7374 **mobile**

---

**From:** Tesa Bolt
**Sent:** Wednesday, April 17, 2019 3:28 PM
**To:** Jennifer Deanne Ellis <jennifer.ellis@jci.com>
**Subject:** Termination - Falsifying Timecard

Hi Jennifer, I have a father and son duo who have falsified their time card. The manager pulled their GPS and timesheets and you can clearly see where they put full day hours but were on site for two. When they were brought in to discuss this, they didn't deny their actions. The business would like to terminate based on falsifying timecards.

Tesa Bolt
Senior Human Resources Generalist
Building Efficiency
605 Shiloh Rd., Plano TX 75074
972-212-4902

Access HR Atlas at https://my.jci.com/sites/HR

*Looking for HR information, resources or support?* **HR Atlas** is the go-to resource site to find HR-related information. **Access HR Atlas at** https://my.jci.com/sites/HR/Pages

*Need live support assistance?* Call the **HR Shared Services Center (HRSSC) at 855-505-8337** for help with HR processes and transactions and HR applications.

*Have questions about your benefits?* Contact the **JCI Benefits Service Center at (866) 496-1999**.

**Access HR Atlas at:** https://my.jci.com/sites/HR

**Legacy Tyco Corporate Payroll**
1-866-291-5458 | napcpayroll@simplexgrinnell.com

**JCI IT Helpdesk**
1-844-831-3134

1

Johnson000346

**Additional HR Resources**
<u>Employment Verification</u> – The Work Number 800-367-5690
Legacy JCI Company Code: 10584 / Legacy Tyco Company Code: 11593
**Employee Assistance Program (EAP):**
Aetna: 855-449-4820 www.resourcesforliving.com Username: JCI Password: EAP

---

**From:** David R Adkins
**Sent:** Wednesday, April 17, 2019 12:17 PM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Cc:** Reuel E Suazo <Reuel.E.Suazo@jci.com>
**Subject:** RE: Gerald [Redacted] & Zachery [Redacted]

Tesa,

Please attached reports from GeoTab. The jobsite is the location with the address on Westchester Pkwy in Grand Prairie.

4-10-2910 On site for 2 Hours and 10 minutes total
4-11-2019 On site 6 Minutes
4-12-2019 On site 0 minutes

All three days he charged _**8**_ hours a day to this job. He stated he did not have parts. When we went through his truck yesterday, he had the parts and a job was completed as sold. I am concerned about his ethics and the risk he places on JCI for not doing what he is supposed to be doing. This is a life safety issue at a nursing home that had a system that was not functioning 100%. Please let me know if you need any more information and I will get it over to you right away.

**Thanks,**

**David R Adkins**
**Branch Service Manager, Dallas, Fort Worth, and Lubbock, TX**
**Building Solutions, North America**
**Johnson Controls International**
**3021 West Bend Drive**
**Irving, TX 75063**

**24 Hour Fire & Sprinkler Service – 972.587.5200 Dallas**
**24 Hour Fire & Sprinkler Service – 817.210.0700 Fort Worth**
**24 Hour Fire & Sprinkler Service – 806.744.8333 Lubbock & West Texas**

**Cell: 972.467.5048**
**Fax: 972.869.9421**
**david.r.adkins@jci.com**
**http://www.johnsoncontrols.com**

---

**From:** Tesa Bolt
**Sent:** Tuesday, April 16, 2019 12:41 PM
**To:** David R Adkins <David.R.Adkins@jci.com>; Shannon Haynes <shannon.haynes@jci.com>
**Cc:** Beryl S Roberts <beryl.roberts@jci.com>
**Subject:** RE: Gerald [Redacted] & Zachery [Redacted]

Hi David, the information for tracking appears to be a screen shot, are you able to pull the full report for the days in question?

