IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOCELYN ALVARADO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2057-N |
| | § | |
| AIR SYSTEMS COMPONENTS LP, | § | |
| *et. al.* | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Jocelyn Alvarado's motion to compel discovery [36]. For the following reasons, the Court grants the motion in part and denies in part.

## I. THE DISCOVERY DISPUTE

Alvarado filed suit against Defendants Air Systems Components, Inc. ("ASC") and Johnson Controls, Inc. ("JCI") (collectively, "Defendants") alleging disability discrimination and violations of the Family and Medical Leave Act ("FMLA"). After Defendants answered the initial complaint, Alvarado amended her complaint. Alvarado propounded discovery requests on Defendants and took the depositions of Tesa Bolt and Sheila Aten. Alvarado then filed this motion to compel answers to various discovery requests as well as to conduct a new deposition on a representative for ASC.

## II. LEGAL STANDARD FOR MOTION TO COMPEL

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

MEMORANDUM OPINION AND ORDER – PAGE 1

to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. Mar. 22, 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. June 26, 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS PLAINTIFFS' MOTION TO COMPEL

Alvarado asks the Court to compel answers to a number of interrogatories and requests for production.[1] Alvarado also asks the Court to compel Defendants to produce a

---

[1] As a threshold matter, Defendants object to Alvarado's motion on the grounds that Alvarado did not satisfy the conference requirement under Local Rule 7.1. The record is

new JCI representative for deposition. Aside from the deposition, Defendants broadly objected to all these requests on the basis that they were overbroad, vague, or ambiguous. The Court analyzes each request below.

### A. *Interrogatories 8 and 23*

Interrogatories 8 and 23 requested information concerning complaints made against any of Defendants' employees who may have been involved in Alvarado's termination. Defendants present boilerplate objections that the interrogatories are vague and overbroad. The Court disagrees with Defendants. Alvarado asked for information specifically pertinent to her termination. Thus, the Court determines that the interrogatories are neither vague nor overbroad and grants the motion to compel answers to interrogatories 8 and 23.

### B. *Interrogatory 13*

Defendants objected to interrogatory 13 on the basis that it was overly broad, vague, and ambiguous. The Court disagrees. Interrogatory 13 specifically asked for descriptions of negative entries in Alvarado's personnel file. Furthermore, interrogatory 13 gave examples of the types of entries it sought such as reprimands, warnings, or disciplinary actions. Defendants have not identified which part of this interrogatory is overly broad,

---

unclear as to whether the parties adequately conferred over each discovery matter at issue. The Court nevertheless exercises its discretion to decide the merits of this motion, as it seems unlikely the parties could agree on the discovery issues. *See Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) ("A failure to satisfy conference requirements does not, however, mandate summary denial of their motions because the Court retains discretion to waive strict compliance.") (internal quotation marks omitted).

vague, or ambiguous. Defendants may not merely make boilerplate objections to discovery requests. *Heller*, 303 F.R.D at 492.

Next, Defendants object that the interrogatory is seeking information more appropriate for a deposition. However, "Rule 26(d)(2)(A) generally dictates that Plaintiffs may seek information through an interrogatory even if Defendant believes subject matter would be better explored through a deposition." *Id.* at 493. As such, the Court grants the motion to compel an answer to interrogatory 13.

### C. Interrogatories 16–19 and Requests for Production 2, 8–9

These interrogatories and requests for production asked for information regarding other complaints or alleged cases of discrimination regarding the individuals who were involved with Alvarado's termination as well as information regarding individuals who may have been involved in other cases. Defendants largely made the same objections to each discovery request. Namely, Defendants objected that the discovery requested was not properly limited in scope. In addition, JCI objected to each request that the information was not relevant because JCI was not Alvarado's employer.

Defendants cite two cases to support their scope objection: *Smith v. DeTar Hosp., LLC*, No. CIV.A. V-10-83, 2011 WL 6217497, at *5 (S.D. Tex. Dec. 14, 2011) and *Conboy v. Edward D. Jones & Co.*, No. CIV.A. 303CV2352P, 2004 WL 1792372 (N.D. Tex. Aug. 10, 2004).

*DeTar* involved a lawsuit in which the plaintiff alleged that she had been fired after making a complaint about her supervisor. Plaintiff sought discovery against a separate individual who Plaintiff alleged had also sexually harassed her. The Court determined that

MEMORANDUM OPINION AND ORDER – PAGE 4

Plaintiff could not seek discovery against the unrelated individual. In *Conboy*, the district court affirmed the magistrate judge's denial of a number of discovery requests because Defendant "had made a substantial showing that to comply with this request would be difficult because it has an estimated 30,000 applicants a year and they don't keep records in that fashion, that is, by age and name." 2004 WL 1792372, at *3 (N.D. Tex. Aug. 10, 2004). Furthermore, the Plaintiff in that case attempted to compel discovery with no outer parameters at all, which would have resulted in a swath of discovery dating all the way back to the enactment of the Age Discrimination in Employment Act.

These cases are inapposite. Here, Alvarado has already limited her discovery to those individuals actually involved with her termination and has limited requests for other discrimination complaints or lawsuits to the last ten years. Because Alvarado has already appropriately limited her discovery requests, the Court determines that her requests are not overbroad.

Next, JCI's contention that the discovery is irrelevant because it was not Alvarado's employer is an open question of fact. Alvarado pled that JCI wholly owned ASC, her direct employer, at the time of her termination and that Tesa Bolt, a JCI employee, was involved with her termination. Accordingly, discovery against JCI is relevant. JCI is not required to produce any discovery it does not possess, but it cannot broadly object that any discovery against it is irrelevant because it maintains that it did not employ Alvarado.

