IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOCELYN ALVARADO § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:19-CV-2057-N |
| § | |
| AIR SYSTEMS COMPONENTS LP, § | |
| *et. al.*, § | |
| § | |
| Defendants. § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This Order addresses Plaintiff Jocelyn Alvarado's second motion to compel discovery [42], and Defendants Air Systems Components, Inc. ("ASC") and Johnson Controls, Inc.'s ("JCI") motion seeking clarification of and relief from the Court's Order regarding Alvarado's first motion to compel [41]. For the following reasons, the Court grants in part and denies in part Defendants' motion for clarification and relief from the Court's previous Order, and the Court denies Alvarado's second motion to compel.

I. THE DISCOVERY DISPUTE AND THE COURT'S PREVIOUS ORDER

Alvarado filed this suit against Defendants Air Systems Components, Inc. ("ASC") and Johnson Controls, Inc. ("JCI") alleging disability discrimination and violations of the Family and Medical Leave Act ("FMLA"). Alvarado propounded discovery requests on Defendants and later filed a motion to compel answers to some of those discovery requests.

On June 29, 2021, this Court issued an Order granting Alvarado's first motion to compel except as to one interrogatory. Mem. Op. and Order [40]. Defendants filed their

MEMORANDUM OPINION AND ORDER – PAGE 1

motion seeking clarification of the Court's Order due to the Court's erroneous descriptions of some discovery requests and perceived inconsistencies between the Court's reasoning and the corresponding rulings as to certain discovery requests. Defendants also seek clarification of the scope of their required responses under the previous Order. Alvarado responded to Defendants' motion, opposing the relief sought and seeking to compel responses to additional discovery requests.

## II. LEGAL STANDARD FOR MOTION TO COMPEL

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be

MEMORANDUM OPINION AND ORDER – PAGE 2

unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION FOR CLARIFICATION AND RELIEF FROM THE COURT'S PREVIOUS ORDER

Defendants ask the Court to clarify its previous Order with respect to various discovery requests. The Court analyzes each request below.

#### A. Interrogatories 8 and 23

The Court's previous Order granted Alvarado's motion to compel answers to interrogatories 8 and 23 because the requests were "specifically pertinent to her termination" and Defendants presented only "boilerplate objections that the interrogatories are vague and overbroad." Mem. Op. and Order 3. However, the Court inaccurately described these interrogatories as requests for "information concerning complaints made against any of Defendants' employees who may have been involved in Alvarado's termination." *Id.* Interrogatories 8 and 23 in fact requested information regarding (1) conversations between Defendants' employees and Alvarado or her agents about her termination, and (2) any knowledge Defendants' employees have regarding admissions against interest or other statements made by Alvarado or her agents relevant to this lawsuit. Defs.' Ex. A 10, 12 [41-1]. Defendants objected to interrogatories 8 and 23 on several grounds, arguing that they impermissibly invade the attorney-client and work-product

privileges, seek legal conclusions, and are vague, ambiguous, overly broad, and unduly burdensome.

More specifically, Defendants argue they have no way of identifying Alvarado's "agents, servants, employees, friends, partners, or anyone in the employ of" Alvarado, and that it would be "impossible" to determine whether any employee of Defendants ever spoke to those people or Alvarado about her termination. Defendants bear the burden of showing how the terms are vague or ambiguous and they have failed to do so, because the terms in the request are not "so vague or ambiguous as to be incapable of reasonable interpretation." *Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Tex. 2014). The Court cannot make Defendants produce materials they do not possess. However, Defendants cannot call compliance with a discovery request "impossible" in conclusory fashion because it would call for an investigation. Defendants are "not required to make an extensive investigation in responding to an interrogatory, but [they] must pull together a verified answer by reviewing all sources of responsive information reasonably available to" them. *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016). Defendants have not met their burden to explain specifically how these interrogatories are objectionable.

To the extent that Defendants wish to withhold responsive information that is protected by the attorney-client and work-product privileges, they must provide enough information to allow Alvarado to challenge those claims. *Heller*, 303 F.R.D. at 486; FED. R. CIV. P. 26(b)(5). Accordingly, despite the previous error, the Court holds Defendants must respond to interrogatories 8 and 23.

