IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOCELYN ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2057-N |
| | § | |
| AIR SYSTEMS COMPONENTS LP, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Air Systems Components, Inc. ("ASC") and Johnson Controls, Inc.'s ("JCI") three motions to quash deposition notices [59], [61], [63] and motion for protective order [69], and Plaintiff Jocelyn Alvarado's motion to compel appearances at depositions [67]. Because Alvarado has not shown good cause to take new depositions of Cindy Addington, Christine George, and JCI, the Court grants Defendants' motions to quash and denies Alvarado's motion to compel as to those witnesses. For the reasons below, the Court denies Defendants' motion to quash and grants Alvarado's motion to compel ASC's deposition appearance. However, the Court grants in part and denies in part Defendants' motion for protective order as to certain topics specified in the deposition notice served on ASC.

## I. THE DISCOVERY DISPUTE AND THE COURT'S PREVIOUS ORDER

Alvarado filed this suit against ASC and JCI alleging disability discrimination and violations of the Family and Medical Leave Act ("FMLA"). During discovery, Alvarado

MEMORANDUM OPINION AND ORDER – PAGE 1

deposed JCI's corporate representative on November 18, 2020 and shortly afterward deposed ASC's two corporate representatives on December 8, 2020. Defs.' Resp. App. 125, 133, 143 [70]. Several months later, Alvarado deposed two nonparty witnesses: Cindy Addington (Alvarado's supervisor) and Christine George (a former human resources employee of JCI). *Id.* at 177, 193. After these depositions, the Court issued an Order granting Alvarado's motion to compel a new deposition of ASC's corporate representative due to the designated witness's lack of preparation for at least some topics in the deposition notice. Mem. Op. and Order, June 29, 2021 [40]. Alvarado also deposed nonparty witnesses Tesa Bolt (a human resources employee of JCI), Andrew Birner (ASC's vice president of finance), and Ryan Leibfried (JCI's director of finance). Defs.' Resp. App. 119; 207–08; 213–14.

Alvarado later served new deposition notices on ASC with a list of deposition topics different than the list on the first notice. In addition, Alvarado served new deposition notices on JCI, Addington, and George. Defendants moved to quash each of the notices, automatically staying the depositions pending resolution of the motions.[1] Alvarado filed a motion to compel appearances at the depositions and for leave to conduct new depositions

---

[1] Under the Court's scheduling order, a motion or objection to the taking of a deposition filed within three business days of the deposition notice has the effect of automatically staying the deposition. Scheduling Order ¶ 4 [14]. Alvarado served all four deposition notices on Wednesday December 22, 2021. Defs.' Resp. App. 99–109. Accounting for the national holiday on Friday December 24, Defendants' motions to quash filed December 28 were timely filed within three business days of receipt of the notices. *See id.* at 220 (Northern District of Texas federal holiday calendar).

MEMORANDUM OPINION AND ORDER – PAGE 2

of witnesses already deposed, and Defendants responded with a motion for protective order.

## II. LEGAL STANDARDS

### A. Legal Standard for Motion to Compel Deposition

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3). Rule 37 specifically allows a party seeking discovery to request an order compelling a corporation to make a designation under Rule 30(b)(6) in response to a deposition notice. *Id.*; FED. R. CIV. P. 30(b)(6) (requiring a corporation, upon receipt of a deposition notice, to designate and produce a representative to testify on its behalf). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as information need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990). Further,

MEMORANDUM OPINION AND ORDER – PAGE 3

Rule 26(b)(2)(C) requires courts to limit the frequency or extent of discovery upon a determination that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C).