Tesa Bolt
Senior Human Resources Generalist
Building Efficiency
605 Shiloh Rd., Plano TX 75074
972-212-4902


Access HR Atlas at **https://my.jci.com/sites/HR**

*Looking for HR information, resources or support?* **HR Atlas** is the go-to resource site to find HR-related information. **Access HR Atlas at** https://my.jci.com/sites/HR/Pages

*Need live support assistance?* Call the **HR Shared Services Center (HRSSC) at 855-505-8337** for help with HR processes and transactions and HR applications.

*Have questions about your benefits?* Contact the **JCI Benefits Service Center at (866) 496-1999**.

**Access HR Atlas at**: https://my.jci.com/sites/HR

**Legacy Tyco Corporate Payroll**
1-866-291-5458 | napcpayroll@simplexgrinnell.com

**JCI IT Helpdesk**
1-844-831-3134

**Additional HR Resources**
Employment Verification – The Work Number 800-367-5690
Legacy JCI Company Code: 10584 / Legacy Tyco Company Code: 11593
**Employee Assistance Program (EAP)**:
Aetna: 855-449-4820 www.resourcesforliving.com Username: JCI Password: EAP

---

**From:** David R Adkins
**Sent:** Tuesday, April 16, 2019 10:53 AM
**To:** Tesa Bolt <tesa.bolt@jci.com>; Shannon Haynes <shannon.haynes@jci.com>
**Cc:** Beryl S Roberts <beryl.roberts@jci.com>
**Subject:** RE: Gerald [Redacted] & Zachery [Redacted]

Tesa,

Here is the information. Let me know if you need anything else.

**Thanks,**

**David R Adkins**
**Branch Service Manager, Dallas, Fort Worth, and Lubbock, TX**
**Building Solutions, North America**
**Johnson Controls International**
**3021 West Bend Drive**
**Irving, TX 75063**

**24 Hour Fire & Sprinkler Service – 972.587.5200 Dallas**
**24 Hour Fire & Sprinkler Service – 817.210.0700 Fort Worth**
**24 Hour Fire & Sprinkler Service – 806.744.8333 Lubbock & West Texas**

3

Johnson000340

**Cell: 972.467.5048**
**Fax: 972.869.9421**
david.r.adkins@jci.com
http://www.johnsoncontrols.com

---

**From:** Tesa Bolt
**Sent:** Tuesday, April 16, 2019 7:59 AM
**To:** Shannon Haynes <shannon.haynes@jci.com>
**Cc:** David R Adkins <David.R.Adkins@jci.com>; Beryl S Roberts <beryl.roberts@jci.com>
**Subject:** RE: Gerald [Redacted] & Zachery [Redacted]

Hi Shannon, please send me the GPS for my review. Thank you.

Tesa Bolt
Senior Human Resources Generalist
Building Efficiency
605 Shiloh Rd., Plano TX 75074
972-212-4902

**Access HR Atlas at https://my.jci.com/sites/HR**

*Looking for HR information, resources or support?* **HR Atlas** is the go-to resource site to find HR-related information.
**Access HR Atlas at** **https://my.jci.com/sites/HR/Pages**

*Need live support assistance?* Call the **HR Shared Services Center (HRSSC) at 855-505-8337** for help with HR processes and transactions and HR applications.

*Have questions about your benefits?* Contact the **JCI Benefits Service Center at (866) 496-1999**.

**Access HR Atlas at:** **https://my.jci.com/sites/HR**

**Legacy Tyco Corporate Payroll**
1-866-291-5458 | napcpayroll@simplexgrinnell.com

**JCI IT Helpdesk**
1-844-831-3134

**Additional HR Resources**
Employment Verification — The Work Number 800-367-5690
Legacy JCI Company Code: 10584 / Legacy Tyco Company Code: 11593
**Employee Assistance Program (EAP)**:
Aetna: 855-449-4820 www.resourcesforliving.com Username: JCI Password: EAP

---

**From:** Shannon Haynes
**Sent:** Monday, April 15, 2019 2:20 PM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Cc:** David R Adkins <David.R.Adkins@jci.com>; Beryl S Roberts <beryl.roberts@jci.com>
**Subject:** FW: Gerald [Redacted] & Zachery [Redacted]

Tessa,

Gerald and Zachery [Redacted] have falsified their timesheets and we would like to terminate them first thing in the morning. Attached are the timesheets, if you need GPS tracking information as well please let me know. Thanks.