Finally, Defendants objected to request for production 9 on the basis that it was violative of third parties' privacy rights. Request for production 9 asked for any complaints or discipline mentioning harassment or discrimination in the personnel files of any

MEMORANDUM OPINION AND ORDER – PAGE 5

individual the Defendants consulted regarding Alvarado's termination. While "the discovery of personnel files of non-party employees presents special concerns about the privacy rights of the individuals involved," courts in this district have previously allowed similar requests. *See, e.g., Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 3-04-CV-1059-B, 2005 WL 1017818, at *4 (N.D. Tex. April 27, 2005). Accordingly, the Court grants the motion to compel as to these discovery requests.

### D. Interrogatory 22

Interrogatory 22 requested information and evidence related to any potential claim that Alvarado failed to mitigate damages. Defendants note in their response to the motion that they have subsequently produced all evidence they have that is responsive to this interrogatory. The Court cannot compel Defendants to produce additional information they do not have. Because Defendants have already answered interrogatory 22 to the extent that they have information, the Court denies the motion to compel as to this interrogatory.

### E. Request for Production 3

This request sought documents Defendants distributed to employees concerning FMLA and disability discrimination policies. ASC has apparently produced the relevant documents, but JCI objects that the requested discovery is irrelevant as well as overly broad. First, JCI asserts that the information is not relevant because JCI was not Alvarado's employer. However, whether JCI was Alvarado's employer is an open fact question. If JCI was one of Alvarado's employers, its policy documents are unquestionably relevant to Alvarado's claims. Even if JCI was not an employer, requested documents need not have

strong probative force to be discoverable. *Samsung Elecs. Am. Inc.*, 321 F.R.D. at 280. As such, the Court determines that the requested discovery is relevant to Alvarado's claims.

Next, JCI has not presented any affidavits or evidence that reveal the burdensome nature of this request. Rather, JCI simply argues that the request is not limited in time and is too vague. However, Alvarado specifically asked for relevant documents within the last three years. Alvarado specified that the documents should be those which JCI distributed to employees regarding FMLA policies, disability discrimination, or the treatment of disabled employees. This request is not "so vague or ambiguous as to be incapable of reasonable interpretation . . ." *Heller*, 303 F.R.D. at 492. As such, the Court grants the motion to compel as to request for production 3.

### F. Requests for Production 30 and 43

Requests for Production 30 and 43 each asked for various business documents and calendars involving Alvarado's supervisors and anyone involved in the decision to terminate Alvarado. Defendants objected to both of these requests, arguing that first, they were irrelevant and second, that they were unduly burdensome and not properly limited in scope.

As to relevance, courts construe relevance broadly, and a document by itself need not prove or disprove a claim or have strong probative force. *Samsung Elecs.*, 321 F.R.D. at 280. In this case, Alvarado argues that the documents requested would reveal who may have been involved with her termination. Because Alvarado's claims are premised upon her termination, the Court agrees that this information would be relevant.

As to Defendants' burden argument, a "party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 325 F.R.D. 578, 590 (N.D. Tex. March 7, 2017). Defendants have not presented any evidence or affidavits that reveal the nature of the burden. Rather, Defendants have simply asserted that the requested discovery is burdensome. As such, the Court grants the motion to compel responses to requests for production 30 and 43.

### G. The Deposition

"Rule 30(b)(6) is designed 'to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself.'" *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir. 2006) (quoting 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2103, at 33 (2d ed. 1994)). As such, corporate deponents have a duty to prepare their designees adequately for depositions to the extent matters are reasonably available, regardless of the designee's personal knowledge. *Id.* When a designee is not knowledgeable about relevant facts and the deponent "has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993).

Defendants' only objection to Alvarado's motion to compel a new deposition of an ASC representative is that the motion did not identify specific questions that went

MEMORANDUM OPINION AND ORDER – PAGE 8

unanswered. Resp. 8 [31]. The notice of deposition and the transcript of the deposition that Arellano attached to her motion and reply respectively reveal that the designee for ASC was plainly unprepared for at least some of the topics noticed in the deposition. More specifically, counsel for ASC indicated that Sheila Aten, the company's designee, was not prepared to speak to disciplinary action policies despite the notice of deposition requesting examination on "Standard policies and procedures for . . . disciplinary decision-making of alleged misconduct potentially leading to termination . . . ." App'x to Reply Ex. O 168 [30]. Alvarado asks the Court to compel Defendants to produce a witness for ASC who is adequately prepared to answer questions relevant to the Notice of Deposition. Because Defendants did not originally produce such a witness, the Court grants the motion to compel the deposition.

## Conclusion

Defendants have made no response to Alvarado's request to compel an answer to interrogatory 11. Accordingly, the Court grants Alvarado's motion to compel a response to interrogatory 11. Because Alvarado's discovery requests are relevant and proportional, the Court grants the motion to compel as to interrogatories 8, 13, 16–19, and 23, and requests for production 2–3, 8–9, 30, and 43. The Court denies the motion to compel as to interrogatory 22. Because ASC's deposition designee was not properly prepared for her deposition, the Court grants the motion to compel a new deposition. The Court orders Defendants to produce the stated discovery within thirty (30) days of the date of this Order.

Signed June 29, 2021

David C. Godbey
United States District Judge