### B. Interrogatories 18–19 and Requests for Production 2, 8–9

These interrogatories and requests for production asked for information regarding other complaints or alleged cases of discrimination against Defendants as well as information regarding individuals who may have been involved in other cases. The Court granted Alvarado's first motion to compel responses to these requests, noting Alvarado had "limited her discovery to those individuals actually involved with her termination and [had] limited requests for other discrimination complaints or lawsuits to the last ten years." Mem. Op. and Order 5. Defendants now seek clarification on the scope of their required responses, challenging the Court's characterization of the requests' limitations and arguing they impermissibly cover types of conduct and discrimination other than those involved in this case.

### 1. Defendants' Response to Request for Production 2 Should Be Limited to Documents Regarding the Decisionmakers in Alvarado's Termination.

Defendants ask for clarification regarding their required response to request for production 2 because the request's language is not limited to allegations against the decisionmakers in Alvarado's termination. The Court clarifies that the previous Order granted the motion to compel answers to this group of requests only as to the decisionmakers involved in Alvarado's termination and that Defendants' required response to request for production 2 should be limited to petitions and counterclaims regarding those individuals.

### 2. Defendants' Responses Should Be Limited to Instances of Alleged Harassment, Discrimination, or Retaliation.

Defendants argue the required responses should be limited to complaints and lawsuits alleging discrimination against the relevant

MEMORANDUM OPINION AND ORDER – PAGE 5

individuals to the exclusion of other "unlawful treatment" or "unfair treatment" included in the language of the requests. Defendants contend this language is broader than suggested by the Court's previous Order. The Court agrees with Defendants that the required responses need not include instances of generic misconduct. The Court holds Defendants' response should be limited to instances of alleged harassment, discrimination, or retaliation.

### 3. Defendants' Responses Should Not Be Limited to the Types of Discrimination Alleged in Alvarado's Complaint.

– Finally, Defendants argue only information regarding allegations of the same type of conduct at issue in this case — disability discrimination, disability retaliation, FMLA interference, and FMLA retaliation — is discoverable here.

The Fifth Circuit cases Defendants rely on are readily distinguishable from this case. Defendants cite *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588 (5th Cir. 1978) for the general principle that in cases involving an individual complaint, the primary focus of discovery is the plaintiff's employing unit or working unit where there is no showing of a particularized need for broader discovery. However, that case involved discovery requests seeking information about thousands of employees across multiple employment locations, and the Fifth Circuit affirmed the district court's discretion to determine those requests were too broad and oppressive. *Id.* at 592. With one exception, Alvarado already limited her requests to complaints against a small number of individuals directly involved in her termination. For request for production 2, the only request at issue that sought discrimination complaints and similar allegations against other individuals, the Court granted Alvarado's motion to compel only as to the decisionmakers involved in Alvarado's

MEMORANDUM OPINION AND ORDER – PAGE 6

termination. Because the evidence of other types of discrimination at issue relates to Alvarado's working unit and the issue is within the district court's discretion, *Marshall* does not compel the Court to impose Defendants' suggested limitation.

*Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350 (5th Cir. 1995) is also distinguishable from this case. In *Kelly*, the Fifth Circuit held that evidence of other forms of discrimination is inadmissible at trial to prove discrimination on a different basis. *Id.* at 357–58. But that holding does not compel a particular result here. First, *Kelly* dealt with admissibility at trial, not discoverability, which is broader. FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Second, the plaintiff in *Kelly* successfully obtained the same type of evidence Defendants object to here in discovery and had an opportunity to present it to the court to determine its admissibility. *Kelly*, 61 F.3d at 356–57. Third, the Fifth Circuit held that it was not an abuse of discretion to exclude evidence of other types of complaints, but it did not hold that admitting the evidence at trial would have been an abuse of discretion. *Id.* at 358. Finally, in holding the evidence of other types of discrimination was not relevant, the Fifth Circuit expressly noted that the supervisor at issue was not a decisionmaker in the adverse employment action at issue. *Id.*

Here, Defendants seek to withhold evidence of other types of discrimination by the individuals involved in Alvarado's termination. Where the evidence at issue more narrowly concerns the decisionmakers involved the plaintiff's termination, the holding in *Kelly* does not foreclose the admission of that evidence or the conclusion that it is discoverable. The evidence Alvarado seeks may ultimately be held inadmissible at trial,

MEMORANDUM OPINION AND ORDER – PAGE 7

but it is relevant and appropriately limited to allegations against a small number of individuals. The Court has broad discretion when deciding discovery matters, and Defendants cite no binding precedent requiring that discovery be limited to past complaints of the same type of discrimination alleged. Accordingly, the Court holds that Defendants' discovery responses should not be limited to information about the types of discrimination and retaliation alleged in Alvarado's complaint.