Under Rule 30(a)(2), absent stipulation of the parties, a party must obtain leave of court to take an additional deposition of a deponent who has already been deposed in the case. FED. R. CIV. P. 30(a)(2). In granting leave to take a new deposition under this rule, "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Because a party generally had ample opportunity to obtain the information sought during the first deposition of a particular witness, a court should grant leave to conduct a new deposition only if the party seeking leave has shown good cause. *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012) (applying the good cause standard to a request to extend the length of a deposition beyond the Rule 30 duration limit and citing cases applying the same standard to requests for a second deposition). Thus, a party seeking leave to conduct a new deposition must explain what additional topics the parties failed to cover at the first deposition and why the parties failed to cover those topics. *See id.*

### *B. Legal Standard for Protective Order*

Rule 26(c) authorizes courts to issue "an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. FED. R. CIV. P. 26(c). Protective orders may forbid certain disclosures, specify the terms for disclosure, forbid inquiry into certain matters, or limit the scope of disclosure to certain matters. *Id.* Further, the Court may still issue a protective order on relevant discovery that is unduly burdensome. *Id.* The "decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).

### III. THE COURT GRANT'S ALVARADO'S MOTION TO COMPEL ASC'S APPEARANCE AT THE DEPOSITION

Consistent with the terms of the Court's June 29, 2021 Order, the Court grants Alvarado's motion to compel ASC's corporate representative to appear at the new deposition. As explained below, ASC must prepare its new representative or representatives for the topics listed in the new deposition notice except to the extent the Court grants Defendants' motion for protective order.

The Court disagrees with Defendants' contention that the new deposition notice is invalid as inconsistent with the Court's prior Order compelling a new deposition. Defendants point to a single sentence from the prior Order referencing the original deposition notice. While the Court's prior Order indeed described Alvarado's request as one to compel production of a witness "prepared to answer questions relevant to the Notice of Deposition," the Order did not expressly limit the new deposition to the topics in the

MEMORANDUM OPINION AND ORDER – PAGE 5

first notice. *See* Mem. Op. and Order 8–9 ("Because ASC's deposition designee was not properly prepared for her deposition, the Court grants the motion to compel a new deposition."). Accordingly, the new deposition should not be limited to the topics in the original deposition notice.

Preparing for and answering questions about new topics will not prejudice ASC to the extent the information sought is within the permissible scope of discovery. The need to conduct a new deposition is a result of ASC's own lack of preparation that essentially voided the first deposition. *See Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (noting an appearance by a corporate agent without knowledge of the relevant facts "is, for all practical purposes, no appearance at all"). While discovery remains open and no complete deposition of ASC has been taken, ASC will suffer no prejudice by preparing for deposition topics that are within the permissible scope of discovery. *See* Order, Feb. 11, 2022 [72] (extending discovery deadline to May 13, 2022). Accordingly, the Court proceeds to address Defendants' additional arguments that the topics in the notice by their content nonetheless require limitations under Rule 26 in the form of a protective order.

### IV. THE COURT GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER

#### A. Deposition Topic 1

Topic 1 of the deposition notice seeks examination on the "difference, if any, between the ASC employee policies and JCI employee policies that were in place at the time Ms. Alvarado was terminated." Defs.' Resp. App. 97. The Court holds that this

MEMORANDUM OPINION AND ORDER – PAGE 6

deposition topic is overbroad because it calls for testimony by ASC's corporate representative about all "employee policies" of a different company. Thus, the Court grants Defendants' motion for protective order as to this deposition topic and Alvarado may not ask about the differences between policies of the two companies during the deposition.

### B.  Deposition Topic 2

Topic 2 of the deposition notice seeks examination on the "degree and manner of management or oversight exercised by JCI's employees over ASC's operations and personnel at the time of Ms. Alvarado's termination." Defs.' Resp. App. 97. Defendants object to this area of inquiry on several grounds, arguing it is: (1) impermissibly vague as to the use of the phrase "management or oversight;" (2) overbroad because it seeks information about employees who are not proper comparators; and (3) not proportional to the needs of the case because it requires ASC's corporate representative to answer questions about the operations of a separate company. Defs.' Mot. for Protective Order and Resp. 19–20 [69].