Shannon Haynes
Total Service Manager, Fire Domain, DFW area
Building Solutions, North America
Johnson Controls, Inc.
3021 West Bend Drive
Irving, TX 75063
Cell: 903-714-1800
Fax: 972.869.9421
Shannon.Haynes@jci.com
www.johnsoncontrols.com
24 Hour Service – 972-587-5200 Dallas
24 Hour Service – 817 210 0700 Fort Worth


**From:** Beryl S Roberts
**Sent:** Monday, April 15, 2019 2:03 PM
**To:** Shannon Haynes <shannon.haynes@jci.com>
**Subject:** Gerald [Redacted] & Zachery [Redacted]

Here is the documentation from last weeks' time-sheets for Gerald and Zachery [Redacted]

Beryl Roberts
Senior Lead Inspector
800 Railhead Rd Set 304
Fort Worth, Texas 76106
Cell 214-681-7415
beryl.roberts@jci.com

Johnson000290

**From:**           Christian M. Self
**Sent:**           Thursday, January 9, 2020 9:32 AM
**To:**             Tesa Bolt
**Subject:**        Re: William ▮Redacted▮ Falsifying Timesheets

Thanks Tesa

Christian Self
Branch Installation Manager
Dallas/Fort Worth

+1 972 868 4927 direct

+1 469 400 8962 cell

christian.m.self@jci.com

www.johnsoncontrols.com

24 Hour Service – 866 589 9413

Johnson Controls

3021 West Bend Dr.

Irving, TX 75063

USA

---

**From:** Tesa Bolt <tesa.bolt@jci.com>
**Sent:** Thursday, January 9, 2020 9:01:11 AM
**To:** Christian M. Self <christian.m.self@jci.com>
**Subject:** RE: William ▮Redacted▮ Falsifying Timesheets
Approved to move forward with termination, reason: falsifying timecard.
Tesa Bolt
HR Field Solutions I Johnson Controls
Senior Human Resources Generalist
605 Shiloh Rd., Plano, TX 75074
Office: 972-212-4902 I Cell: 469-847-3402
**For Administrative HR Functions contact the HR Atlas Support Center @ 855-505-8337. Option
1)** Payroll Inquiries **Option 2)** Benefits Inquiries **Option 3)** Questions about Learning & Development,
Training, and Performance Management **Option 4)** Help with Workday, HR Portal Navigation, Recruiting
Tools, and all other Questions

For IT and Password reset and assistance, call 844-831-3134

---

**From:** Christian M. Self
**Sent:** Wednesday, January 8, 2020 4:30 PM

Johnson000203

**To:** Tesa Bolt <tesa.bolt@jci.com>
**Subject:** RE: William [Redacted] Falsifying Timesheets

Tesa,

Please see attached GPS Report. Also, Reece Cox spoke with William this morning and he could not explain how this happened. He suggested that it must have been a mistake.

Highlighted are the arrival and departure times from the projects.

Thanks

**Christian Self**
HVAC Installation Manager, Dallas/Fort Worth
Johnson Controls
+1 972 868 4927 direct
+1 469 400 8962 cell
christian.m.self@jci.com
www.johnsoncontrols.com
24 Hour Service – 866 589 9413
Johnson Controls
3021 West Bend Dr.
Irving, TX 75063
USA

---

**From:** Tesa Bolt
**Sent:** Tuesday, January 07, 2020 3:22 PM
**To:** Christian M. Self <christian.m.self@jci.com>
**Subject:** RE: William [Redacted] Falsifying Timesheets

Please bring him in and get his explanation for this. I will send it over to legal for review. I will also need screen shots of GPS for the dates shown below.