### C.  Requests for Production 30 and 43

Requests for Production 30 and 43 asked for various business documents, calendars and communications involving Alvarado's supervisors, Defendants' human resources employees, and anyone involved in the decision to terminate Alvarado. Defendants objected to these requests, arguing that they were irrelevant and not properly limited in scope. The Court granted Alvarado's motion to compel responses to these requests, noting that Alvarado's arguments that the documents requested would reveal who may have been involved in her termination were specifically premised upon her termination. Defendants seek clarification on whether, based on the Court's reasoning, their response is properly limited to communications "pertaining to Plaintiff's termination." Defs.' Mot. Seeking Clarification 10.

Defendants argue the Court's reasoning based on the potential discovery of additional decisionmakers does not match the scope of the requests, because the requests cover a wide range of communication topics and reach back several years before Alvarado's termination. The documents requested may reveal additional individuals were involved in Alvarado's termination, but that is not their only relevance. Alvarado also

MEMORANDUM OPINION AND ORDER – PAGE 8

argues the documents requested may lead to the discovery of information about the attitudes of the parties and potential motives for her termination. Pls.' Resp. Mot. ¶ 15 [42]. Because the documents covered by request for production 43 may include relevant documents that do not expressly address Alvarado's termination, the Court agrees with Alvarado that the response should not be limited to communications that, in Defendants' judgment, pertain to Alvarado's termination.

The relevance of request for production 30, which requested business calendars and appointment books, is more limited to the discovery of additional decisionmakers. However, the request unnecessarily covers Alvarado's entire period of employment from 2009 to 2019. Therefore, the Court holds Defendants' response to request for production 30 should be limited to documents from the final year of Alvarado's employment.

### D. Interrogatory 11

Interrogatory 11 asked for a list of all employees who worked in the same office as Alvarado during her employment with Defendants. The Court's previous Order erroneously stated that "Defendants have made no response to Alvarado's request to compel an answer to interrogatory 11." Mem. Op. and Order 9. Defendants did in fact address interrogatory 11 in their response to Alvarado's first motion to compel, arguing it is overbroad for the same reasons as request for production 2 because it is not limited to "comparator evidence from her employing unit or work unit, or even the same types of allegations." Defs.' Resp. to Pl.'s Mot. to Compel 5 [31].

Alvarado argues the interrogatory is designed to identify other employees who witnessed interactions between Alvarado and Defendants' other employees or who have

MEMORANDUM OPINION AND ORDER – PAGE 9

knowledge regarding the time frame of Alvarado's termination. Pl.'s Resp. Br. 12 [43]; Pl.'s Resp. Mot. 6. The Court agrees with Alvarado that a response to interrogatory 11 may lead to the discovery of witnesses with knowledge relevant to this case, and that the request is properly limited to the office where Alvarado worked. Defendants' objections based on a lack of limitation to the same type of discrimination, same decision-making chain or same work area do not fully address the reasons Alvarado claims to seek this information. Because Defendants' objections do not adequately explain how the request is overly broad, the Court holds Defendants must respond to interrogatory 11.

### IV. THE COURT DENIES ALVARADO'S SECOND MOTION TO COMPEL

Alvarado asks the Court to compel answers to a number of additional interrogatories and requests for production. Defendants broadly objected to all these requests on the basis that they were overly broad, vague, or ambiguous. The Court analyzes each request below.

#### A. Interrogatory 25 and Requests for Production 80–85

Interrogatory 25 and its eight subparts asked for various information related to "any employee of [Defendants that] has been coached, provided additional training, disciplined, or terminated for Inaccuracies and/or Discrepancies in Time Reported." Pl.'s App. 11 [44]. Defendants objected to interrogatory 25 on the grounds that its subparts violate the 25 interrogatory limit and that it is vague, ambiguous, not relevant to any party's claims or defenses, and disproportional to the needs of the case.