The Court denies the motion for protective order as to this topic. Defendants bear the burden of showing how the terms are vague or ambiguous and they have failed to do so. The terms in the notice topic are not "so vague or ambiguous as to be incapable of reasonable interpretation." *Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Tex. 2014). Defendants' remaining objections fare no better. The topic does not appear to seek comparator information at all. Further, unlike deposition topic 1, which would require ASC to answer questions about JCI's policies, this topic is directed toward ASC's own operations and the extent to which ASC itself is subject to its parent company's control.

MEMORANDUM OPINION AND ORDER – PAGE 7

Defendants fail to explain how producing the requested information that is reasonably available to ASC would be disproportional to the needs of the case. Because Defendants have not shown topic 2 of the deposition notice is vague, overbroad, or not proportional to the needs of the case, the Court denies Defendants' motion for protective order as to this topic.

### C. Deposition Topic 3

Topic 3 of the deposition notice seeks examination on the "identity of any of ASC's upper management or executives, if any, who were also JCI employees at the time of Ms. Alvarado's termination." Defs.' Resp. App. 97. Defendants argue this topic is: (1) vague as to the use of the phrase "upper management or executives;" (2) overbroad because it seeks information about employees who are not proper comparators; and (3) "not proportional to the needs of the case because it requires ASC's corporate representative to answer not only as to the identity of ASC's management and executives, but also JCI's, the answers to which have no bearing on any controversial issues in this case." Defs.' Mot. for Protective Order and Resp. 20.

The Court denies the motion for protective order as to deposition topic 3 for largely the same reasons as deposition topic 2. The phrase "upper management or executives" is not incapable of reasonable interpretation, and this topic also does not appear to be directed at identifying comparator employees. Defendants have not met their burden to show the request is not proportional to the needs of the case because they do not explain how it would be burdensome to provide the requested information that is reasonably available to ASC. Nor have Defendants explained why this information is irrelevant to Alvarado's

MEMORANDUM OPINION AND ORDER – PAGE 8

case. Accordingly, the Court denies Defendants' motion for protective order as to deposition topic 3.

### D. Deposition Topics 4–8

Topics 4 through 8 of the deposition notice seek various information about comparator employees who committed workplace violations involving inaccurate time reporting similar to Alvarado's alleged violations that Defendants claim resulted in her termination. Topics 4, 5, 6, and 7 each seek the identities of hourly employees of ASC or JCI who were "under the supervision, management or support of Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, or Ryan Leibfried." Defs.' Resp. App. 97. Collectively, the four topics cover the time period from May 10, 2015 to May 9, 2019 for all such employees and, more specifically, for employees who "performed bookkeeping, finance, auditing, or accounting work." *Id.* Topic 8 of the deposition notice asks for further information on the identified comparator employees, including:

> a description of the circumstances surrounding the failure to accurately report their hours, whether an investigation was conducted in that regard, the identity of all those involved in addressing such failure, what action, if any, was taken in regard to such failure, whether such employee had previously received or was required to undergo any additional training regarding timekeeping practices, whether such employee received any adverse employment action, and if so, [a description of] such adverse employment action.

Defs.' Resp. App. 97–98.

Defendants argue requests 4 through 8 could be more conveniently obtained from other sources because (1) Alvarado already served written requests for production on this topic; and (2) Alvarado had the opportunity to (and at times did) ask Addington, Leibfried,