Tesa Bolt
HR Field Solutions I Johnson Controls
Senior Human Resources Generalist
605 Shiloh Rd., Plano, TX 75074
Office: 972-212-4902 I Cell: 469-847-3402

**For Administrative HR Functions contact the HR Atlas Support Center @ 855-505-8337. Option 1)** Payroll Inquiries **Option 2)** Benefits Inquiries **Option 3)** Questions about Learning & Development, Training, and Performance Management **Option 4)** Help with Workday, HR Portal Navigation, Recruiting Tools, and all other Questions

For IT and Password reset and assistance, call 844-831-3134

---

**From:** Christian M. Self
**Sent:** Tuesday, January 7, 2020 3:14 PM
**To:** Tesa Bolt <tesa.bolt@jci.com>
**Subject:** William [Redacted] Falsifying Timesheets

Tesa,

It appears William [Redacted] is falsifying his time sheets. GPS data does not match his time sheet. Some of these days he is even charging overtime. I propose we terminate his employment. Please let me know how to address this.

12/23/19 Charged 8.5 hours
12/23/19 07:59 Arrived at the project
12/23/19 14:58 Left the project
12/27/19 Charged 8.0 Vacation and 4.5 hours Overtime
12/27/19 Never left home

Johnson000392



## KRONOS

| GENERAL ▼ | MY GENIES® ▼ | TIMEKEEPING ▼ | MY INFORMATION ▼ | MY LINKS ▼ |

**Timecard** | **People** | **Reports**

## TIMECARD

Loaded: 2:34PM

Name & ID: [Redacted] William   3127201

Time Period: 12/22/2019 - 12/28/2019, Range of Dates ▼

| Save | Actions ▼ | Punch ▼ | Amount ▼ | Accruals ▼ | Comment ▼ | Approvals ▼ | Reports ▼ |

| | Date | Pay Code | Amount | In | Transfer | Out |
|---|---|---|---|---|---|---|
| | Sun 12/22 | | | | | |
| | Mon 12/23 | | | 7:00AM | ;9N81-0490/-/710-D/-/-/-/-;USASLNON | 3:30PM |
| | Tue 12/24 | Holiday | 8.0 | 7:00AM | ;OH-Emp Holiday/-/000-V/-/-/-/- | |
| | Wed 12/25 | Holiday | 8.0 | 7:00AM | ;OH-Emp Holiday/-/000-V/-/-/-/- | |
| | Thu 12/26 | Vacation | 8.0 | 7:00AM | ;OH-Emp Vacation/-/000-V/-/-/-/- | |
| | Fri 12/27 | Vacation | 8.0 | 7:00AM | ;OH-Emp Vacation/-/000-V/-/-/-/- | |
| | Fri 12/27 | | | 12:00PM | ;9N81-0664/-/710-D/-/-/-/-;USASLNON | 4:30PM |
| | Sat 12/28 | | | | | |

12/30/19 Charged 9.0 hours
12/30/19 07:17 Arrived at the project
12/30/19 15:19 Left the project
1/2/20 Charged 6.0 hours 2.0 hours sick
1/2/20 7:26 Arrived at the project
1/2/20 12:17 Left the project
1/3/20 Charged 8.5 hours
1/3/20 8:06 Arrived at the project
1/3/20 14:41 Left the project

## KRONOS

| GENERAL ▼ | MY GENIES® ▼ | TIMEKEEPING ▼ | MY INFORMATION ▼ | MY LINKS ▼ |

**Timecard** | **People** | **Reports**

## TIMECARD

Loaded: 2:08PM

Name & ID: [Redacted] William   3127201

Time Period: Previous Pay Period ▼

| Save | Actions ▼ | Punch ▼ | Amount ▼ | Accruals ▼ | Comment ▼ | Approvals ▼ | Reports ▼ |