Without deciding whether interrogatory 25 is properly classified as multiple interrogatories, the Court holds it is overly broad. Interrogatory 25 requested information relating to every single instance of an employee of Defendants being "coached, provided

MEMORANDUM OPINION AND ORDER – PAGE 10

additional training, disciplined, or terminated" for inaccurate timekeeping. The request includes a temporal limitation of five years prior to Alvarado's termination, but there are no other limitations of any kind narrowing the list of responsive incidents to those involving employees similarly situated to Alvarado. Accordingly, the Court denies Alvarado's motion to compel answers to interrogatory 25.

Requests for production 80–85 asked for documents related to the various subparts of interrogatory 25, each of which requested different details about instances of Defendants' employees being trained or terminated for inaccurate time reporting. Defendants objected to these requests for production for the same reasons as interrogatory 25. For the same reasons in the above analysis regarding interrogatory 25, the Court denies the motion to compel answers to requests for production 80–85.

### B. Request for Production 56

Request for production 56 similarly requested all documents related to any action taken by Defendants in response to inaccuracies or discrepancies in any employee's time reporting. Defendants object, arguing the request is vague and ambiguous, and that it is overbroad because it is not limited to a relevant time period, relevant decisionmakers, or Alvarado's department or work unit. The Court holds the request is overbroad because it does not contain any meaningful limitation to employees similarly situated to Alvarado. The language of the request includes every employee of Defendants across all departments under every supervisor. The request also contains no limitation to a particular time period. The Court denies Alvarado's motion to compel an answer to request for production 56.

### C.  Requests for Production 11–13, 22

Requests for production 11–13 and 22 request various documents related to any "charge of discrimination," "internal or external complaint of discriminatory treatment," or other "voiced concern about unlawful treatment" regarding the decisionmakers in Alvarado's termination.  Pl.'s App. 101–02.  Defendants objected to these requests for production, arguing they are overbroad because they include complaints about many types of unlawful treatment not at issue in this case.  The Court agrees.  The requests are not limited to discrimination at all, encompassing any "voiced concern about unlawful treatment" of any kind by any employee who approved Alvarado's termination.  Because the language of requests for production 11–13 and 22 is not limited to information about employees similarly situated to Alvarado, the Court denies Alvarado's motion to compel answers to these requests.

### V.  THE COURT DENIES PLAINTIFFS' REQUEST FOR SANCTIONS

Finally, Alvarado asks the Court to order Defendants to pay reasonable expenses, including attorneys' fees, for their refusal to comply with discovery requests and the Court's previous Order.  Courts may award sanctions under Federal Rule of Civil Procedure 37 for failure to comply with discovery obligations.  Rule 37(a)(5)(A) requires a Court to grant a request for reasonable expenses incurred in making a successful motion to compel, except a Court must not grant expenses where the movant prematurely sought judicial intervention, the opposing party's objections were "substantially justified," or an award of expenses is unjust.  FED. R. CIV. P. 37(a)(5)(A).  A court may also enter sanctions pursuant to its inherent powers, under which it has "the authority to impose sanctions in

order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks omitted). When considering whether to impose discovery sanctions, courts consider "(1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of the trial; and (4) any other relevant circumstances." *United States v. Garza*, 448 F.3d 294, 299–300 (5th Cir. 2006).

In light of the errors Defendants correctly identified in the Court's previous Order, sanctions for failure to comply with a court order are inappropriate under these circumstances. Defendants did supplement their responses for the discovery requests for which the Court granted the previous motion to compel but are not at issue here. Pl.'s Resp. Mot. ¶ 9. Given the broad nature of the discovery requests in this case, Defendants' objections giving rise to Alvarado's motions to compel were substantially justified. Accordingly, the Court denies Alvarado's request for expenses and attorneys' fees.

## CONCLUSION

The Court holds Defendants must respond to interrogatories 8, 11 and 23 and request for production 43 in full. Defendants must also respond to interrogatories 18–19 and requests for production 2, 8, 9, and 30 subject to the above limitations. Finally, the Court denies Alvarado's second motion to compel and request for expenses and attorneys' fees.