MEMORANDUM OPINION AND ORDER – PAGE 9

Bolt, and George about this information at their depositions. The Court agrees that Alvarado had ample opportunity to obtain information about relevant individual instances of employee violations of ASC's reporting policies through document discovery and the depositions of the decisionmakers in her termination. The Court's October 21, 2021 discovery Order denied Alvarado's requests to compel production of documents covering the comparator employee data sought here because the requests were not sufficiently tailored to seek data about similarly situated employees. *See* Mem. Op. and Order, Oct. 21, 2021, at 10–11 [56] (denying Alvarado's motion to compel answers to one interrogatory and seven requests for production seeking comparator employee information). Now, unsatisfied with the returns from document discovery, Alvarado seeks to learn through the new deposition of ASC's corporate representative what could be learned more conveniently through properly tailored document requests. Because Alvarado had ample opportunity to learn this information through both document discovery and the depositions of her supervisor and other relevant decisionmakers, the Court grants Defendants' motion for protective order as to topics 4, 5, 6, 7, and 8 in their entirety. Accordingly, Alvarado cannot ask questions about these topics at the new deposition of ASC's corporate representative.

### E. Deposition Topic 9

Topic 9 of the deposition notice seeks examination on "whether and to what extent Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, or Ryan Leibfried had knowledge" of Alvarado's medical condition and application for leave. Def.'s Resp. App. 98. Alvarado already completed depositions of all five of these witnesses. Because this

information could be more easily obtained from another source and Alvarado had ample opportunity to ask about this topic at the depositions of the witnesses themselves, the Court grants the motion for protective order as to this topic. Accordingly, Alvarado may not ask questions about this topic during ASC's deposition.

### F.  Deposition Topics 10–12

Topics 10, 11, and 12 of the deposition notice seek examination regarding any of "the Defendants' policies or employee rules addressing or related to recording of time worked by hourly employees," and, more specifically, any policies or rules related to unintentional time reporting errors and associated discipline. Defs.' Resp. App. 98.

Defendants argue the topics are not proportional to the needs of the case because the information could be obtained from another source. Defendants point to questioning from the depositions of Addington, Bolt, and JCI about the relevant policies. The Court disagrees because ASC's own interpretation of its policies is relevant to the case and may differ from that of any particular employee or its parent company. Accordingly, Defendants have not shown the topics are not proportional to the needs of the case.

Defendants also argue these topics seek irrelevant information because they have no temporal limitation and are not limited to the relevant timekeeping policies. But Defendants' circular argument does not explain why the requests as written cover policies that are not relevant to the case. However, the Court agrees that a temporal limitation is appropriate. Thus, the Court grants the motion for protective order as to questioning about

timekeeping policies from outside the time period to which Alvarado limited the topics seeking comparator employee information: May 10, 2015 to May 9, 2019.[2]

### G. Deposition Topic 13

Topic 13 seeks examination about the definitions of and difference between the phrases "inaccuracies and/or discrepancies in time reported" and "altering, falsifying, [or] tampering with time records" appearing in different provisions of certain employee policies. Defs.' Resp. App. 98. Additionally, the topic encompasses typical actions taken by Defendants to investigate and address an employee's first offense violating either provision. *Id.* Defendants argue the topic is irrelevant, not proportional to the needs of the case, and unnecessarily cumulative or duplicative.

Defendants argue that the topic is not relevant because it is not limited to the relevant time period or to the same severity of violation for which Alvarado allegedly committed. Defendants cannot unilaterally filter their discovery responses based on their own assessment of the severity of violations committed by possible comparator employees

---

[2] Defendants argue that Alvarado's proposed time frame for comparator data would impermissibly include information outside the relevant time period. Defendants point to (1) Alvarado working in a different department with a different manager until April 2016; (2) Alvarado alleging her cancer diagnosis and FMLA leave request occurred in 2019; and (3) Leibfried and Birner assuming their relevant roles after May 10, 2015. *See* Defs.' Mot. for Protective Order and Resp. 16–17. However, the Court holds Defendants have failed to meet their burden to show comparator information from 2015 to 2017 is irrelevant. Defendants cite no authority for the proposition that the relevant time period should be strictly limited either to the time that Alvarado worked in the finance department or to the year she made her leave request. Instances of the same decisionmakers treating similarly situated employees differently in the period shortly before Alvarado's employment are relevant to her claims. Thus, the Court holds the time period from May 10, 2015 to May 9, 2019 is an adequate temporal limitation for Alvarado's deposition topics aimed at comparator data and related policies.