| | Date | Pay Code | Amount | In | Transfer | Out |
|---|---|---|---|---|---|---|
| | Sun 12/29 | | | | | |
| | Mon 12/30 | | | 7:00AM | ;9N81-0664/-/710-D/-/-/-/-;USASLNON | 4:00PM |
| | Tue 12/31 | Holiday | 8.0 | 7:00AM | ;OH-Emp Holiday/-/000-V/-/-/-/- | |
| | Wed 1/01 | Holiday | 8.0 | 7:00AM | ;OH-Emp Holiday/-/000-V/-/-/-/- | |
| | Thu 1/02 | | | 7:00AM | ;9N81-0664/-/710-D/-/-/-/-;USASLNON | 1:00PM |
| | Thu 1/02 | Sick | 2.0 | 2:00PM | ;OH-Emp Sick/-/000-V/-/-/-/- | |
| | Fri 1/03 | | | 7:00AM | ;9N81-0664/-/710-D/-/-/-/-;USASLNON | 3:30PM |
| | Sat 1/04 | | ▼ | | ▼ | |

**Christian Self**
HVAC Installation Manager, Dallas/Fort Worth
Johnson Controls
+1 972 868 4927 direct
+1 469 400 8962 cell
christian.m.self@jci.com

www.johnsoncontrols.com
24 Hour Service – 866 589 9413
Johnson Controls
3021 West Bend Dr.
Irving, TX 75063
USA

# Ogletree
# Deakins

*Attorneys at Law*
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone:  415-442-4810
Facsimile:  415-442-4870
www.ogletree.com

J.P. Schreiber
415.536.3404
john.schreiber@ogletree.com

December 21, 2020

By U.S. Mail

Jocelyn Alvarado
c/o John G. Meazell, Esq.
1400 Gables Court
Plano, TX 75075

Re:   *Dylan Knight v. Johnson Controls, Inc., et al.*
      Alameda County Superior Court Case No. RG19029817

Dear Sir or Madam:

A former Johnson Controls, Inc. employee, Dylan Knight, has filed a lawsuit against JCI, alleging disability discrimination and failure to accommodate a disability. As part of his investigation, Mr. Knight asked for information and documents about how JCI responded to other complaints about disability discrimination or disability accommodations.

JCI's internal records reflect that you made such a complaint.  To protect your privacy rights, the Court ordered JCI to send this letter to you, to determine if you authorize JCI to disclose information about your complaint and related documents to Mr. Knight and his attorneys.

JCI has not disclosed your identity or any information about your complaint or related documents and will not do so without your express written authorization. This information will not be used or disclosed other than for use in the litigation.

Please indicate below if you want Mr. Knight to know about your complaint and related documents.

If you **want** to authorize JCI to disclose information about your complaint and related documents to Mr. Knight and his attorneys, you **must** complete the section below and return this signed letter in the enclosed self-addressed stamped envelope within 30 days of the date of this letter.

If you **do not want** to authorize JCI to disclose this information, you may either indicate that below or simply not respond to this letter.

# EXHIBIT Q

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

December 21, 2020
Page 2

Mr. Knight's lawsuit is entitled *Dylan Knight v. Johnson Controls, Inc. et al.* and was filed in the Superior Court of California, Alameda County. If you want more information about the lawsuit or this letter, you may contact the attorneys representing the parties:

*Counsel for Plaintiff:*      Law Offices of Alan F. Cohen
                              100 Pine Street, Suite 1250
                              San Francisco, CA 94111
                              415-984-1943
                              alan@alancohenlaw.com

*Counsel for Defendants:*     Cara F. Barrick
                              J.P. Schreiber
                              Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                              Steuart Tower,
                              One Market Plaza, Suite 1300
                              San Francisco, CA 94105
                              cara.barrick@ogletree.com
                              john.schreiber@ogletree.com

                                        Sincerely,

                                        J.P. Schreiber

☐   **I authorize** Johnson Controls, Inc. to disclose to Dylan Knight and his attorneys information and related documents about a complaint of disability discrimination or disability accommodations that I made to Johnson Controls, Inc.

☐   I **do not** authorize Johnson Controls, Inc. to disclose to Dylan Knight and his attorneys information and related documents about a complaint of disability discrimination or disability accommodations that I made to Johnson Controls, Inc.

_____
Print Name

_____   _____
Sign Name                          Date

45379870.1