MEMORANDUM OPINION AND ORDER – PAGE 12

because whether and to what extent Alvarado violated the policies is an open question of fact. Alvarado reasonably seeks to question ASC's corporate representative regarding the company's interpretation of relevant timekeeping policies and its procedure to respond to employee violations. However, the Court agrees the request that a temporal limitation is appropriate to the relevant time period from May 10, 2015 to May 9, 2019.

Additionally, Defendants argue the topic is unnecessarily cumulative and duplicative because "Defendants have produced the relevant policies and time record terminations, and during depositions Plaintiff questioned deponents extensively about the distinction between the policy terms. Defs.' Mot. for Protective Order and Resp. 22–23. The Court agrees with Alvarado that producing records of terminations alone is insufficient because Alvarado's case depends on establishing that similarly situated employees received different punishment. Additionally, the company's own interpretation of its policies may be relevant even if depositions of other witnesses have testified on this topic. Thus, the Court holds that the topic is not unnecessarily cumulative or duplicative.

However, the Court agrees with Defendants that the topic is not proportional to the needs of the case to the extent it requires ASC to familiarize itself with the operations of JCI. For the reasons above, the Court grants in part Defendants' motion for a protective order. The Court limits the response time period to May 10, 2015 to May 9, 2019 and limits questioning on this topic to ASC's interpretation and enforcement of the relevant employee policy provisions referenced in topic 13.

### H.  Deposition Topic 14

Deposition topic 14 seeks examination on "investigations by Tesa Bolt, Cindy Addington, Andrew Birner, Christine George, or Ryan Leibfried of any employee of the Defendants for inaccurate time reporting . . . in the three years prior to Alvarado's termination."  Defs.' Resp. App. 98.  Defendants argue that the term "investigation" is vague and that the topic is not proportional to the needs of the case, is harassing, seeks irrelevant information, and is overbroad.  Defs.' Mot. for Protective Order and Resp. 20.  The Court agrees with Defendants that the information could be more easily obtained from another source: the individuals conducting the investigations.  Alvarado had ample opportunity at those depositions to cover this topic and already questioned at least one of these witnesses at length regarding her investigations into time reporting violations.  Defs.' Resp. App. 156–71 (Deposition of Tesa Bolt).  Accordingly, the Court grants the motion for protective order as to deposition topic 14.

### I.  Deposition Topic 15

Topic 15 seeks information about the "[i]nitiation, investigation, and disciplinary decision-making procedures taken by Defendants in regards to Plaintiff's termination."  Defs.' Resp. App. 98.  Defendants object, arguing the topic is vague as to the term "initiation," unnecessarily duplicative, cumulative, and not proportional to the needs of the case because the information could be obtained from more convenient sources (specifically, the depositions of Addington, Leibfried, Bolt, and JCI).  Defendants further argue that the request requires ASC's corporate representative to prepare for questions about JCI's investigation and disciplinary process.

MEMORANDUM OPINION AND ORDER – PAGE 14

First, regarding Defendants' vagueness argument, the Court holds the topic is not incapable of reasonable interpretation despite its inartful phrasing. Alvarado seeks ASC's testimony regarding the events leading to the initiation of and decision-making process of the investigation into her alleged workplace violations culminating in her termination.

While Defendants claim numerous depositions could have and did cover this topic, Defendants provide no citations to the record and do not explain why ASC's testimony on these issues would be redundant. Defendants have not met their burden to show the other depositions render the topic cumulative or duplicative, capable of being more easily obtained from another source, or not proportional to the needs of the case.

As to the argument that the topic requires testimony about a separate company, the Court disagrees that the topic is overbroad because it requires ASC to prepare a designee to testify about the operations of JCI by using the phrase "procedures taken by Defendants." To the extent the disciplinary process was a joint effort of the two companies regarding the termination of ASC's own employee, ASC can prepare its representative to testify as to materials that are reasonably available to it. However, ASC cannot be made to testify about operations of JCI about which it does not have knowledge. For the reasons above, the Court denies Defendants' motion for protective order as to topic 15.

### J. Deposition Document Production

Defendants further object to the language in the deposition notice instructing ASC's designated representative to produce all documents constituting evidence of the deposition topic matters that are in ASC's possession or control. To the extent Defendants incorporate

MEMORANDUM OPINION AND ORDER – PAGE 15

the same discovery objections already rejected above, the Court disagrees that the request for production of related documents is improper.

Defendants also argue substantial document discovery in the case has "touch[ed] on various aspects of the areas of inquiry" in the notice and that Defendants have presented many witnesses for depositions. Defs.' Mot. for Protective Order and Resp. 24. However, Defendants have not shown the surviving topics (or related documents) are unreasonably cumulative or how producing the documents would be overly burdensome. For these reasons, the Court denies Defendants' motion for protective order as to the document requests to the same extent the Court denies the motion as to the deposition topics themselves.

### V. ALVARADO HAS NOT SHOWN GOOD CAUSE TO CONDUCT NEW DEPOSITIONS OF JCI, ADDINGTON, AND GEORGE

Alvarado asks the Court for leave to take additional depositions of JCI, Addington, and George. In her brief, Alvarado argues ASC's lack of preparedness at its deposition and the resulting delay prevented her from obtaining a fair deposition of the other witnesses. Pl.'s Br. Supp. Mot. to Compel 14 [66].

The Court holds Alvarado has failed to show good cause to take a new deposition of JCI. The deposition of JCI's corporate representative occurred several weeks before the failed deposition of ASC's corporate representative, so the problems at ASC's deposition had no effect on the deposition of JCI. At this time, Alvarado has not otherwise shown that any newly discovered information calls for a new line of inquiry unavailable at the first deposition necessitating a new deposition of JCI. Alvarado had ample opportunity to

obtain the information sought during the first deposition and has failed to show good cause. Accordingly, the Court denies Alvarado's motion to compel a new deposition of JCI and grants Defendants' corresponding motion to quash the deposition notice.

Finally, the Court holds Alvarado has also failed to show good cause to take a new deposition of Addington or George. While these depositions did occur after the failed deposition of ASC, Alvarado nonetheless fails to show the previous discovery problems or subsequent developments call for new depositions of these witnesses. Alvarado has not pointed to any newly discovered information opening new lines of inquiry, nor has she otherwise explained her failure to pursue the information sought here at the original deposition. As to Alvarado's argument that she anticipates discovering new information at the deposition of ASC triggering new lines of inquiry, such expectations do not create good cause today. The showing of need for new depositions here is especially inadequate where the witnesses at issue are not parties to the case. For the reasons above, the Court denies Alvarado's motion to compel and for leave and grants Defendants' motions to quash as to Addington and George.

## CONCLUSION

Because Alvarado has not shown good cause to conduct new depositions of JCI, Addington, or George, the Court denies her motion for leave to take these depositions and grants Defendants' corresponding motions to quash. However, the Court denies Defendants' motion to quash the deposition notice served on ASC and grants Alvarado's motion to compel ASC's appearance. As explained above, the Court grants Defendants' motion for protective order as to deposition topics 1, 4, 5, 6, 7, 8, 9, and 14 and grants in

part Defendants' motion for protective order as to topics 10, 11, 12, and 13.  The Court denies Defendants' motion for protective order as to all other topics in the notice.

Because the deposition date in the notice has passed, the Court orders the parties to confer regarding a new date and file an advisory with the Court within fourteen (14) days of the date of this Order.  The advisory should detail the new deposition date and the designated witnesses as to each topic in the December 2021 deposition notice served on ASC that remains according to the terms of this Order.

Signed March 15, 2022.

_____
David C. Godbey
United States District Judge